UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    *
**EQUAL RIGHTS CENTER,**
                                    *
        Plaintiff,
                                    *   **Civil Action No. 06-1991 (RJL)**
    vs.
                                    *
**POST PROPERTIES, INC.**, *et al.*,
                                    *
        Defendants.
                                    *
_____

**MEET AND CONFER REPORT**

The undersigned counsel for the parties, Plaintiff Equal Rights Center (ERC) and Defendants Post Properties, Inc., Post GP Holdings, Inc. and Post Apartment Homes L.P. (collectively "Post"), met and conferred on February 27, 2007 (by telephone) to discuss the matters required by F.R.Civ.P. 26(f) and Local Rule 16.3(c). They were largely able to agree on these matters. Where disagreement exists, that fact is noted below.

**STATEMENT OF FACTS**

The ERC is a non-profit membership corporation dedicated to the advancement of civil rights and equal opportunity; it seeks to advance its mission through education, counseling, advocacy, enforcement, and referral services to aid protected individuals by apprising them of their civil rights and preserving those rights.

Post is an owner and developer of multi-family housing, including both rental apartments and condominium units.

The ERC conducted accessibility testing at over two dozen of Post's apartment and condominium complexes, evaluated other information about Post's remaining

housing complexes and came to the conclusion that Post's portfolio contained widespread systematic violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619, (the "Fair Housing Act" or "FHA") and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12181.

Post contends that it is committed to the letter and the spirit of the FHA and ADA and supports and provides housing for persons with disabilities including making reasonable accommodations in its policies and procedures. Post further contends that Post Properties are accessible to persons with disabilities pursuant the requirements of the applicable federal laws, which Congress enacted to require modest design changes for newly constructed multifamily properties as set forth in the FHA. Post further contends that each Post property was individually designed, financed and built with the assistance a number of different design professionals, and the properties were not systematically designed under any one plan and certainly no plan to discriminate against person with disabilities. Post disputes ERC's contention that properties violate the FHA unless they are built in conformity with voluntary HUD Guidelines, Manuals or Safe Harbors, which suggest technical standards for optimal accessibility that, Post contends, far exceed the requirements of the FHA.

The ERC expressly disagrees with, and will contest, both the factual contentions and the legal conclusions offered here by Post.

**STATUTORY BASIS FOR CLAIMS AND DEFENSES**

The ERC's claims are based on the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619, (the "Fair Housing Act" or "FHA") and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12181.

Post's initial defenses are based on the statute of limitations and ERC's alleged lack of standing. Post further denies that it has violated either the Fair Housing Act or the Americans With Disabilities Act.

**LOCAL RULE 16.3 (C) TOPICS**

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

A Motion to Dismiss is pending. The ERC believes that it will likely file a motion for summary judgment as to liability after the close of discovery. Post believes it will file a motion for summary judgment after the close of discovery if its Motion to Dismiss is not granted. The parties disagree as to whether discovery should be stayed while the Motion to Dismiss is pending, with the ERC of the view that discovery should not be stayed, and Post taking the position that discovery should be stayed until disposition of the pending motion to dismiss.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all [of] the factual and legal issues can be agreed upon or narrowed.**

a) Post expects to add some additional parties who are design professionals such as architects and engineers. The ERC may also add parties and amend its Complaint.

The parties agree that this should be accomplished within 120 days after discovery commences.

     b)  The parties believe that it is premature to attempt to narrow or agree upon some or all of the factual and legal issues.  They believe that at least some of the issues can be narrowed after discovery.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

     No.

**(4) Whether there is a realistic possibility of settling the case.**

     The ERC remains willing to discuss settlement at this time.  Post, however, does not believe any such talks would be productive until after the Motion to Dismiss is decided and some discovery is done.  That posture may change as the case progresses.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:**
    **(i) the client's goals in bringing or defending the litigation;**
    **(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement**
    **(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:**
        **(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**
        **(bb) whether ADR should take place before or after the judicial resolution of key legal issues;**
    **(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**
    **(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

Counsel have discussed the use of ADR but, as noted above, believe it would be premature at this time. The parties are not interested in early neutral evaluation and would prefer a settlement conference with a magistrate judge. Since they believe ADR is premature, they cannot say at this point whether a stay of discovery would be appropriate at the time that ADR becomes useful.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

As noted above, the ERC believes that it will likely file a motion for summary judgment as to liability after the close of discovery. Post believes it will file a motion for summary judgment after the close of discovery if its Motion to Dismiss is not granted. The parties agreed on the following dates:

Motions for Summary Judgment due:  February 29, 2008

Oppositions due:  March 28, 2008

Replies due:   April 11, 2008

Target decision date:  June 30, 2008

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties have stipulated to dispensing with the initial disclosures required by F.R.Civ.P. 26(a)(1).

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

ERC anticipates that discovery will be extensive and the normal limits on the number of depositions and interrogatories should not apply in light of the number of

properties at issue.  ERC believes that the Rule 30(b)(6) depositions of the parties are also likely to take more than seven hours since dozens of properties will need to be discussed.  Post takes the position that the normal limits on discovery are entirely adequate.  The parties propose a fact discovery cutoff of October 31, 2007.  They propose to decide on whether a protective order is necessary after discovery is underway and they can see what is requested.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree on the following re experts:

Expert reports due:  November 16, 2007

Rebuttal reports due:  December 14, 2007

Expert discovery cutoff:  January 31, 2008

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe the trial or discovery should be bifurcated.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

September 2008

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The ERC believes that a firm trial date should be set at the first scheduling conference so that the parties, counsel, experts and lay witnesses can reserve the dates on their calendars and the trial can proceed reasonably soon after the pretrial conference.  If the date is not set until the pretrial conference, the number of counsel and witnesses, the length of the trial and the Court's busy docket will likely mean that that the trial cannot be held for several months.  Also, nothing concentrates a defendant's mind on the desirability of settlement like a firm trial date.

Post believes that the trial date should be set at the pretrial conference because at that time the Court and counsel will have a better idea of what the disputed issues are and how long the trial will take.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

Plaintiff's proposed scheduling order is attached hereto.  Defendants will separately submit a proposed order reflecting their disagreement with Plaintiff as to limits on depositions and interrogatories.

Date:  March 13, 2007                                    Respectfully submitted,

*Sheila J. Carpenter*
Sheila J. Carpenter
Jorden Burt LLP
1025 Thomas Jefferson St. N.W.
Suite 400 East
Washington, D.C.  20007

*Donald l. Kahl*
Donald L. Kahl,
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C.  20036

- 8 -

            <u>*Christopher B. Hanback*</u>
            Christopher B. Hanback, Esquire
            Alan I. Baron, Esquire
            Rafe Petersen, Esquire
            Holland & Knight
            2099 Pennsylvania Avenue, N.W.
            Suite 100
            Washington DC 20006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    *
**EQUAL RIGHTS CENTER,**
                                                                    *
           Plaintiff,
                                                         *   **Civil Action No. 06-1991 (RJL)**
     vs.
                                                                    *
**POST PROPERTIES, INC.**, *et al*.,
                                                                    *
           Defendants.
                                                                    *
_____

**SCHEDULING ORDER**

It is this ____ day of _____, 2007 **ORDERED** that the following schedule shall apply to this case:

1.      Plaintiff shall have until 120 days after discovery commences to amend its Complaint.  Any other parties shall also be joined by that date.

2.      Rule 26(a)(1) disclosures are waived.

3.      The cutoff for fact discovery is October 31, 2007.

4.      Expert reports are due November 16, 2007, with rebuttal reports due December 14, 2007.

5.      Expert depositions may be taken and the expert discovery cutoff is January 31, 2008.

6.      The parties have leave to conduct more than 10 depositions and the Rule 30(b)(6) depositions of the parties may last more than one day.  The parties have leave to serve more than 25 interrogatories.

      7.      Dispositive motions shall be due February 29, 2008, the oppositions due March 28, 2008, and the replies due April 11, 2008. The Court will endeavor to rule on the motions by June 30, 2008.

      8.      Date for the pretrial conference: September __, 2008 at __ .m.

      9.      Pretrial statements shall be filed and served no later than _____, 2008.

                                                    _____
                                                        Richard J. Leon
                                                     United States District Judge

Copies to:

Sheila J. Carpenter, Esquire
Jorden Burt LLP
1025 Thomas Jefferson St. N.W.
Suite 400 East
Washington, D.C. 20007

Donald L. Kahl, Esquire
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C. 20036

Christopher B. Hanback, Esquire
Alan I. Baron, Esquire
Rafe Petersen, Esquire
Holland & Knight
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington DC 20006