UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUAL RIGHTS CENTER,** )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>**POST PROPERTIES, INC.** *et al.,* )<br>)<br>Defendants. )<br>) | Case No. 1:06CV01991<br>Judge Richard Leon |

**MOTION FOR LEAVE TO FILE SURREPLY
AND STATEMENT OF MATERIAL FACTS**

Plaintiff the Equal Rights Center ("ERC"), by its attorneys, respectfully moves for leave to file the attached Surreply Memorandum and the attached Statement of Material Facts as to Which There is a Genuine Issue Necessary to be Litigated. Attached is a proposed order granting such leave.

Defendants filed with their Reply Memorandum a Statement of Material Facts ("SMF"). A SMF is required by Local Civil Rule 7(h) to be filed with any motion for summary judgment. Recognizing that their SMF was late filed, Defendants indicated in their Reply Memorandum (p.1 fn. 1) that they had no objection to the ERC filing a Surreply.

LCvR 7(h) also requires a party opposing a motion for summary judgment to file a statement of material facts as to which there is a genuine issue necessary to be litigated. If the Court does not strike Defendants' SMF as untimely, then in fairness the ERC should be permitted to file an opposing statement as contemplated by the local rules and a surreply.

ERC's Opposition used less than two-thirds of the pages permitted by LCvR 7(e) so the filing of a few additional pages should not be an excessive burden on the Court.

A proposed order allowing these filings is attached hereto.

Dated: March 16, 2007                               Respectfully Submitted,

                                                    *Sheila J. Carpenter*
                                                    Sheila J. Carpenter
                                                    DC Bar #935742
                                                    sjc@jordenusa.com
                                                    Jorden Burt LLP
                                                    1025 Thomas Jefferson St. N.W.
                                                    Suite 400 East
                                                    Washington, D.C.  20007
                                                    Tel:  (202) 965-8165
                                                    Fax: (202) 965-8104

                                                    *Donald L. Kahl*
                                                    Donald L. Kahl
                                                    DC Bar # 489472
                                                    Don_Kahl@washlaw.org
                                                    Washington Lawyers'
                                                    Committee for Civil Rights
                                                    and Urban Affairs
                                                    11 Dupont Circle, NW
                                                    Suite 400
                                                    Washington, D.C.  20036
                                                    Tel:  (202) 319-1000
                                                    Fax:  (202) 319-1010

                                                    Attorneys for Plaintiff
                                                    Equal Rights Center

**POINTS AND AUTHORITIES**

Local Rule 7(h)


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 15th day of March, 2007, a copy of the foregoing **Motion for Leave to File Surreply and Statement of Material Facts** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to:  Christopher Hanback at christopher.hanback@hklaw.com, Alan I. Baron at alan.baron@hklaw.com, and Rafe Petersen at rafe.petersen@hklaw.com, counsel for defendants.

                                                    *Sheila J. Carpenter*
                                                    Sheila J. Carpenter

179746V1

- 2 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )
|---|---|
| **EQUAL RIGHTS CENTER,** | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| **POST PROPERTIES, INC.** *et al.,* | )   Case No. 1:06CV01991 |
| | )   **Judge Richard Leon** |
| Defendants. | ) |
| | ) |

**STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS A GENUINE ISSUE NECESSARY TO BE LITIGATED**

Plaintiff the Equal Rights Center ("ERC"), by its attorneys, respectfully submits this Statement of Material Facts as to Which There is a Genuine Issue Necessary to be Litigated:

1. Design and most of the construction of Mercer Square Condos and the Carlyle condominium building have been completed and the condominiums are being sold to the public. (Carpenter Aff. ¶ 4; Ex. A). Many of these condominiums have already been sold. *See* excerpt from Post Properties, Inc.'s 2005 10-K attached hereto (full text available at www.sec.gov); links available through www.postproperties.com indicate that apartments at Carlyle will be available Spring 2007 and at Mercer Summer 2007.

2. In Post Properties, Inc.'s 2005 10-K, it represented to the Securities and Exchange Commission and to the investing public that the "average age of [Post's] communities is approximately nine years." *See* excerpt from Post Properties, Inc.'s 2005 10-K attached hereto.

3. In Post Properties, Inc.'s 2005 10-K, it represented to the Securities and Exchange Commission and to the investing public that it owned 57 communities, only five of which were completed before 1991. *See* excerpt from Post Properties, Inc.'s 2005 10-K

attached hereto. None of these five properties is included in the lawsuit. *See* Ex. A to the Complaint. Post Properties, Inc.'s 2005 10-K specifically refutes Ms. Boone's Affidavit by identifying many of the Subject Properties identified in that Affidavit as having completion dates in or after 1991. *Id.*

4.  By Defendants' own admission, the design and construction of The Vinings, Brookhaven, Dunwoody, Uptown Square and Parkside were not completed prior to March 13, 1991 (Def. Statement of Material Facts ("SMF") ¶ 1; Aff. Dayne Boone ¶ 3). Defendants artificially split these projects into "phases" in an effort to exclude as many buildings as possible from the reach of the Fair Housing Act. The FHA contains no reference to "phases" of design and construction.

5.  Defendants admit that they have designed and constructed apartments within the statute of limitations. (Def. Opening Mem. at 28).

6.  As to exactly when the design and construction process was completed for each of the Subject Properties, ERC will need discovery to determine that. (Carpenter Aff. ¶¶ 7-8). The Boone Affidavit contained no means by which the ERC could verify her statements and they in many respects contradict Post's SEC filings. Her affidavit was not made on personal knowledge but rather through a purported review of copies of occupancy certificates and other [unspecified] business records in the possession of Defendants. In her affidavit, Ms. Boone has divided projects into "phases" by an undisclosed methodology to try to exclude portions of projects from the retrofitting likely to be required at the conclusion of this lawsuit. *See* Boone Affidavit ¶¶ 3, 5.

Dated: March 16, 2007                                 Respectfully submitted,
                                                      *Sheila J. Carpenter*

- 3 -

        Sheila J. Carpenter
        DC Bar #935742
        sjc@jordenusa.com
        Jorden Burt LLP
        1025 Thomas Jefferson St. N.W.
        Suite 400 East
        Washington, D.C. 20007
        Tel: (202) 965-8165
        Fax: (202) 965-8104

        *Donald L. Kahl*
        Donald L. Kahl
        DC Bar # 489472
        Don_Kahl@washlaw.org
        Washington Lawyers'
        Committee for Civil Rights
        and Urban Affairs
        11 Dupont Circle, NW
        Suite 400
        Washington, D.C. 20036
        Tel: (202) 319-1000
        Fax: (202) 319-1010

        Attorneys for Plaintiff
        Equal Rights Center

- 4 -

**ITEM 2.**                                   **PROPERTIES**

At December 31, 2005, the Company owned 57 Post® multifamily apartment communities, including two communities held in unconsolidated entities that were operating during all of 2005. These communities are summarized below by metropolitan area.

| Metropolitan Area | Communities | # of Units | % of Total |
|---|---|---|---|
| Atlanta, GA | 26 | 9,944 | 46.8% |
| Dallas, TX | 13 | 3,939 | 18.5% |
| Greater Washington, D.C. | 5 | 1,972 | 9.3% |
| Tampa, FL | 3 | 1,883 | 8.9% |
| Charlotte, NC | 4 | 1,384 | 6.5% |
| Houston, TX | 2 | 837 | 3.9% |
| Denver, CO | 1 | 696 | 3.3% |
| New York, NY | 2 | 337 | 1.6% |
| Orlando, FL | 1 | 245 | 1.2% |
|  | 57 | 21,237 | 100.0% |

Thirty-five of the communities have in excess of 300 apartment units, with the largest community having a total of 1,334 apartment units. The average age of the communities is approximately nine years. The average economic occupancy rate was 94.5% and 93.6%, respectively, and the average monthly rental rate per apartment unit was $1,048 and $1,029, respectively, for the 52 communities stabilized for each of the years ended December 31, 2005 and 2004. See "Selected Financial Information."

Post Properties, Inc.

Post Apartment Homes, L.P.

15

### a.     Table of Contents

At December 31, 2005, the Company also had one community, containing 205 apartment units and 145 for-sale condominium units, located in the Washington D.C. metropolitan area under development. At December 31, 2005, the Company is also converting 597 apartment units in four communities (including 121 units in one community held in an unconsolidated entity) into for-sale condominiums through a taxable REIT subsidiary. Subsequent to December 31, 2005, the Company acquired two apartment communities, containing 308 units, in Austin, Texas.

**COMMUNITY INFORMATION**

| Communities | Location(1) | Year Completed | No. of Units | December 2005 Average Rental Rates Per Unit | 2005 Average Economic Occupancy(2) |
|---|---|---|---|---|---|
| **Georgia** | | | | | |
| Post Ashford® | Atlanta | 1987 | 222 | $ 778 | 94.2% |
| Post Biltmore™(3) | Atlanta | 2001 | 276 | 1,066 | 95.5% |
| Post Briarcliff™ | Atlanta | 1999 | 688 | 1,020 | 92.4% |
| Post Brookhaven® | Atlanta | 1990-1992(4) | 735 | 912 | 91.6% |
| Post Chastain® | Atlanta | 1990 | 558 | 909 | 92.9% |
| Post Collier Hills® | Atlanta | 1997 | 396 | 937 | 91.8% |
| Post Crest® | Atlanta | 1996 | 410 | 980 | 93.4% |
| Post Crossing® | Atlanta | 1995 | 354 | 1,026 | 94.3% |
| Post Dunwoody® | Atlanta | 1989-1996(4) | 530 | 934 | 95.8% |
| Post Gardens® | Atlanta | 1998 | 397 | 1,068 | 89.8% |
| Post Glen® | Atlanta | 1997 | 314 | 1,124 | 94.3% |
| Post Lenox Park® | Atlanta | 1995 | 206 | 1,007 | 94.2% |
| Post Lindbergh® | Atlanta | 1998 | 396 | 985 | 94.0% |
| Post Oak™ | Atlanta | 1993 | 182 | 959 | 91.9% |
| Post Oglethorpe® | Atlanta | 1994 | 250 | 1,228 | 93.8% |
| Post Parkside™ | Atlanta | 2000 | 188 | 1,225 | 95.4% |
| Post Peachtree Hills® | Atlanta | 1992-1994(4) | 300 | 982 | 93.4% |
| Post Renaissance®(5) | Atlanta | 1992-1994(4) | 342 | 972 | 95.3% |
| Post Ridge® | Atlanta | 1998 | 434 | 991 | 95.5% |
| Post Riverside® | Atlanta | 1998 | 523 | 1,368 | 93.9% |
| Post Spring™ | Atlanta | 2000 | 452 | 944 | 94.6% |
| Post Stratford™(5) | Atlanta | 2000 | 250 | 1,136 | 93.9% |
| Post Summit® | Atlanta | 1990 | 148 | 860 | 93.0% |
| Post Valley® | Atlanta | 1988 | 496 | 658 | 93.2% |
| Post Vinings® | Atlanta | 1989-1991(4) | 403 | 786 | 95.0% |
| Post Woods® | Atlanta | 1977-1983(4) | 494 | 851 | 93.9% |
| **Subtotal/ Average — Georgia** | | | **9,944** | **979** | **93.6%** |

Post Properties, Inc.

Post Apartment Homes, L.P.

16

b. **Table of Contents**

| Communities | Location(1) | Year Completed | No. of Units | December 2005 Average Rental Rates Per Unit | 2005 Average Economic Occupancy(2) |
|---|---|---|---|---|---|
| **Texas** | | | | | |
| Post Abbey™ | Dallas | 1996 | 34 | 1,718 | 97.7% |
| Post Addison Circle™ | Dallas | 1998-2000(4) | 1,334 | 940 | 92.5% |
| Post Cole's Corner™ | Dallas | 1998 | 186 | 988 | 94.7% |
| Post Square™ | Dallas | 1996 | 218 | 1,102 | 94.9% |
| Post Gallery™ | Dallas | 1999 | 34 | 2,894 | 93.3% |
| Post Heights™ | Dallas | 1998-1999(4) | 368 | 1,023 | 95.9% |
| Post Legacy | Dallas | 2000 | 384 | 888 | 95.2% |
| Post Meridian™ | Dallas | 1991 | 133 | 1,066 | 94.0% |
| Post Midtown Square® | Houston | 1999-2000(4) | 529 | 912 | 92.9% |
| Post Rice Lofts™(5) | Houston | 1998 | 308 | 1,218 | 89.4% |
| Post Uptown Village™ | Dallas | 1995-2000(4) | 496 | 869 | 93.9% |
| Post Vineyard™ | Dallas | 1996 | 116 | 955 | 94.6% |
| Post Vintage™ | Dallas | 1993 | 161 | 919 | 93.0% |
| Post Wilson Building™(5) | Dallas | 1999 | 143 | 1,140 | 89.6% |
| Post Worthington™ | Dallas | 1993 | 332 | 1,104 | 94.5% |
| Subtotal/ Average — Texas | | | 4,776 | 999 | 93.3% |
| **Florida** | | | | | |
| Post Harbour Place™ | Tampa | 1999-2002(4) | 578 | 1,223 | 96.6% |
| Post Hyde Park® | Tampa | 1996 | 389 | 1,170 | 98.2% |
| Post Parkside™ | Orlando | 1999 | 245 | 1,247 | 98.1% |
| Post Rocky Point® | Tampa | 1996-1998(4) | 916 | 1,058 | 97.8% |
| Subtotal/ Average — Florida | | | 2,128 | 1,145 | 98.1% |
| **North Carolina** | | | | | |
| Post Ballantyne | Charlotte | 2004 | 319 | 1,056 | 90.1% |
| Post Gateway Place™ | Charlotte | 2000 | 436 | 982 | 96.1% |
| Post Park at Phillips Place® | Charlotte | 1998 | 402 | 1,180 | 94.8% |
| Post Uptown Place™ | Charlotte | 2000 | 227 | 1,023 | 97.4% |
| Subtotal/ Average — North Carolina | | | 1,384 | 1,064 | 94.9% |
| **Colorado** | | | | | |
| Post Uptown Square™ | Denver | 1999-2001(4) | 696 | 922 | 92.0% |

Post Properties, Inc.

Post Apartment Homes, L.P.

17

c.  **Table of Contents**

| Communities | Location(1) | Year Completed | No. of Units | December 2005 Average Rental Rates Per Unit | 2005 Average Economic Occupancy(2) |
|---|---|---|---|---|---|
| **Greater Washington, D.C.** | | | | | |
| Post Corners at Trinity Centre | Fairfax Co., VA | 1996 | 336 | 1,327 | 97.0% |
| Post Forest® | Fairfax Co., VA | 1990 | 364 | 1,240 | 98.7% |
| Post Tysons Corner™ | Fairfax Co., VA | 1990 | 499 | 1,466 | 95.7% |
| Post Pentagon Row™(5) | Arlington Co., VA | 2001 | 504 | 1,988 | 97.9% |
| Post Massachusetts Avenue™(3) | D.C. | 2002 | 269 | 2,387 | 93.3% |
| **Subtotal/ Average — Washington, D.C.** | | | 1,972 | 1,660 | 97.9% |
| **New York** | | | | | |
| Post Luminaria™ | New York | 2002 | 138 | 3,356 | 96.7% |
| Post Toscana™ | New York | 2003 | 199 | 3,451 | 95.4% |
| **Subtotal/ Average — New York** | | | 337 | 3,412 | 96.0% |
| **Total** | | | 21,237 | $ 1,106 | 94.4% |

(1) Refers to greater metropolitan areas of cities indicated.

(2) Average economic occupancy is defined as gross potential rent less vacancy losses, model expenses and bad debt divided by gross potential rent for the period, expressed as a percentage.
(3) These communities are owned in unconsolidated entities (Company equity ownership is 35%).
(4) These dates represent the respective completion dates for multiple phases of a community.
(5) The Company has a leasehold interest in the land underlying these communities.

Post Properties, Inc.

Post Apartment Homes, L.P.

18

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 16th day of March, 2007, a copy of the foregoing **Statement of Material Facts as to Which There is a Genuine Issue Necessary to be Litigated** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Christopher Hanback at christopher.hanback@hklaw.com, Alan I. Baron at alan.baron@hklaw.com, and Rafe Petersen at rafe.petersen@hklaw.com, counsel for defendants.

                                                  *Sheila J. Carpenter*
                                                  Sheila J. Carpenter

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **EQUAL RIGHTS CENTER,** | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| **POST PROPERTIES, INC.** et al., | ) ) | Case No. 1:06CV01991 |
| Defendants. | ) ) ) | Judge Richard Leon |

### SURREPLY OF PLAINTIFF THE EQUAL RIGHTS CENTER TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiff the Equal Rights Center ("ERC"), by its attorneys, respectfully submits this Surreply to Defendants' Reply in Support of their Motion to Dismiss, or, in the Alternative, for Summary Judgment as follows:

Defendants submitted a "Statement of Material Facts to Which There is No Genuine Dispute" ("Def. SMF") with their Reply. Def. SMF merely parrots the unsupported and conclusory Boone Affidavit submitted with their Motion to Dismiss, an affidavit which in no way complies with F.R.Civ.P. 56(e). *See* Motion to Strike Affidavit filed herewith.

The D.C. Circuit "has long recognized that a party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before responding to a summary judgment motion and that "insufficient time or opportunity to engage in discovery" is cause to defer decision on the motion. *Khan v. Parsons Global Svcs., Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir. 2005) (citations omitted); *Information Handling Svcs., Inc. v. Defense Automated Printing Svcs.*, 338 F.3d 1024, 1032 (D.C. Cir. 2003) ("Summary judgment 'ordinarily "is proper only after the plaintiff has been given adequate time for discovery." '" (citations

omitted)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 326 (summary judgment should be granted "after adequate time for discovery"; non-moving party should have "an opportunity to make full discovery.")  This is particularly so where, as here, a defendant submits only a conclusory affidavit that fails to comply with Rule 56.

**Statute of Limitations**

The Boone Affidavit, at ¶ 3, claims that nine properties were designed and constructed for first occupancy prior to March 31, 1991.  However, Post Properties, Inc.'s ("Post") own filings with the Securities and Exchange Commission contradict this claim.  *See* Attachment to the ERC's Statement of Material Facts as to which There is a Genuine Issue Necessary to be Litigated ("ERC SMF") filed herewith.  Post's 2005 Form 10-K lists Post's communities and the year completed.  Here is what the 10-K represented to the SEC and the investing public:

| Communities | Year Completed |
|---|---|
| Vinings | 1989-**91** |
| Brookhaven | 1990-**92** |
| Dunwoody | 1989-**96** |
| Forest | 1990 |
| Tyson's Corner | 1990 |
| Rice Lofts | **1998** |
| Wilson Building | **1999** |
| Uptown Square | **1999-2001** |
| Parkside | **2000** |

*Id.* (emphasis added).  These publicly-filed documents themselves create an issue of fact that must be resolved by discovery.

Even by Defendants' own admission in the Boone Affidavit, the design and construction of The Vinings, Brookhaven, Dunwoody, Uptown Square and Parkside were not completed prior to March 13, 1991 (Def. SMF ¶ 1; Aff. Dayna Boone ¶ 3).  Defendants have

- 2 -

attempted artificially to split these projects into "phases" by an undisclosed methodology in an effort to exclude as many buildings as possible from the reach of the Fair Housing Act. The FHA contains no reference to "phases" of design and construction. In any event, Post's SEC filings create a dispute of material fact as to have how many properties were designed and built after the effective date of the Fair Housing Act Amendments. There is no question that there are dozens of such properties. (ERC's SMF ¶ 1-5 and attachment; Boone Aff. ¶ 5)

Defendants admit that they have designed and constructed apartments within the statute of limitations. (Def. Opening Mem. 28). The continuing violation doctrine, which has been expressly alleged by the ERC, stands as a complete bar to Post's argument for dismissal on statute of limitation grounds. The ERC demonstrated in its Opposition (pp. 16-23) that the continuing violation doctrine does apply to FHA cases, including design and construction cases. In its Reply, Post cites *no* FHA authority for its position that the continuing violation doctrine does not apply. That is because there is none. The Supreme Court settled that issue in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). *See* Opposition at 16-23.

### Standing

Post's motion as to standing is exclusively a motion to dismiss based on the pleadings—*i.e.*, the Complaint. The only material outside the Complaint submitted by Post with its Motion to Dismiss is the Boone Affidavit which purports to address only the statute of limitations issue. Likewise, Def. SMF goes only to the statute of limitations issue. Thus, to the extent the Court were to consider any part of Post's motion a motion for summary judgment, it is one only as to the limitations issue. Yet in its Reply, Post complains that the ERC has not submitted affidavits on the standing issue and that the ERC refers the Court to

the allegations of its Complaint. *See, e.g.*, Reply at p. 5 fn. 3. The very case cited by Post, *Sierra Club v. EPA*, 292 F.3d 895 (D.C. Cir. 2002), makes clear that at the motion to dismiss stage, this Court need only consider the allegations of the Complaint:

> As the Supreme Court explained in *Defenders of Wildlife*, the burden of production a plaintiff must bear in order to show it has standing . . . varies with the procedural context of the case. At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice," and the court "presum[es] that general allegations embrace the specific facts necessary to support the claim." . . . On a motion for summary judgment, however, "the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' . . . which for purposes of the summary judgment motion will be taken to be true."

*Id. at 898-99.* (The court went on to say that the review of an agency action in the court of appeals was not "at the pleading stage" but was like a summary judgment because the court was called on to apply the law to the complete evidentiary record below.)

Post's quote from *Spann v. Colonial Village, Inc.*, 899 F.2d 24 (D.C. Cir. 1990), in the same footnote does not help Defendants either. The fact that a court "may" consider affidavits on standing is very different from "requiring" them. The *Spann* court cited *Gladstone Realtors v. Bellwood*, 441 U.S. 91 (1979) for the proposition that there was standing "based on allegations in complaints 'as illuminated by subsequent discovery' and permitting other plaintiffs 'to amend their complaints to include allegations of actual harm." 899 F.2d at 28 n.1. At the motion to dismiss stage, no proof is required; the allegations of the Complaint are to be taken as true, and are here sufficient to allege standing.[1]

---

[1] As to standing under the ADA, the ERC has alleged representational standing (Complaint ¶ 7, 12, 45-46, 56, 67) as well as organizational standing. The Supreme Court has stated that an organization has standing to sue on behalf of its members when (1) its members would otherwise have standing to sue in their own right, (2) the interests the association seeks to protect are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the

**Conclusion**

The Motion to Dismiss should be denied.


Dated: March 16, 2007

Respectfully Submitted,

*Sheila J. Carpenter*
Sheila J. Carpenter
DC Bar #935742
sjc@jordenusa.com
Jorden Burt LLP
1025 Thomas Jefferson St. N.W.
Suite 400 East
Washington, D.C.  20007
Tel:  (202) 965-8165
Fax: (202) 965-8104

*Donald L. Kahl*
Donald L. Kahl
DC Bar # 489472
Don_Kahl@washlaw.org
Washington Lawyers' Committee for
 Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C.  20036
Tel:  (202) 319-1000
Fax:  (202) 319-1010

Attorneys for Plaintiff
Equal Rights Center

---

lawsuit. *Hunt v. Washington Apple Advertising Comm'n.*, 432 U.S. 333, 343 (1977); *see, also, Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315 (4th Cir. 2002).  In this case, even if the Court were to find that ERC has failed to meet prudential standing requirements to bring an ADA claim on its own behalf, the fact that ERC, after its merger with the Disability Rights Council, is now a membership organization, demonstrates that ERC can satisfy any prudential standing requirements that may even arguably be applicable to its ADA claim.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 16th day of March, 2007, a copy of the foregoing **Surreply to Defendants' Reply in Support of Their Motion to Dismiss, or, in the Alternative, for Summary Judgment** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Christopher Hanback at christopher.hanback@hklaw.com, Alan I. Baron at alan.baron@hklaw.com, and Rafe Petersen at rafe.petersen@hklaw.com, counsel for defendants.

                                      *Sheila J. Carpenter*
                                      Sheila J. Carpenter

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **EQUAL RIGHTS CENTER,** | ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) ) | |
| **POST PROPERTIES, INC.** *et al.,* | ) ) | **Case No. 1:06CV01991** |
|  | ) | **Judge Richard Leon** |
| Defendants. | ) ) | |

## ORDER

The Court has considered the Motion of Plaintiff the Equal Rights Center for Leave to file Surreply and Statement of Material Facts and the lack of opposition thereto. It is this ___ day of March, 2007,

**ORDERED** that Plaintiff is granted leave to file its Surreply and Statement of Material Facts and the Clerk is directed to docket them.

                                                       RICHARD J. LEON
                                       United States District Court Judge

Copies to:
Sheila J. Carpenter
Jorden Burt LLP
1025 Thomas Jefferson St. N.W.
Suite 400 East
Washington, D.C.  20007

Donald L. Kahl, Esquire
Washington Lawyers' Committee
 For Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036

- 2 -

Christopher B. Hanback, Esquire
Alan I. Baron, Esquire
Rafe Peterson, Esquire
Holland & Knight, LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC  20006


179751v1