UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **EQUAL RIGHTS CENTER,** | ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) ) | |
| **POST PROPERTIES, INC.** et al., | ) ) | Case No. 1:06CV01991 |
| Defendants. | ) ) ) | Judge Richard Leon |

**SURREPLY OF PLAINTIFF THE EQUAL RIGHTS CENTER
TO DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff the Equal Rights Center ("ERC"), by its attorneys, respectfully submits this Surreply to Defendants' Reply in Support of their Motion to Dismiss, or, in the Alternative, for Summary Judgment as follows:

Defendants submitted a "Statement of Material Facts to Which There is No Genuine Dispute" ("Def. SMF") with their Reply. Def. SMF merely parrots the unsupported and conclusory Boone Affidavit submitted with their Motion to Dismiss, an affidavit which in no way complies with F.R.Civ.P. 56(e). *See* Motion to Strike Affidavit filed herewith.

The D.C. Circuit "has long recognized that a party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before responding to a summary judgment motion and that "insufficient time or opportunity to engage in discovery" is cause to defer decision on the motion. *Khan v. Parsons Global Svcs., Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir. 2005) (citations omitted); *Information Handling Svcs., Inc. v. Defense Automated Printing Svcs.*, 338 F.3d 1024, 1032 (D.C. Cir. 2003) ("Summary judgment 'ordinarily "is proper only after the plaintiff has been given adequate time for discovery." '" (citations

omitted)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 326 (summary judgment should be granted "after adequate time for discovery"; non-moving party should have "an opportunity to make full discovery.") This is particularly so where, as here, a defendant submits only a conclusory affidavit that fails to comply with Rule 56.

## Statute of Limitations

The Boone Affidavit, at ¶ 3, claims that nine properties were designed and constructed for first occupancy prior to March 31, 1991. However, Post Properties, Inc.'s ("Post") own filings with the Securities and Exchange Commission contradict this claim. *See* Attachment to the ERC's Statement of Material Facts as to which There is a Genuine Issue Necessary to be Litigated ("ERC SMF") filed herewith. Post's 2005 Form 10-K lists Post's communities and the year completed. Here is what the 10-K represented to the SEC and the investing public:

| Communities | Year Completed |
|---|---|
| Vinings | 1989-**91** |
| Brookhaven | 1990-**92** |
| Dunwoody | 1989-**96** |
| Forest | 1990 |
| Tyson's Corner | 1990 |
| Rice Lofts | **1998** |
| Wilson Building | **1999** |
| Uptown Square | **1999-2001** |
| Parkside | **2000** |

*Id.* (emphasis added). These publicly-filed documents themselves create an issue of fact that must be resolved by discovery.

Even by Defendants' own admission in the Boone Affidavit, the design and construction of The Vinings, Brookhaven, Dunwoody, Uptown Square and Parkside were not completed prior to March 13, 1991 (Def. SMF ¶ 1; Aff. Dayna Boone ¶ 3). Defendants have

attempted artificially to split these projects into "phases" by an undisclosed methodology in an effort to exclude as many buildings as possible from the reach of the Fair Housing Act. The FHA contains no reference to "phases" of design and construction. In any event, Post's SEC filings create a dispute of material fact as to have how many properties were designed and built after the effective date of the Fair Housing Act Amendments. There is no question that there are dozens of such properties. (ERC's SMF ¶ 1-5 and attachment; Boone Aff. ¶ 5)

Defendants admit that they have designed and constructed apartments within the statute of limitations. (Def. Opening Mem. 28). The continuing violation doctrine, which has been expressly alleged by the ERC, stands as a complete bar to Post's argument for dismissal on statute of limitation grounds. The ERC demonstrated in its Opposition (pp. 16-23) that the continuing violation doctrine does apply to FHA cases, including design and construction cases. In its Reply, Post cites *no* FHA authority for its position that the continuing violation doctrine does not apply. That is because there is none. The Supreme Court settled that issue in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). *See* Opposition at 16-23.

## Standing

Post's motion as to standing is exclusively a motion to dismiss based on the pleadings—*i.e.,* the Complaint. The only material outside the Complaint submitted by Post with its Motion to Dismiss is the Boone Affidavit which purports to address only the statute of limitations issue. Likewise, Def. SMF goes only to the statute of limitations issue. Thus, to the extent the Court were to consider any part of Post's motion a motion for summary judgment, it is one only as to the limitations issue. Yet in its Reply, Post complains that the ERC has not submitted affidavits on the standing issue and that the ERC refers the Court to

the allegations of its Complaint. *See, e.g.*, Reply at p. 5 fn. 3. The very case cited by Post, *Sierra Club v. EPA*, 292 F.3d 895 (D.C. Cir. 2002), makes clear that at the motion to dismiss stage, this Court need only consider the allegations of the Complaint:

> As the Supreme Court explained in *Defenders of Wildlife*, the burden of production a plaintiff must bear in order to show it has standing . . . varies with the procedural context of the case. At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice," and the court "presum[es] that general allegations embrace the specific facts necessary to support the claim." . . . On a motion for summary judgment, however, "the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' . . . which for purposes of the summary judgment motion will be taken to be true."

*Id. at 898-99.* (The court went on to say that the review of an agency action in the court of appeals was not "at the pleading stage" but was like a summary judgment because the court was called on to apply the law to the complete evidentiary record below.)

Post's quote from *Spann v. Colonial Village, Inc.*, 899 F.2d 24 (D.C. Cir. 1990), in the same footnote does not help Defendants either. The fact that a court "may" consider affidavits on standing is very different from "requiring" them. The *Spann* court cited *Gladstone Realtors v. Bellwood*, 441 U.S. 91 (1979) for the proposition that there was standing "based on allegations in complaints 'as illuminated by subsequent discovery' and permitting other plaintiffs 'to amend their complaints to include allegations of actual harm." 899 F.2d at 28 n.1. At the motion to dismiss stage, no proof is required; the allegations of the Complaint are to be taken as true, and are here sufficient to allege standing.[1]

---

[1] As to standing under the ADA, the ERC has alleged representational standing (Complaint ¶ 7, 12, 45-46, 56, 67) as well as organizational standing. The Supreme Court has stated that an organization has standing to sue on behalf of its members when (1) its members would otherwise have standing to sue in their own right, (2) the interests the association seeks to protect are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the

**Conclusion**

The Motion to Dismiss should be denied.


Dated: March 16, 2007				Respectfully Submitted,

						*Sheila J. Carpenter*
						Sheila J. Carpenter
						DC Bar #935742
						sjc@jordenusa.com
						Jorden Burt LLP
						1025 Thomas Jefferson St. N.W.
						Suite 400 East
						Washington, D.C.  20007
						Tel:  (202) 965-8165
						Fax: (202) 965-8104

						*Donald L. Kahl*
						Donald L. Kahl
						DC Bar # 489472
						Don_Kahl@washlaw.org
						Washington Lawyers' Committee for
						 Civil Rights and Urban Affairs
						11 Dupont Circle, NW
						Suite 400
						Washington, D.C.  20036
						Tel:  (202) 319-1000
						Fax:  (202) 319-1010

						Attorneys for Plaintiff
						Equal Rights Center

---

lawsuit.  *Hunt v. Washington Apple Advertising Comm'n.*, 432 U.S. 333, 343 (1977); *see, also, Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315 (4th Cir. 2002).  In this case, even if the Court were to find that ERC has failed to meet prudential standing requirements to bring an ADA claim on its own behalf, the fact that ERC, after its merger with the Disability Rights Council, is now a membership organization, demonstrates that ERC can satisfy any prudential standing requirements that may even arguably be applicable to its ADA claim.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 16th day of March, 2007, a copy of the foregoing **Surreply to Defendants' Reply in Support of Their Motion to Dismiss, or, in the Alternative, for Summary Judgment** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Christopher Hanback at christopher.hanback@hklaw.com, Alan I. Baron at alan.baron@hklaw.com, and Rafe Petersen at rafe.petersen@hklaw.com, counsel for defendants.

                                          *Sheila J. Carpenter*
                                          Sheila J. Carpenter