UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUAL RIGHTS CENTER,** ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| **POST PROPERTIES, INC.** et al., ) | Case No. 1:06CV01991 |
| ) | Judge Richard Leon |
| Defendants. ) | |

**REPLY OF PLAINTIFF THE EQUAL RIGHTS CENTER
TO DEFENDANTS' OPPOSITION TO
MOTION TO STRIKE AFFIDAVIT OF DAYNA BOONE**

Plaintiff the Equal Rights Center ("ERC"), by its attorneys, respectfully submits this Reply to Defendants' Opposition to the Motion to Strike the Affidavit of Dayna Boone. Defendants attempt to defend the Boone Affidavit as "summarizing" "business records," citing the Court to numerous cases in which witnesses authenticated business records made by their own employers or an agent of their employer[1]. Here, in Defendants' attempt to rewrite the rule, Ms. Boone attempts to authenticate records made *by many other entities*. The business records exception of Federal Rule of Evidence 803(6) reads as follows:

> **(6) Records of Regularly Conducted Activity.**--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, *all as shown by the testimony of the custodian or other qualified witness,* or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. [Emphasis added.]

---

[1] Defendants cite one criminal case from the 9th Circuit in which records *kept* as opposed to *made* by the witness's employer were permitted into evidence at trial. Rule 56(e) was not at issue and this broadening of the business records exception has not been adopted in this Circuit.

Ms. Boone is not qualified to testify as to how the records were made. Business records

> must be properly authenticated by a qualified witness or in accordance with other provisions of the Federal Rules, and may be excluded "if the source of information or the method or circumstances of preparation indicate lack of trustworthiness." *Id.; see also* United States v. Gurr, 471 F.3d 144, 151-53 (D.C.Cir. 2006). "The structure of [Rule 803(6)] places the initial burden on the proponent of the document's admission to show that it meets the basic requirements of the rule, and the 'unless' clause then gives the opponent the opportunity to challenge admissibility, albeit now bearing the burden of showing a reason for exclusion." 2 McCormick On Evidence § 288;…

*Barry v. Trustees of Intern. Ass'n*, 467 F.Supp.2d 91, 106 (D.D.C. 2006)

Defendants make the interesting argument that Ms. Boone's affidavit, allegedly summarizing 12 3-inch binders of other entities' business records in two pages, should be credited as opposed to Defendants' SEC filings, which are Defendants' own business records. However, the affidavit says nothing about "converted buildings" but makes the flat statement that she was to "determine to [sic] the dates that construction was completed at each of the 'Subject Properties'… ." (Boone Aff. ¶2) The more Defendants talk about the affidavit, the more it becomes apparent that it is not worthy of consideration by the Court.

Defendants have not met their initial burden of showing that her affidavit meets the requirements of F.R.E. 803(6) nor have they shown that it meets the requirements of F.R.Civ.P. 56(e). The Boone affidavit therefore should be struck.

Dated: April 3, 2007                                         Respectfully submitted,

*Sheila J. Carpenter*
Sheila J. Carpenter
DC Bar #935742
sjc@jordenusa.com
Jorden Burt LLP
1025 Thomas Jefferson St. N.W.
Suite 400 East
Washington, D.C.  20007
Tel:  (202) 965-8165
Fax: (202) 965-8104

> Donald L. Kahl
> DC Bar # 489472
> Don_Kahl@washlaw.org
> Washington Lawyers' Committee for
>  Civil Rights and Urban Affairs
> 11 Dupont Circle, NW
> Suite 400
> Washington, D.C. 20036
> Tel: (202) 319-1000
> Fax: (202) 319-1010
>
> Attorneys for Plaintiff
> Equal Rights Center

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of April, 2007, a copy of the foregoing **Reply to Defendants' Opposition to Motion to Strike the Affidavit of Dayna Boone** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Christopher Hanback at christopher.hanback@hklaw.com, Alan I. Baron at alan.baron@hklaw.com, and Rafe Petersen at rafe.petersen@hklaw.com, counsel for defendants.

> *Sheila J. Carpenter*
> Sheila J. Carpenter