IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>POST PROPERTIES, INC. )<br>POST GP HOLDINGS, INC. )<br>POST APARTMENT HOMES, L.P. )<br>)<br>Defendants. )<br>) | Case. No. 1:06CV01991<br>Judge Richard J. Leon |

**DEFENDANTS' MOTION TO STAY DISCOVERY**
**PENDING COURT'S DECISION ON MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 26, Defendants Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P. (collectively "Post") by undersigned counsel hereby file this Motion to Stay Discovery Pending Court's Decision on Motion to Dismiss. The reasons in support of this Motion are set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,
HOLLAND & KNIGHT, LLP

  /s/ Christopher B. Hanback
Christopher B. Hanback (Bar # 232579)
Alan I. Baron (Bar. # 340273)
Rafe Petersen (Bar # 465542)
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955 3000 Phone
(202) 955 5564 Fax
E-mail: christopher.hanback@hklaw.com
E-mail: alan.baron@hklaw.com
E-mail: rafe.petersen@hklaw.com
*Counsel for Post Properties, Inc., et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>POST PROPERTIES, INC. )<br>POST GP HOLDINGS, INC. )<br>POST APARTMENT HOMES, L.P. )<br>)<br>Defendants. )<br>) | Case. No. 1:06CV01991<br>Judge Richard J. Leon |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING COURT'S DECISION ON MOTION TO DISMISS**

Defendants Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P. (collectively "Post") by undersigned counsel hereby submit this Memorandum of Points and Authorities in Support of Defendants' Motion to Stay Discovery. For the reasons stated below this court should Grant Defendants' Motion to Stay Discovery.[1]

**STATEMENT OF FACTS**

On November 21, 2006, the Equal Rights Center ("ERC") filed this action against Post alleging that Post violated the design and construction accessibility requirements of the Fair Housing Act ("FHA"). Post then filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment because the ERC lacks standing to litigate a case of this breadth and the majority of the ERC's claims are barred by the applicable statute of limitations and the effective date of the FHA. The Motion to Dismiss has been fully briefed and is ripe for determination.

---

[1] Pursuant to the Local Rules, Post contacted Plaintiff's counsel concerning this motion. Plaintiff's counsel indicated that she objected to the stay of discovery pending a decision on the Motion to Dismiss.

1

The ERC served its discovery requests on Post on April 5, 2007. Specifically, the ERC requests that its experts, attorneys and personnel be given access to inspect the Subject Properties as well as numerous properties that are not even mentioned in the Complaint.[2] The ERC requests access to first floor apartments in garden-style apartment buildings, apartments on all floors in high rise buildings with elevators, and all public and common use areas. Additionally, the ERC requests production of site plans, documents sufficient to provide a description of each unit type, floor plans for each unit type, and documents to show the address of each apartment falling within each unit type for each of the Subject Properties. Yet, as noted in the briefs filed in support of Post's Motion for Summary Judgment and in its Response to Plaintiff's Motion to Strike, the ERC seeks discovery on Post despite the fact that it has failed to plead facts or supply affidavits that cure the problems set forth in Post's Motion to Dismiss. The burden that the ERC's extensive request for discovery would place on Post is unquestionably significant. In light of Post's Motion to Dismiss, the request is premature. Post respectfully submits that the Court should stay all discovery until there is a ruling on Post's Motion to Dismiss.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 26, "[i]t has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery." *Chavous v. D.C. Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (2001) (citing *Brennan v. Local Union No. 639*, 494 F.2d 1092, 1100 (D.C. Cir. 1974)). "[E]ntry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion: 'A trial court has broad discretion and inherent power to stay discovery until

---

[2] In the ERC's discovery request Exhibit A, the ERC lists as "Subject Properties," for which it seeks discovery, properties that are not listed in the Complaint. Specifically, the ERC includes *The Grand View* in Florida, *Alexander* and *Legacy Town Center* in Georgia, and *Rise* in Texas, as "Subject Properties" for the purposes of discovery. These properties are not listed in the Complaint and therefore, Post opposes any and all discovery concerning these properties.

2

preliminary questions that may dispose of the case are determined.'" *Id.* (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Anderson v. United States Attorney Office*, No. CIV.A. 91-2261, 1992 WL 159186, *1 (D.D.C. June 19, 1992) (holding that "it is well-settled that discovery is generally considered inappropriate where a motion that would be thoroughly dispositive of the claims in the Complaint is pending").

The rationale behind this rule is that a stay of discovery pending the determination of a dispositive motion prevents "wasting the time and effort of all concerned" and makes "the most efficient use of judicial resources." *Chavous*, 201 F.R.D. at 2 (citing *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1978)). "In the determination of whether to stay discovery while pending dispositive motions are decided, the trial court 'inevitably must balance the harm produced by the delay in the discovery against the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery.'" *Id.* at 3 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Accordingly, factors that a court may consider in the balancing test include the burden on the defendant, prejudice to the plaintiff, the length of the stay of discovery, and whether discovery is necessary to defend against the dispositive motion. *See Maljack Prod. Inc. v. Motion Picture Ass'n of Am.*, 1990 WL 157900, *1 (D.D.C. Oct. 31, 1990); *see also Chavous*, 201 F.R.D. at 3-4.

In *Chavous*, the court held that a stay of discovery was appropriate where each defendant had filed a motion to dismiss, the plaintiff had filed a motion for summary judgment, and all parties agreed that either motion, if granted, would be "thoroughly dispositive." *Chavous*, 201 F.R.D. at 3. Furthermore, in balancing any harm due to the delay against the possibility of unwarranted discovery, the court noted that the discovery requested was not necessary to gather facts for the plaintiff to defend against the motion to dismiss and that the plaintiff would not be

3

prejudiced by the delay despite the plaintiff's allegations that its rights continued to be violated. *Id.* at 3, 4. Similarly, in *Maljack*, the court granted the defendant's motion to stay discovery pending a motion to dismiss because the discovery deadline had not yet been set, there were no allegations of prejudice to the plaintiff, and discovery would be stayed only for a limited time, i.e., until the pending motion to dismiss was decided. *See Maljack*, 1990 WL 157900, at *1.

In this case, the Motion to Dismiss is a dispositive motion, and if granted, the case will be dismissed or significantly narrowed. The Motion to Dismiss is based on the ERC's lack of standing. Standing is a threshold issue, which must be decided by the Court before any other issues are addressed. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975). If the Motion to Dismiss is granted, then any discovery that takes place prior to a decision on the Motion to Dismiss will be wasteful and ultimately unnecessary.

In balancing any potential harm produced by the delay in the discovery against the possibility that the Motion to Dismiss will be granted and entirely eliminate the need for such discovery, the factors weigh in favor of the Motion to Stay. The process of inspection suggested by the ERC will be very burdensome for Post and its residents. The ERC proposes a process by which Post will be notified of the Subject Properties the ERC wishes to inspect in a given week not less than 30 days from the date of notice. Then, within 20 days of the inspection, the ERC expects Post to identify each of the various unit types, including variations of unit types, and the addresses for each unit type at the Subject Property. Within 10 days, the ERC will then identify the unit to be inspected and to which Post must provide access. This process will be very time consuming, burdensome, and expensive considering there is no limit as to how many units or Subject Properties the ERC will seek to inspect at any given time. Of course, this also impacts the residents of the particular units where the ERC plans on conducting its detailed inspection.

In view of the fact that the ERC, a Washington, DC based organization that has proven no nexus to the majority of the Subject Properties (which are located as far away as Arizona, Colorado, Florida, Georgia, New York, North Carolina, and Texas), Post should not be required to comply with the request for inspection until the Court has determined that the ERC has standing to pursue its claims and that the statute of limitations does not apply to that particular Subject Property.

The ERC's requests for production of documents are equally burdensome considering the number of Subject Properties and phases that make up each of the Subject Properties. The ERC requests site plans, description of unit types (including variations in unit types), floor plans for each unit, and addresses for each apartment within each unit type for each of the Subject Properties. There are 58 Subject Properties listed in the Complaint, some of which are broken into as many as three phases and with multiple (sometimes dozens or scores of) unit types and floor plans per building. Producing this amount of information and discovery—efforts which may be unnecessary, unwarranted, and wasteful of resources—should not be required until after the Court has determined whether the ERC established that there is a causal connection between its allegations of injury and the Subject Properties located outside of the Washington, DC metropolitan area.

In addition to the potentially unnecessary burden on Post, the court must also consider prejudices to the ERC, if any, due to the delay in discovery. Here, however, there are no significant or substantial prejudices to the ERC. The delay in discovery is temporary pending a decision on the motion to dismiss, which is now ripe for determination. Currently there are six months before the court ordered discovery deadline of October 31, 2007. Considering the ERC's 30-day suggested schedule for inspections and document production, the ERC should have

plenty of time to conduct investigations and obtain document productions if the motion to dismiss is denied, and accordingly would not be prejudiced by the temporary delay. Additionally, the discovery requested by the ERC will not aid its defense of the Motion to Dismiss. The discovery requested goes to Post's alleged violations and not to the ERC's burden of proving the elements of standing, including an injury-in-fact that is fairly traceable to Post's alleged actions. Moreover, the discovery requested is not time-sensitive; for example, the site plans, floor plans, and unit addresses will not change during the stay. There simply is no evidence that the ERC would suffer any prejudice due to the stay of discovery pending the decision on the motion to dismiss.

## CONCLUSION

Based on the foregoing, Post respectfully requests that the Court GRANT Defendants' Motion to Stay Discovery Pending Court's Decision on Motion to Dismiss.

Respectfully submitted,

HOLLAND & KNIGHT, LLP

  /s/  Christopher B. Hanback
Christopher B. Hanback (Bar # 232579)
Alan I. Baron (Bar. # 340273)
Rafe Petersen (Bar # 465542)
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955 3000 Phone
(202) 955 5564 Fax
E-mail: christopher.hanback@hklaw.com
E-mail: alan.baron@hklaw.com
E-mail: rafe.petersen@hklaw.com
*Counsel for Post Properties, Inc., et al.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion to Stay Discovery was served by electronic filing this 27th day of April, 2007, on the following:

Sheila Jane Carpenter, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007

Donald Lee Kahl, Esq.
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, DC 20036

/s/ Christopher B. Hanback
Christopher B. Hanback

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>POST PROPERTIES, INC. )<br>POST GP HOLDINGS, INC. )<br>POST APARTMENT HOMES, L.P. )<br>)<br>Defendants. )<br>_____) | Case. No. 1:06CV01991<br>Judge Richard J. Leon |

## ORDER

UPON CONSIDERATION OF Defendants' Motion to Stay Discovery Pending the Court's Decision on Motion to Dismiss, and any opposition thereto, it is by the United States District Court for the District of Columbia, this ____ day of _____ 2007, hereby

ORDERED that Plaintiff's Motion to Stay Discovery is GRANTED.

_____
**JUDGE RICHARD J. LEON**


Copies provided to:

Sheila Jane Carpenter, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007

Donald Lee Kahl, Esq.
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, DC 20036

Christopher B. Hanback, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006