IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>POST PROPERTIES, INC. )<br>POST GP HOLDINGS, INC. )<br>POST APARTMENT HOMES, L.P. )<br>)<br>Defendants. )<br>) | Case. No. 1:06CV01991<br>Judge Richard J. Leon |

**DEFENDANTS' MOTION TO STAY CONSIDERATION OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION PENDING
DECISION ON DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P. (collectively "Post"), by undersigned counsel, hereby file this Motion to Stay Consideration of Plaintiff's Motion for Preliminary Injunction Pending Decision on Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. The reasons in support of this Motion are set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted,

HOLLAND & KNIGHT, LLP

/s/ Christopher B. Hanback
Christopher B. Hanback (Bar # 232579)
Alan I. Baron (Bar. # 340273)
Rafe Petersen (Bar # 465542)
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955 3000 Phone
(202) 955 5564 Fax

E-mail: christopher.hanback@hklaw.com
E-mail: alan.baron@hklaw.com
E-mail: rafe.petersen@hklaw.com
*Counsel for Post Properties, Inc., et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case. No. 1:06CV01991 |
| ) | Judge Richard J. Leon |
| POST PROPERTIES, INC. ) | |
| POST GP HOLDINGS, INC. ) | |
| POST APARTMENT HOMES, L.P. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO STAY CONSIDERATION OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION PENDING
DECISION ON DEFENDANTS' MOTION TO DISMISS OR
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P. (collectively "Post"), by undersigned counsel, hereby submit this Memorandum of Points and Authorities in Support of Defendants' Motion to Stay Consideration of Plaintiff's Motion for Preliminary Injunction. For the reasons stated below this court should Grant Defendants' Motion to Stay Consideration of Plaintiff's Motion for Preliminary Injunction.[1]

### STATEMENT OF FACTS

On November 21, 2006, the Equal Rights Center ("ERC") filed this action against Post alleging that Post violated the design and construction accessibility requirements of the Fair Housing Act ("FHA"). Post then filed a Motion to Dismiss or in the Alternative for Summary Judgment ("Motion to Dismiss") because the ERC lacks standing to litigate a case of this breadth

---

[1] Pursuant to the Local Rules, Post contacted Plaintiff's counsel concerning this Motion. Plaintiff's counsel indicated that she objected to the stay of consideration of the Motion for Preliminary Injunction pending a decision on the Motion to Dismiss.

and the majority of the ERC's claims are barred by the applicable statute of limitations and the effective date of the FHA. The Motion to Dismiss has been fully briefed and is ripe for determination.

The ERC filed a Motion for Preliminary Injunction on April 18, 2007. Specifically, the ERC seeks to enjoin Post from selling any properties during the pendency of this suit unless (1) Post makes modifications to the properties as are allegedly necessary to bring the property into compliance with the FHA as confirmed by the ERC, or (2) Post includes terms in its contracts of sale allowing Post to reenter the sold properties and take any actions, including retrofitting, that may be ordered by this Court. Post filed its Opposition to the Motion for Preliminary Injunction on April 25, 2007.

Yet, as noted in the briefs filed in support of Post's Motion to Dismiss, Response to Plaintiff's Motion to Strike, Motion to Stay Discovery, and Opposition to Plaintiff's Motion for Preliminary Injunction, this Court has not decided whether the ERC even has standing to pursue its claims. The ERC should not be able to seek a judicial remedy despite the fact that it has failed to plead facts or supply affidavits that cure the problems set forth in Post's Motion to Dismiss. Accordingly, the Court should stay its consideration on the Motion for Preliminary Injunction until there is a ruling on Post's Motion to Dismiss.

## ARGUMENT

The ERC's Motion for Preliminary Injunction is premature. The ERC merely attempts to again distract this Court from Post's pending Motion to Dismiss and skip over both the jurisdiction and merits stage of the case in order to go directly to the remedy stage of the proceedings. This is legally unacceptable and inappropriate under the current circumstances.

"A trial court has inherent power to stay proceedings in control of its docket – after balancing the competing interest." *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971) (citing *Landis v. North America Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel and for litigants."). In addition to balancing the competing interests of the parties and any public interests, the court must also consider the potential length of the stay, which should not be indefinite. *See McSurely v. McClellan*, 426 F.2d 664, 671 (D.C. Cir. 1970); *see also Dellinger*, 442 F.2d at 786 ("The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.").

In this case, the balance of the competing interests between the parties, the public interest in upholding the constitutional requirement of standing as a threshold issue, and the importance of judicial economy all weigh heavily in favor of staying consideration of the Motion for Preliminary Injunction. Additionally, the length of the stay is defined as pending a decision on the Motion to Dismiss. The Motion to Dismiss is fully briefed and ripe for decision. The Court's stay would not be indefinite.

First, the harm caused to Post in considering the preliminary injunction before deciding the Motion to Dismiss far exceeds any injury the ERC could claim to suffer by issuance of this stay. A premature consideration of the preliminary injunction will make meaningless Post's arguments in its Motion to Dismiss, which include the fact that the ERC lacks standing to pursue its claims and that its Complaint ignores the restraints imposed by the FHA's two-year statute of limitations. It is clear that once Post's Motion to Dismiss is considered, the case will be

3

substantially narrowed if not thrown out completely. To order a preliminary injunction based on the current overly-broad Complaint could force Post to take financially harmful action regarding properties that are not properly subject to this dispute. For example, if the court grants the preliminary injunction, which it should not, and if Post want to sell a property that was built outside of the statute of limitations period, Post could be forced to either modify that property subject to the discretion of the ERC or to modify its contract of sale for that property. If, at a later date, the court then decides that that property is not subject to the ERC's suit, then Post will have suffered financial loss in regard to that property with no remedy for recovery.

In contrast, the ERC is not harmed by any stay of consideration of the Motion for Preliminary Injunction. It is worth noting at the outset that the ERC did not even file this Motion for Preliminary Injunction until five months after commencing the suit. Further delay cannot possibly harm the ERC. Additionally, as thoroughly described and briefed in Post's Opposition to the Preliminary Injunction, the ERC has shown no irreparable harm which would warrant the preliminary injunction. The ERC asserts that if Post sells a property, this Court's order, if one is even entered, could not be enforced as to the sold property. That assertion is simply incorrect as this Court has broad authority to fashion relief and nothing in the FHA precludes the court from enforcing an order requiring retrofits even if Post no longer owns the property.

Additionally, the stay requested implicates the public interest and constitutional requirement that standing be established prior to any decision on the merits. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (holding that "standing is a threshold issue"); *see also Washington Legal Found. v. Leavitt*, No. 06-1490 (RMC), 2007 WL 809643, *2 (D.D.C. Mar. 19, 2007) ("A plaintiff's standing under Article III of the United States Constitution must be determined first in order to establish the jurisdiction of the Court to hear the case and reach the merits). As the

Supreme Court has held, "in case of extraordinary public moment, the individual may be required to submit to delay . . . ." *Landis*, 299 U.S. at 256. The constitutional requirement that there be standing and a case or controversy is plainly "of extraordinary public moment." *See Leavitt*, 2007 WL 809643, *2 ("As a matter of basic constitutional law, federal courts are limited to deciding cases and controversies, and the issue of standing is one feature of such limitation.").

Finally, judicial economy is aided by a stay of consideration of the preliminary injunction. First, the court has set a hearing which may otherwise be unnecessary. Second, the hearing will likely be lengthy considering the drastic and extreme remedy sought by the ERC, and both parties will have to gather evidence for the hearing, a process which will likely be expensive in and of itself. These costs may be saved if the Court grants (or grants in part) Post's Motion to Dismiss because the case could be significantly narrowed or dismissed all together. If a party does not have standing, its motion for preliminary injunction must be denied. *See Leavitt*, 2007 WL 809643, *7 (holding that plaintiff "failed to meet its burden of showing likelihood of success on the merits because it has failed to make a clear showing that it has standing to bring this suit"). Further, even if the Court denies Post's Motion to Dismiss, which we do not believe it will, it can then decide the Preliminary Injunction with the knowledge that its subject matter jurisdiction has been determined and a preliminary injunction hearing will not be for naught.

## CONCLUSION

Based on the foregoing, Post respectfully requests that the Court GRANT its Motion to Stay Consideration of Plaintiff's Motion for Preliminary Injunction Pending Decision on Defendants' Motion to Dismiss.

5

Respectfully submitted,

HOLLAND & KNIGHT, LLP

/s/ Christopher B. Hanback
Christopher B. Hanback (Bar # 232579)
Alan I. Baron (Bar. # 340273)
Rafe Petersen (Bar # 465542)
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955 3000 Phone
(202) 955 5564 Fax
E-mail: christopher.hanback@hklaw.com
E-mail: alan.baron@hklaw.com
E-mail: rafe.petersen@hklaw.com
*Counsel for Post Properties, Inc., et al.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion to Stay Consideration of Plaintiff's Motion for Preliminary Injunction was served by electronic filing this 27th day of April, 2007, on the following:

    Sheila Jane Carpenter, Esq.
    Jorden Burt LLP
    1025 Thomas Jefferson Street, NW
    Suite 400 East
    Washington, DC 20007

    Donald Lee Kahl, Esq.
    Washington Lawyers' Committee for Civil Rights & Urban Affairs
    11 Dupont Circle, NW
    Suite 400
    Washington, DC 20036

                                          /s/ Christopher B. Hanback
                                          Christopher B. Hanback

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER<br><br>Plaintiff,<br><br>vs.<br><br>POST PROPERTIES, INC.<br>POST GP HOLDINGS, INC.<br>POST APARTMENT HOMES, L.P.<br><br>Defendants. | Case. No. 1:06CV01991<br>Judge Richard J. Leon |

## ORDER

UPON CONSIDERATION OF Defendants' Motion to Stay Consideration of Plaintiff's Motion for Preliminary Injunction Pending Decision on Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, and any opposition thereto, it is by the United States District Court for the District of Columbia, this ____ day of _____ 2007, hereby

ORDERED that Plaintiff's Motion to Stay Discovery is GRANTED.

_____
**JUDGE RICHARD J. LEON**

Copies provided to:

Sheila Jane Carpenter, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007

Donald Lee Kahl, Esq.
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, DC 20036

Christopher B. Hanback, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006