UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **EQUAL RIGHTS CENTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Case No. 06cv1991 (RJL)** |
| ) | |
| **POST PROPERTIES, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION
(July 25, 2007) [#27]

Before the Court is a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) filed by plaintiff, the Equal Rights Center ("ERC"), a non-profit organization, against defendants Post Properties, Inc., Post GP Holding, Inc., Post Apartment Homes, L.P., their affiliates, officers, employees, and agents ("Post"). For the following reasons, this Court DENIES plaintiff's motion for a preliminary injunction.

### BACKGROUND

Post owns or has been involved in the design and construction of various multifamily housing complexes in the District of Columbia, Virginia, Colorado, Florida, Georgia, New York, North Carolina, and Texas. It is currently in the process of selling certain of these multi-family dwellings and individual units in these buildings. (Prelim. Inj. Mot. at 4-5.)

The ERC is a public advocacy group whose self-proclaimed mission is "to aid protected individuals by apprising them of their civil rights and preserving those rights." (Prelim. Inj. Mot. at 2.) In 2006, ERC alleges that it tested twenty-seven Post properties in



various states that it claims are subject to certain design and construction requirements for accessability under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHA"), the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* ("ADA"), and applicable regulations. (Prelim. Inj. Mot. at 3-4.)  It has "identified FHA or ADA violation at each of the Tested Properties," (*id.* at 4), and has thus filed this suit to enjoin Post from selling any of the properties at issue or any individual units within those properties unless they either make modifications to bring the properties into compliance with the FHA and ADA prior to sale or include in the terms of any future sale a provision that provides notice that Post may need to reenter the property to retrofit it upon order of this Court.  (Prelim. Inj. Mot. at 2, 5.)

## ANALYSIS

To prevail in a request for a preliminary injunction, a plaintiff "must demonstrate:  1) a substantial likelihood of success on the merits; 2) that [they] would suffer irreparable injury if the injunction were not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *Katz v. Georgetown Univ.*, 246 F.3d 685, 687-88 (D.C. Cir. 2001) (internal quotations omitted). Because these four factors "interrelate on a sliding scale," the Court must balance the strengths of the factors against each other. *Serono Labs. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998).  Accordingly, if there is a particularly strong argument for one factor, an injunction may be issued even if there are weaker arguments for the other factors. *City Fed. Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) ("An injunction

may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury."). On the other hand, a particularly weak argument for one factor may be more than the other factors can compensate for. *See, e.g., Taylor v. Resolution Trust Corp.,* 56 F.3d 1497, 1507 (finding that "given the inadequacy of [the plaintiff's] prospects for success on the merits, there may be no showing of irreparable injury that would entitle him to injunctive relief"). Finally, our Circuit mandates that a preliminary injunction cannot be issued unless a movant can "demonstrate at least 'some injury'" to warrant the granting of an injunction, and, if he fails to do so, the court need not consider the remaining factors for issuance of a preliminary injunction. *City Fed. Fin. Corp.*, 58 F.3d at 747. For the following reasons, plaintiff has failed to meet this heavy burden.

### A. Irreparable Harm

First, to obtain injunctive relief, plaintiff must demonstrate that it will otherwise suffer irreparable harm. Our Circuit Court, however, has set a high standard for irreparable injury. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). First, the "injury 'must be both certain and great; it must be actual and not theoretical.' The moving party must show '[t]he injury complained of is of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm.'" *Id.* (quoting *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam) (internal quotations omitted)). In addition, the injury must be beyond remediation. "The key word in this

consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction] are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm." *Id.* at 297-98 (quoting *Wisc. Gas*, 758 F.2d at 674; *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)). For the following reasons, the Court finds that plaintiff has failed to demonstrate that it will suffer irreparable harm if the defendant is permitted to sell its units and buildings without actual notice of the pendency of this lawsuit to the purchasers.

The essence of plaintiff's irreparable harm argument is that future purchasers of defendants' properties will be able to escape having to comply with any future orders of this Court to retrofit these units on the grounds that they did not have notice of this lawsuit, and are therefore exempt pursuant to 42 U.S.C. § 3613(d) as "*bona fide*" purchasers. (Prelim. Inj. Mot. at 18.) This argument, however, is inherently flawed. First, it is a wholly theoretical conjecture that cannot be established factually. And, more importantly, it is largely unsupportable in light of the fact that this suit is not only a public matter, but already has been disclosed in Post's SEC filings (Opp. at 19). Undoubtedly, such lawsuits are "generally" included in final contract discussions, (Papa Aff. ¶ 12). Thus, most potential purchasers of Post properties will have actual or at least constructive knowledge of this or related lawsuits, and will be hard pressed to qualify for *bona fide* purchaser status pursuant

4

to § 3613(d). Accordingly, if necessary physical changes or retrofits must be made at a later time, even after the property at issue has been sold, this Court will be able to promulgate an order binding on those purchasers who contracted with the defendant during the pendency of this lawsuit. Accordingly, the Court finds that plaintiff has not established the irreparable harm necessary to prohibit the sale of these properties.

### B. *Substantial Injury*

Next, defendants argue that they would suffer serious financial repercussions if they are prohibited from selling their buildings or units during the pendency of this suit. Indeed, defendants claim that they may not only lose potential buyers, but also may have to renegotiate existing contracts, thereby giving buyers the opportunity to repudiate their obligations under those sales agreements. (Papa Aff. ¶ 10, 12.) Surely, these results, which are likely if not an absolute certainty, would constitute a potentially substantial injury to defendants. Accordingly, because of the potential ramifications to defendants of the preliminary injunction requested by plaintiff, this Court finds that this factor weighs in favor of defendants.

### C. *Public Interest*

Further, plaintiff argues that granting a preliminary injunction in this case will further the "strong public interest in eliminating discrimination against persons with disabilities." (Prelim. Inj. Mot. at 19.) The Court agrees that this is a most commendable goal, but believes that it can be achieved, in this instance, through this lawsuit proceeding in its regular

course. Defendants have correctly identified the competing public interest in avoiding a restraint on the alienability of land and property that a wholesale injunction against sales would constitute. *See, e.g., Christopher Phelps & Assocs., LLC v. Galloway*, 477 F.3d 128, 131 (4th Cir. 2007) (overturning the district court's grant of an injunction because prohibiting the sale or lease of a home would "unduly restrain the alienation of real property"). Although plaintiffs argue that this restraint is not significant because the Post defendants "would simply by precluded from using those sales to escape their obligations under the fair housing laws," (Reply at 9), this Court cannot yet determine on this record whether any violation of these laws has occurred. Accordingly, given these competing public interests, the Court finds that this factor weighs in favor of permitting these defendants to continue to sell its building and units during the pendency of this litigation.

### D. Likelihood of Success on the Merits

Finally, as to the success on the merits in this case, plaintiff must demonstrate that defendants have failed to comply with the applicable FHA and ADA accessibility requirements.[1] In support of its allegations, plaintiff claims that it has identified certain FHA

---

[1] The FHA provides that it shall be unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap" of a buyer, renter, resident, or any person associated with such a buyer or renter. 42 U.S.C. § 3604(f)(1). Also, the FHA provides that it is unlawful "[t]o discriminate against any person in the terms, conditions, privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). The statute further defines "discrimination" to include the "failure to design and construct covered multifamily dwellings" built for first occupancy after March 13, 1991. 42 U.S.C. § 3604(f)(3)(C). The Secretary of Housing and Urban Development, pursuant to authority granted by the FHA, promulgated the Fair Housing Amendments Act Guidelines, 56 Fed. Reg. 9472-

and ADA violations through its tests at various Post properties, including: insufficiently wide doors; inaccessible routes; insufficiently clear floor space in bathrooms and kitchens; inaccessible light switches, electrical outlets, and thermostats; rental offices located up stairs; and lack of reserved parking. (Prelim. Inj. Mot. at 15.) After due consideration, the Court finds that while plaintiff has demonstrated some likelihood that its claims will be successful, any such likelihood is insufficient to warrant a preliminary injunction in this case.

The defendants have presented competing reports and declarations regarding the design specifications and other details at defendants' various properties. In short, the facts at issue are very much in dispute. Moreover, the guidelines promulgated pursuant to the FHA do not constitute mandatory requirements upon builders, and, although compliance with the guidelines are sufficient to satisfy the FHA's requirements, they are not the "exclusive means of doing so." *Memphis Ctr. for Indep. Living v. Grant*, No. 01-2069, slip op. (W.D. Tenn. Oct. 2, 2003). Thus, while plaintiff has demonstrated that it may ultimately be successful on the merits of some of these alleged violations, it has not yet shown that the

---

9515 (Mar. 6, 1991), to "provide technical guidance on designing dwelling units as required by the Fair Housing Amendments Act of 1988," 56 Fed. Reg. at 9499. However, these guidelines explicitly state that they are not binding, but, rather, are "safe harbors" or advisory guidelines. 56 Fed. Reg. at 9473-9478.

    The ADA prohibits discrimination against disabled individuals in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12101(a) *et seq.* Pursuant to this statute, the Attorney General implemented regulations that provided guidelines for compliance with the ADA, entitled the ADA Standards for Accessible Design. 56 Fed. Reg. 35544 (July 26, 1991), *codified at* 28 C.F.R., Part 36, App. A.

likelihood of success is great enough to overcome its failure to establish the requisite irreparable harm required for this extraordinary relief. Accordingly, this Court must deny plaintiff's motion for a preliminary injunction.

## CONCLUSION

For the foregoing reasons and after balancing all relevant factors, this Court DENIES plaintiff's motion to enjoin defendants from selling its buildings and/or units at issue in this litigation. An appropriate Order consistent with this ruling accompanies this Memorandum Opinion.

*[signature]*
**RICHARD J. LEON**
**United States District Judge**