IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER, <br><br> Plaintiff, <br><br> vs. <br><br> POST PROPERTIES, INC. <br> POST GP HOLDINGS, INC. <br> POST APARTMENT HOMES, L.P. <br><br> Defendants. | Case. No. 1:06CV01991 <br> Judge Richard J. Leon |

**DEFENDANTS' ANSWER TO PLAINTIFF'S NOVEMBER 21, 2006 COMPLAINT**

Defendants Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P. (collectively "Post") answers Plaintiff Equal Rights Center's November 21, 2006 Complaint as follows:

1. Paragraph 1 is an introductory sentence to which no response is necessary. To the extent paragraph 1 is deemed to contain facts, such facts are denied.

2. The first and second sentences of paragraph 2 characterize Plaintiff's statement of the case, to which no response is required. To the extent these sentences are deemed to contain facts and allegations of violations of civil rights laws by Post, such facts and allegations are denied. The third sentence of paragraph 2 is denied.

3. The first and second sentences of paragraph 3 contain conclusions of law to which no response is required. To the extent these sentence are deemed to contain facts, such facts are denied.

4. Paragraph 4 contains conclusions of law to which no response is required. To the extent paragraph 4 is deemed to contain facts, such facts are denied.

5. The first and second sentences of paragraph 5 contain conclusions of law to which no response is required. To the extent these sentences are deemed to contain facts, such facts are denied. In the first and second sentences of paragraph 5, Plaintiff also summarizes, characterizes or quotes from documents prepared by the United States Congress, which speak for themselves, are the best evidence of their contents, and therefore no response is required. However, to the extent that Plaintiff's allegations characterize a position that is inconsistent with the position stated in those documents, Post denies such allegations.

6. Post denies the allegations contained in paragraph 6.

## PARTIES

7. Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies the allegations of paragraph 7.

8. Post admits sentence 1 and sentence 2 of paragraph 8 to the extent that the executive offices of Post Properties Inc. and its subsidiaries including Post Apartment Homes L.P. are located at 4401 Northside Parkway, Suite 800, Atlanta, Georgia, 30327; Post Properties, Inc. is a self-administered and self managed equity real estate investment trust; and Post Properties Inc., indirectly through its subsidiaries, develops, owns and manages multifamily apartment communities in selected markets in the United States. The remaining allegations of sentence 1 and sentence 2 of paragraph 8 are denied. Post admits the allegations in sentence 3 of paragraph 8.

9. Post admits sentence 1 and sentence 2 of paragraph 9 to the extent that Post Apartment Homes, L.P. is a Georgia limited partnership; Post Properties Inc. indirectly through certain subsidiaries is the general partner and owns a majority interest in Post Apartment Homes, L.P.; and Post Apartment Homes, L.P., through operating divisions and subsidiaries, is the entity

through which Post Properties, Inc. indirectly conducts substantially all of its operations. The remaining allegations of sentence 1 and sentence 2 of paragraph 9 are denied. Post admits sentence 3 and sentence 4 to the extent that Post Properties, Inc., indirectly through owning all of the voting equity of certain wholly-owned subsidiaries, is the general partner and owns a majority interest in Post Apartment Homes, L.P. which, directly or through its subsidiaries, conducts substantially all of the on-going operations of Post Properties, Inc. and its subsidiaries. The remaining allegations of sentence 3 and sentence 4 of paragraph 9 are denied.

10. To the extent paragraph 10 alleges that Post owns, has developed, and manages multifamily housing complexes, the allegations are admitted. Post denies the remainder of the allegations in paragraph 10.

11. Due to vagueness and ambiguity in the allegations in sentence 1 and sentence 2 of paragraph 11, Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of sentence 1 and sentence 2 of paragraph 11. Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 3, 4 and 5 of paragraph 11, and therefore denies the allegations of sentences 3, 4 and 5 of paragraph 11.

12. Post denies the allegations in sentence 1 of paragraph 12. Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations of sentence 2 regarding the ERC's devotion of resources and therefore denies the allegations. Post denies the allegations of sentence 2 that Post has discriminatory policies and practices. Post denies the allegations of sentence 3 of paragraph 12.

## JURISDICTION AND VENUE

13.  Paragraph 13 is a statement of jurisdiction and conclusion of law to which no response is required.

14.  To the extent paragraph 14 is a statement of venue and conclusion of law no response is required. However, to the extent paragraph 14 is deemed to contain allegations that events or omissions took place which could give rise to a cause of action, the allegations are denied.

## FACTUAL AND LEGAL BACKGROUND

15.  Due to vagueness and ambiguity in the allegations of paragraph 15, Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of paragraph 15.

16.  Due to vagueness and ambiguity in the allegations regarding ERC's visits to Post's properties in paragraph 16, Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations regarding the ERC's visits. Post denies the allegations in paragraph 16 that the ERC discovered FHA and ADA violations at Post's properties.

17.  Post denies the allegations of paragraph 17 regarding violations by Post. As to the remainder of paragraph 17, Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the remainder of the allegations in paragraph 17.

18.  Due to vagueness and ambiguity in the allegations of paragraph 18, Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of paragraph 18.

19. To the extent the allegations of paragraph 19 are conclusions of law, no response is required. However, to the extent that Plaintiff alleges that all of the "Tested Properties" are subject to the design and construction requirements of the Fair Housing Act, Post denies Plaintiff's allegations in paragraph 19.

20. Post denies the allegations of sentence 1 of paragraph 20. To the extent sentence 2 of the paragraph 20 is a conclusion of law, no response is required. However, to the extent that sentence 2 of paragraph 20 is deemed to contain facts and allegations, such facts and allegations are denied.

21. Post denies the allegations of sentence 1 of paragraph 21. Sentence 2 of paragraph 21 characterizes Plaintiff's statement of the case, and no response is required. However, to the extent that sentence 2 alleges that Post has engaged in a pattern and practice of designing and constructing apartment properties in violation of the FHA and ADA, Post denies the allegations. For sentence 3 of paragraph 21, Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of sentence 3 of paragraph 21.

22. Post denies the allegations in paragraph 22.

23. Post denies the allegations in paragraph 23.

24. Post denies the allegations in paragraph 24.

25. Post denies the allegations in paragraph 25.

26. Post denies the allegations in paragraph 26.

27. Post denies the allegations in paragraph 27.

### Post Massachusetts Avenue

28.     Post admits the allegations of sentence 1 of paragraph 28 to the extent that Post Massachusetts Avenue is located in Washington, DC and is a high rise building completed in 2002 and serviced by elevators. Post denies the remainder of the allegations in sentence 1 of paragraph 28. Post denies the allegations of sentence 2 of paragraph 28.

### Post Carlyle

29.     Post admits the allegations of sentence 1 of paragraph 29 to the extent that Post Carlyle is a community located in Alexandria, Virginia which consists of apartment units and 145 condominium units serviced by elevators. Post denies the remainder of the allegations in sentence 1 of paragraph 29. Post denies the allegations of sentence 2 of paragraph 29.

### Post Pentagon Row

30.     Post admits the allegations of sentence 1 of paragraph 30 to the extent that Post Pentagon Row is an apartment community located in Arlington, Virginia, and consists of 504 units which are serviced by elevators. Post denies the remainder of the allegations in sentence 1 of paragraph 30. Post denies the allegations of sentence 2 of paragraph 30.

### Post Gateway Place

31.     Post admits the allegations of sentence 1 of paragraph 31 to the extent that Post Gateway Place is an apartment community located in Charlotte, North Carolina consisting of 436 units which are serviced by elevators. Post denies the remainder of the allegations in sentence 1 of paragraph 31. Post denies the allegations of sentence 2 of paragraph 31.

### Post Heights/Gallery

32.     Post admits the allegations of sentence 1 of paragraph 32 to the extent that Post Heights and Post Gallery, two separate apartment communities, are located in Dallas, Texas, are

serviced by elevators, and Post Heights was completed in 1999. Post denies the remainder of the allegations in sentence 1 of paragraph 32. Post denies the allegations of sentence 2 of paragraph 32.

### Post Lindbergh

33. Post admits the allegations of sentence 1 of paragraph 33 to the extent that Post Lindbergh is an apartment community located in Atlanta, Georgia and consists of 396 garden-style units. Post denies the remainder of the allegations in sentence 1 of paragraph 33. Post denies the allegations of sentence 2 of paragraph 33.

### Post Gardens

34. Post admits the allegations of sentence 1 of paragraph 34 to the extent that Post Gardens is an apartment community located in Atlanta, Georgia, completed in 1998, and serviced by elevators. Post denies the remainder of the allegations in sentence 1 of paragraph 34. Post denies the allegations of sentence 2 of paragraph 34.

### Post Abbey

35. Post admits the allegations of sentence 1 of paragraph 35 to the extent that Post Abbey is an apartment community located in Dallas, Texas, consisting of 34 units serviced by elevators and completed in 1996. Post denies the remainder of the allegations in sentence 1 of paragraph 35. Post denies the allegations of sentence 2 of paragraph 35.

### Post Rocky Point

36. Post admits the allegations of sentence 1 of paragraph 36 to the extent that Post Rocky Point is an apartment community located in Tampa, Florida, and consists of 916 units. Post denies the remainder of the allegations in sentence 1 of paragraph 36. Post denies the allegations of sentence 2 of paragraph 36.

### Post Vintage

37. Post admits the allegations of sentence 1 of paragraph 37 to the extent that Post Vintage is an apartment community located in Dallas, Texas and consists of 161 units. Post denies the remainder of the allegations in sentence 1 of paragraph 37. Post denies the allegations of sentence 2 of paragraph 37.

### Pattern and Practice Among Subject Properties

38. Post denies the allegations in paragraph 38.

39. Post denies the allegations in paragraph 39.

40. Post denies the allegations in paragraph 40.

41. Post admits the allegations of paragraph 41 to the extent that at least one of the Subject Properties has been completed within two years of the filing of this Complaint. However, Post denies the remainder of the allegations in paragraph 41.

42. Post denies the allegations in paragraph 42.

### Injury to Plaintiff

43. Post denies the allegations in paragraph 43.

44. Post denies the allegations in paragraph 44.

45. Post denies the allegations in paragraph 45.

46. Post denies the allegations in paragraph 46.

### FIRST CLAIM FOR RELIEF
### (FHA Violations)

47. Post re-alleges and incorporates by reference its Answers to Paragraphs 1-46 above.

48. Post denies the allegations in paragraph 48.

49.     Post denies the allegations in sentence 1 of paragraph 49. To the extent that sentence 2 refers to each of the Subject Properties, Post denies the allegations in sentence 2. The remainder of sentence 2 is a legal conclusion to which no response is necessary. To the extent that sentence 3 refers to each of the Subject Properties, Post denies the allegations in sentence 3. The remainder of sentence 3 is a legal conclusion to which no response is necessary.

50.     To the extent paragraph 50 alleges that there are FHA violations at the Subject Properties, Post denies the allegations of paragraph 50. As to the remainder of the paragraph, Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 50.

51.     Post denies the allegations in paragraph 51.

52.     Post denies the allegations in paragraph 52.

53.     Post denies the allegations in paragraph 53.

54.     Post denies the allegations in paragraph 54.

55.     Post denies the allegations in paragraph 55.

56.     Post denies the allegations in paragraph 56.

57.     Post denies the allegations in paragraph 57.

58.     Due to vagueness and ambiguity in the allegations of sentence 1 of paragraph 58, Post lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations of sentence 1 of paragraph 58. In sentences 2 and 3 of paragraph 58, Plaintiff seeks to summarize, characterize or quote from Post's 10-Q forms, which speak for themselves, are the best evidence of their contents, and therefore no response is required. However, to the extent that Plaintiff's allegations characterize a position that is inconsistent with the position stated in Post's 10-Q forms, Post denies such allegations.

59. Post denies the allegations in paragraph 59.

## SECOND CLAIM FOR RELIEF
### (ADA Violations)

60. Post re-alleges and incorporates by reference its Answers to Paragraphs 1-58 above.

61. Paragraph 61 is a legal conclusion to which no response is necessary. However, to the extent that paragraph 61 is deemed to contain facts, such facts are denied.

62. Paragraph 62 is a legal conclusion to which no response is necessary. However, to the extent that paragraph 62 is deemed to contain facts, such facts are denied.

63. Post denies the allegations in paragraph 63.

64. Post denies the allegations in paragraph 64.

65. Post denies the allegations in paragraph 65.

66. Post denies the allegations in paragraph 66.

67. Post denies the allegations in paragraph 67.

68. Post denies the allegations in paragraph 68.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, to which no response is required

## PRAYER FOR RELIEF

Paragraphs A-F characterize Plaintiff's prayer for relief, to which no response is required.

## ALL CLAIMS

To the extent any allegation in Plaintiff's Complaint dated November 21, 2006 remains unanswered, Post denies such allegation.

## AFFIRMATIVE DEFENSES

1) Plaintiff lacks standing to bring this suit.

2) The Court lacks subject matter jurisdiction over Plaintiff's claims.

3) Plaintiff fails to state a claim upon which relief may be granted.

4) Plaintiff's claims are barred by the applicable statute of limitations.

5) Plaintiff has failed to join necessary parties.

          Respectfully submitted,
          HOLLAND & KNIGHT, LLP

          /s/ Christopher B. Hanback
          Christopher B. Hanback (Bar # 232579)
          Alan I. Baron (Bar. # 340273)
          Rafe Petersen (Bar # 465542)
          2099 Pennsylvania Avenue, N.W.
          Suite 100
          Washington, D.C. 20006
          (202) 955 3000 Phone
          (202) 955 5564 Fax
          E-mail: christopher.hanback@hklaw.com
          E-mail: alan.baron@hklaw.com
          E-mail: rafe.petersen@hklaw.com
          *Counsel for Post Properties, Inc., et al.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Answer was served by electronic filing this 25th day of July, 2007, on the following:

Sheila Jane Carpenter, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007

Donald Lee Kahl, Esq.
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, DC 20036

/s/ Christopher B. Hanback
Christopher B. Hanback

# 4638169_v1