IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUAL RIGHTS CENTER**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case. No. 1:06CV01991 |
| ) | Judge Richard J. Leon |
| **POST PROPERTIES, INC.** ) | |
| **POST GP HOLDINGS, INC.** ) | |
| **POST APARTMENT HOMES, L.P.**, ) | |
| ) | |
| Defendants. ) | |

## CONSENT MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Equal Rights Center moves that this Court enter the attached proposed protective order. Defendants Post Properties, Inc., Post GP Holdings, Inc. and Post Apartment Homes, L.P. have consented to the entry of this order. A short memorandum supporting this Motion is attached in addition to the proposed order.

Date:  September 12, 2007

*Sheila J. Carpenter*
Sheila J. Carpenter
DC Bar #935742
sjc@jordenusa.com
Jorden Burt LLP
1025 Thomas Jefferson St. N.W.
Suite 400 East
Washington, D.C.  20007
Tel:  (202) 965-8165
Fax: (202) 965-8104

*Donald L. Kahl*
Donald L. Kahl
DC Bar # 489472
Don_Kahl@washlaw.org

- 2 -

        Washington Lawyers'
        Committee for Civil Rights and
        Urban Affairs
        11 Dupont Circle, NW
        Suite 400
        Washington, D.C. 20036
        Tel: (202) 319-1000
        Fax: (202) 319-1010

        Attorneys for Plaintiff
        Equal Rights Center

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUAL RIGHTS CENTER**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case. No. 1:06CV01991 |
| ) | Judge Richard J. Leon |
| **POST PROPERTIES, INC.** ) | |
| **POST GP HOLDINGS, INC.** ) | |
| **POST APARTMENT HOMES, L.P.**, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
CONSENT MOTION FOR PROTECTIVE ORDER**

Plaintiff the Equal Rights Center has moved this Court for entry of the attached proposed protective order. Defendants Post Properties, Inc., Post GP Holdings, Inc. and Post Apartment Homes, L.P. have consented to the entry of this order. Rule 26(c)(7) of the Federal Rules of Civil Procedure provides that certain confidential information may be ordered protected by the Court. Both parties in this case have requested information from the other that the requested party believes to be confidential. It will expedite the completion of discovery and reduce the number of discovery disputes in this case if the producing party is able to designate certain documents and deposition testimony as confidential. Therefore Plaintiff respectfully requests the entry of the attached proposed order.

Date: September 12, 2007         *Sheila J. Carpenter*
                                 Sheila J. Carpenter
                                 DC Bar #935742
                                 sjc@jordenusa.com
                                 Jorden Burt LLP
                                 1025 Thomas Jefferson St. N.W.
                                 Suite 400 East
                                 Washington, D.C. 20007

- 2 -

    Tel:  (202) 965-8165
Fax: (202) 965-8104

*Donald L. Kahl*
Donald L. Kahl
DC Bar # 489472
Don_Kahl@washlaw.org
Isabelle M. Thabault
DC Bar #318931
Isabelle_Thabault@washlaw.org
Washington Lawyers'
Committee for Civil Rights and
Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C.  20036
Tel:  (202) 319-1000
Fax:  (202) 319-1010

Attorneys for Plaintiff
Equal Rights Center

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 12th day of September, 2007, a copy of the foregoing **Consent Motion for Protective Order and attachments thereto** were filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to:  Christopher Hanback at christopher.hanback@hklaw.com, Alan I. Baron at alan.baron@hklaw.com, Rafe Petersen at rafe.petersen@hklaw.com, and Elizabeth Phelps at libby.phelps@hklaw.com, counsel for defendants.

                                             *Sheila J. Carpenter*
                                             Sheila J. Carpenter

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**EQUAL RIGHTS CENTER,**            )
                                          )
       Plaintiff,             )
                                          )
vs.                                       )   **Case No. 1:06CV01991**
                                          )   Judge Richard J. Leon
**POST PROPERTIES, INC.**           )
**POST GP HOLDINGS, INC.**          )
**POST APARTMENT HOMES, L.P.**,     )
                                          )
       Defendants.            )
_____)

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon the Consent Motion of Plaintiff the Equal Rights Center, this Court hereby **ORDERS** that the following provisions shall apply with respect to all Parties' confidential documents and information in the above-captioned litigation, as well as the confidential documents and information produced by any third parties who require protection:

### DEFINITIONS

A.   "Plaintiff" means the Equal Rights Center ("ERC"), and any of Plaintiff's agents, employees, or representatives acting on Plaintiff's behalf.

B.   "Defendants" means Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P. (collectively "Post"), and any of Defendants' agents, employees or representatives acting on Defendants' behalf.

C.   "Parties" means Plaintiff and Defendants collectively.

D.   "Protected Material" shall be defined as any answers to interrogatories, responses to requests for admission, documents produced in response to requests for production

of documents, and deposition testimony and deposition exhibits that contain confidential, proprietary, trade secret, development or research information that is designated as "Protected Material" in accordance with subparagraphs (i) – (iii) below;

    (i)    Protected Material in the form of tangible property shall be designated by physically marking it with the label "Confidential – Subject to Protective Order."  If the tangible property is a document, each page as to which Protected Material status is claimed shall be so marked;

    (ii)    Protected Material in the form of intangible property (e.g., electronic mail, electronic documents, electronic spreadsheets) shall be designated by including "Protected Material" in the file name (if possible) and labeling the medium on which the files are delivered "Protected Material";

    (iii)    Protected Material in verbal form, such as testimony of a witness, shall be designated by contemporaneous verbal designation and by directing the reporter in accordance with paragraph 4(a) below.

## CONFIDENTIALITY PROVISIONS

1.    The only categories of persons who may be given access to Protected Material, as defined herein, are court personnel and those who agree to be bound by the terms of this Protective Order and are also within one of the following categories: (a) legal counsel (and their support personnel) for the Parties; (b) employees, officers, or directors of the Parties who are witnesses in this case or who have a need to see Protected Material in order to confer with counsel, or (c) any third-party experts (and their support personnel) retained by the Parties ("Third-Party Experts").

2. Before any Third-Party Experts may inspect, view or copy Protected Material produced to them, each Third Party Expert must sign and provide to the disclosing party's counsel a copy of the Undertaking attached as Exhibit A to this Protective Order. Copies of any material in category D above shall be provided to Third-Party Experts with the "Confidential – Subject to Protective Order" designation duplicated.

3. Third-Party Experts shall use Protected Material inspected, viewed or copied by them only for purposes of preparation, prosecution, trial or settlement of this action, and shall use Protected Material for no other purpose, nor shall they disclose such Protected Material to any person not encompassed by paragraph 1 above. This paragraph shall not be construed to prevent any third-party expert from accepting assignments from other clients as long as no Protected Material is disclosed.

4. Whenever a deposition involves a disclosure of Protected Material, the following procedure shall be implemented:

(a) The reporter shall mark those pages of the transcript containing Protected Material. The cover of any deposition transcript that contains Protected Material shall be prominently marked with the legend: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." All portions of deposition transcripts so designated shall be sealed and dissemination of such transcript portions or the content thereof shall be limited to the persons given access in accordance with paragraph 1. The disclosing party shall be responsible for directing the reporter to perform the tasks set forth in this subparagraph.

(b) No one other than persons given access in accordance with paragraph 1 of this Protective Order may review the portions of a deposition transcript that have been marked as containing Protected Material. If any Protected Material is shown or discussed at a deposition,

any person other than persons given access in accordance with paragraph 1 of this Protective Order (and the court reporter and witness) must leave the deposition. Such person(s) may return to the deposition immediately after the discussion relating to the Protected Material ceases. The disclosing party shall be responsible for requesting deposition attendees to leave the room and advising when they may return to the room, as set forth in this subparagraph.

(c) Witnesses not affiliated with the Parties who are shown or asked about Protected Material shall be provided with, and given the opportunity to read, a copy of this Protective Order before they are shown or asked about any Protected Material. The questioning attorney shall be responsible for providing the witness with the Protective Order.

5. If it becomes necessary for a party to file "CONFIDENTIAL" information with the Court, either directly or as a part of another paper, the party shall file the papers in a sealed container labeled substantially as follows:

PROTECTED DOCUMENT -- FILED UNDER SEAL

> The enclosed materials are subject to a Protective Order of the United States District Court for the District of Columbia. This container shall not be opened without a Court Order by any Person Other than the Court, Court personnel, or Counsel of Record.

The party shall also electronically file a redacted copy of the paper, or if the entire filing is Protected Material, a notice that the filing has been made under seal. The Clerk of the Court shall accept for filing under seal, and shall file under seal, any information so presented for filing, and shall maintain the material under seal pending any further order of the Court; provided, however, that no further order shall be required for the Court, the Court's personnel, or Counsel of Record to have access to the material for purposes of this litigation.

6. Each person covered by this Protective Order shall take reasonable precaution to prevent disclosure of Protected Material, including by not limited to physically securing,

4

safeguarding and restricting access to the Protected Material. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity, subject to revision at any time by the Court and cessation of protection when the information becomes public knowledge through means other than violation of this Protective Order.

7.  If the disclosing party inadvertently discloses any document or thing containing information that it deems confidential without designating it as Protected Material, the disclosing party shall inform opposing counsel in writing within seven days of discovery of such inadvertent disclosure, and the information shall thereafter be treated as Protected Material under the Protective Order. To the extent such information may have been disclosed to persons other than persons given access in accordance with paragraph one of this Protective Order, reasonable efforts to retrieve the information promptly from such person(s) and to avoid any further disclosure to the non-authorized person(s) shall be made.

8.  Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order, with respect to particular designated material.

9.  The Parties may agree in writing to modifications to the disclosure of Protected Material permitted or covered by this Protective Order. Such modification shall be incorporated in a written consent order and submitted to the Court.

10. If Plaintiff or Defendants object to the designation of documents or materials as Protected Material, counsel for the objecting party shall advise counsel for the designating party in writing of the reasons for the objection, and the designating party shall have fifteen (10) business days to review the matter and meet and confer in good faith with opposing counsel in an

attempt to resolve their differences. If the designating party decides to retain the designation, the objecting party may move for an order to remove the designation. The information at issue shall be treated as "Protected Material" until the Court rules on any such motion. For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this paragraph.

11. If any entity subpoenas or orders production of Protected Material that a party has obtained subject to this Protective Order, the party subpoenaed or ordered shall promptly notify opposing counsel by email and facsimile of the pendency of the subpoena or order and shall not produce the information until opposing counsel shall have reasonable time (which shall be no less than 10 days) to object or take other appropriate steps to protect the information.

12. Nothing in this Protective Order shall restrict the use or disclosure by Plaintiff or Defendants of their own Protected Material, including but not limited to deposition testimony of employees or experts.

13. The inadvertent or unintentional disclosure by Plaintiffs or Defendants of "confidential" or "privileged" information shall not be deemed waiver, in whole or in part, of claims of confidentiality, work product, or attorney client privilege by Plaintiffs or Defendants.

14. At the conclusion of litigation, including any appeals, all Protected Material treated as confidential under this Protective Order and not received in evidence shall be returned to the originating party within sixty (60) days of the conclusion of the proceedings before the Court. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

15. This Protective Order shall survive the final termination of the action (including all appeals), and the Court shall retain jurisdiction to resolve any dispute concerning this Protective Order.

Seen and agreed:


*Sheila J. Carpenter*            *Alan I. Baron*
Sheila J. Carpenter              Alan I. Baron

*Counsel for Equal Rights Center*    *Counsel for Post Properties, Inc., et al*


IT IS SO ORDERED this ____ day of September, 2007.


                                                _____
                                                **RICHARD J. LEON**
                                                JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **EQUAL RIGHTS CENTER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV01991 |
| | ) | Judge Richard J. Leon |
| **POST PROPERTIES, INC.** | ) | |
| **POST GP HOLDINGS, INC.** | ) | |
| **POST APARTMENT HOMES, L.P.**, | ) | |
| | ) | |
| Defendants. | ) | |

## **UNDERTAKING**

The undersigned has read the Protective Order entered in the above-captioned proceeding, understands its contents, and shall undertake to make no disclosures of Protected Material, as defined therein, which has been marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to any person who is not permitted to have access to such materials under the terms of the Protective Order.  In addition, the undersigned agrees not to use Protected Material so marked for any purpose other than in connection with the above-captioned proceedings.

I declare under penalty of perjury that the foregoing is turn and correct.


Executed on: _____        Signature: _____

                                                             Printed Name: _____