## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **EQUAL RIGHTS CENTER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 1:06CV01991** |
| | ) | **Judge Richard Leon** |
| **POST PROPERTIES, INC.**, *et al.*, | ) | **Magistrate Judge Alan Kay** |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF THE EQUAL RIGHTS CENTER'S
### MEMORANDUM OF POINTS AND AUTHORITIES IN
### OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Plaintiff the Equal Rights Center ("ERC"), by its attorneys, respectfully submits this Memorandum in Opposition to Defendants' Motion to Compel Discovery ("Motion"), filed September 18, 2007. Submitted herewith is the Declaration of Sheila J. Carpenter and a proposed order. In opposition to the Motion, the ERC says:

    **1.**     **Defendants' Motion does not comply with Local Rule 7(m) or Rule 37.**

        **a.**     **Local Rule 7(m)**

Local Rule 7(m) provides that before any nondispositive motion may be filed with this Court, counsel for the party proposing to file the motion must confer with opposing counsel in person or by telephone in a good faith effort to seek consent, and if consent is not forthcoming, counsel must attempt to narrow the areas of disagreement. Any motion ultimately filed must contain certification that such a conference took place. Here there was no such certification and more importantly, **there was no such conference**. There has never been a conversation between counsel about the alleged deficiencies in ERC's discovery responses. There was only

limited email traffic about deposition dates for Ms. Crootof; *see* Carpenter Declaration Ex. D. On the day the Motion was filed, Counsel for Defendants left a voicemail message that Defendants planned to file a motion to compel; the message generically referenced interrogatories and dates for deposition. Counsel for the ERC responded with an email asking for the basis for the motion; however there was no response, only the filing of the Motion. *See* Carpenter Decl. ¶14.

For this reason alone, the Motion should be denied and the ERC should be awarded its attorneys' fees in connection with the Motion. *See Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 102 (D.D.C. 2006) and cases cited therein. There is no acceptable excuse for ignoring the plain requirements of Local Rule 7(m).

### b.    Federal Rule of Civil Procedure 37

In addition to ignoring Local Rule 7(m), counsel for Defendants also ignored the requirements of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure. Defendants' Motion contains a purported "Rule 37(a)(1)(B) certificate;" however, Rule 37(a)(1) **has no part (B).** In any event, the certification that "counsel for Post has in good faith conferred or attempted to confer with counsel for the ERC" is false. It cannot be disputed that there was no conference between counsel concerning the issues raised in the Motion. Nor was there any good faith attempt on the part of Defendants to confer. Leaving one telephone message, disregarding the reply message, and filing the Motion two hours later is hardly the good faith attempt to confer required by Rule 37. For this reason as well, the Motion should be denied and the ERC should be awarded its attorneys' fees in connection with the Motion.

**2.    A proposed order is not a Court Order until it is adopted by the Court.**

Defendants' primary complaint is that since the parties agreed on a proposed protective order, and the ERC submitted it to the Court, confidential documents should have been produced immediately. Presumably Defendants and their counsel, having agreed to the proposed order, would have been bound by it if documents were produced to them pursuant to it. The proposed order, however, dealt not only with production of information to Defendants but also with how the parties are to deal with third-party requests for the information and with the use of the information in deposing third-party witnesses.

For example, counsel for Defendants are also counsel for other multifamily housing developers involved in disputes with the ERC over their failure to comply with federal fair housing laws. Those developers, and others, could subpoena the ERC's confidential documents from Defendants without any restraint. Likewise, counsel for Defendants cannot speak for third-party witnesses who may be shown confidential documents during their preparation or testimony. A proposed protective order does not have the power of the Court behind it until it is entered. Also, even though the Motion for Protective Order was a consent motion, there are instances where courts have concerns about protective orders that result in modifications of the proposed order. ERC was not unreasonable in choosing to wait to produce confidential documents until the proposed order became an actual Court order. The Protective Order was entered on September 24, 2007 and the ERC began hand-delivering documents to counsel for Defendants that very day. Additional documents were delivered the next day.

**3.     Defendants Mislead the Court as to the Course of this Case.**

Defendants' representations to the Court regarding the progress of discovery demonstrate either a lack of knowledge of the facts or an attempt to mislead the Court.  The facts demonstrate that the ERC has diligently prosecuted this matter, including discovery:

1)     The Complaint in this matter was filed on November 21, 2006, alleging that Post had violated both the Fair Housing Act Amendments of 1988 and the Americans with Disabilities Act through its pattern and practice of designing and constructing multifamily housing without the features of accessibility and adaptive design required by these statutes.

2)     Defendants initially sought an extension to **February 2007** to even respond to the Complaint.  Carpenter Decl. ¶3.  Defendants filed a Motion to Dismiss on January 29, 2007 which was denied by the Court in a Minute Order dated June 14, 2007.  Defendants then requested another extension of time to file their Answer which was ultimately filed July 25, 2007, putting the case at issue for the first time **more than eight months** after the filing of the Complaint.

3)     During this time period, the Court entered a scheduling order on March 20, 2007 setting October 31, 2007 as the discovery deadline.

4)     The ERC commenced discovery promptly thereafter by serving a Request to Inspect Properties on April 5, 2007.  ERC retained consultants specializing in accessibility issues to inspect Post's complexes covered by the fair housing laws.  The ERC also simultaneously served its First Request for Production of Documents.  Finally, at the same time, the ERC proposed a protocol for handling the property inspections.  Post's initial response to this discovery was to file a Motion to Stay Discovery on April 27, 2007.  However, the Court denied this motion *sua sponte* on May 1, 2007.

5)      Counsel for ERC requested that property inspections begin the week of June 25, 2007. However, counsel for Post advised that in-house counsel for Post planned to take his only vacation for the year that week and counsel and the consultants for ERC agreed to move the inspection back to the week of June 18 so he could attend. In addition, counsel for Post refused to permit any inspections the week of July 11 because Post's junior counsel were going on vacation that week. Carpenter Decl. ¶7.

6)      On June 18, at the first inspection, counsel for ERC advised Mr. Hanback, lead counsel for Post, that she wished to take a Rule 30(b)(6) deposition on July 16 and 17, 2007. He said to talk to Mr. Petersen who said he would check with his client, but did not get back to counsel for ERC. Having heard nothing, and needing to make arrangements, counsel for ERC filed the deposition notice on June 21, 2007 and made travel, conference room and court reporting arrangements. On June 28, counsel for ERC received an e-mail from yet a third counsel for Post indicating that there were scheduling problems with this date and that "a major witness" had had surgery about a month before; he proposed no alternate dates. It was later revealed that the witness had returned to work and the scheduling problem was that counsel planned to go on vacation later in the week. In light of the late request to change the date, the fact that there was no other time to do the deposition in July and that she would be gone for the month of August,[1] counsel for ERC declined to change the date but agreed to accommodate, and did accommodate, any need the witness might have for shorter days and extra breaks.

---

[1] Counsel for ERC took a 4-week road trip around the U.S.A. with her 16-year old daughter in August. This trip had been planned for five years and could not be cancelled or postponed. Counsel for Post were made aware of this commitment.

7)     Post produced only one witness for the Rule 30(b)(6) deposition, a **paralegal** **from Post's Legal Department** who knew little about the design and construction of the properties at issue.  Much of the information sought by ERC through the 30(b)(6) Notice was unknown to this witness who basically recited a script written for her by counsel and provided lists of answers prepared by Defendants' counsel.  Post promised to provide additional information, the first of which was mailed to counsel for ERC the same day the instant Motion was filed.

8)     On July 3, 2007, counsel for Post served paper discovery on the ERC by certified mail.  This envelope was not received by the Washington Lawyers' Committee until July 9 and by Jorden Burt LLP until July 11, 2007.  Since the Rules contemplate that parties will have 30 days to respond to paper discovery, counsel for ERC asked if the responses could be deemed due August 10.  This is erroneously described by Defendants in the Motion  as ERC requesting "an extension."

9)     Counsel for Post filed a notice of a Rule 30(b)(6) deposition of the ERC on August 27, 2007 and also sent a proposed protective order to lead counsel for ERC that day.  Counsel for Post knew she was on vacation for the month of August.  The date selected unilaterally was September 26, 2007, the beginning of the High Holy Days for the Jewish faith.  ERC's Answers to Interrogatories were signed by **Rabbi** Bruce Kahn, ERC's Executive Director, and the most likely witness for the governance and finance issues addressed by the deposition notice.  Also, lead counsel for ERC already had depositions set for September 27-28 in another case.

10)     After counsel for ERC had a chance to confer with potential witnesses and check their own schedules, they offered to make Rabbi Kahn available on several dates near

the original date and offered a second designee, Rebecca Crootof, the ERC tester who first inspected a large number of Post properties for accessibility violations, for deposition the week of October 15.  *See* e-mail attached to the Carpenter Declaration as Ex. D.  Ms. Crootof lives in Durham, North Carolina and planned to be on vacation the first two weeks in October.  When it was confirmed that she would not be available these two weeks and counsel for Post took the position that the week of October 15 was unacceptable, counsel for ERC tried to work out dates in late September.  However, there were insufficient days in late September when both counsel for ERC[2] and Ms. Crootof were available to prepare and present Ms. Crootof for deposition.  Due to the number of properties tested by Ms. Crootof, it is unlikely that her deposition can be completed in one day.  It is currently scheduled for October 18-19, 2007.

The ERC could have followed Post's lead and found a project assistant able to recite a script written by counsel.  However, it has chosen to designate witnesses actually involved in the transactions at issue.  It has responded promptly to the request for witnesses and let counsel for Post know their schedules.  Counsel for ERC do not have the power to make scheduling conflicts go away.  They did what they could do to accommodate counsel for Post.  Ms. Crootof will be deposed October 18-19 and Defendants have the ability to request additional depositions as a result of this deposition.  Post, the party whose non-meritorious motion to dismiss, and repeated requests for extensions, caused this case to take eight months to be at issue, cannot be harmed by having to wait three weeks for a deposition.

---

[2] Ironically, Holland & Knight, the megafirm that could not staff inspections when its junior counsel were on vacation, complains that Jorden Burt LLP, a small law firm, should have brought in someone unfamiliar with the case to defend Ms. Crootof, one of the ERC's most important fact witnesses.  Even if that had been done, that would not have solved Ms. Crootof's scheduling problems.

The ERC has submitted herewith the Declaration of Sheila J. Carpenter which contains a more complete history of this litigation and illustrates the suggestions in Post's Motion that counsel for the ERC have been less than accommodating and that the ERC has been dilatory are false.

**4.    Post's Motion Concerning Paper Discovery is Inadequate and Incomprehensible.**

Reading the invective in Post's Memorandum would lead someone to believe that the ERC has simply not responded to Defendants' Interrogatories. Yet when the ERC's Answers are read, they are responsive and/or they contain legitimate objections. This would have been apparent from Post's Motion had Defendants followed the usual practice of quoting each disputed interrogatory, the answer in contention and then stated their objection to the answer. Because this was not done, it is difficult to discern Defendants' argument. For example, Defendants quarrel with the ERC's response to Interrogatory No. 1 (Motion at 9), arguing that the ERC should have told them more about why it was claiming privilege and should have identified the nature of the information claimed as privileged. The question and answer read:

> 1) **Identify any person who you claim has a disability who has ever been in communication with the ERC or complained to the ERC with regard to the alleged discrimination by Post related to fair housing and accessibility matters and state the reason each person is not a named Plaintiff in this action.**
>
> **Answer:** The ERC objects to the portion of the interrogatory that calls for the reason that a person is not a named plaintiff as that information is privileged since it is a legal judgment made by the ERC's attorneys. Without waiver of this objection, no such person is known to the ERC.

The question asks for the identity of anyone who has communicated with the ERC about Post's discriminatory practices and the answer tells Post that ERC is not aware of any such person. The objection makes the point that even if there were such a person, it would be a judgment

call by the ERC and its lawyers whether to make that person a plaintiff. But there is no such person. How can such an answer be inadequate, let alone the subject of a motion to compel?

Had Defendants sought the conference between counsel required by the Rules, presumably any misunderstanding about this answer, and any other questioned answers could have been cleared up easily. There was no such conference. Defendants' Motion should therefore be denied and counsel for Post should be directed to confer with counsel for the ERC as to any answers they believe to be inadequate.

###### 5.    The ERC is entitled to Sanctions.

Counsel for ERC have had to stop the diligent prosecution of this action to respond to an ill-considered Motion filed in violation of the Local and Federal Rules. The Motion misstates facts and attempts to portray the ERC and its counsel in a false light. However, the history of this litigation recited at pp. 4-7 above, and in further detail in the Declaration of Sheila J. Carpenter filed herewith, demonstrates that Post, not the ERC, has been the party causing significant delays in this case. This is part of a larger strategy on Post's part to take actions in this case that avoid coming to terms with the merits of its conduct. It is not an accident that this Motion was filed just after Post served paper discovery that requires Post to provide evidence of its 17-year history of ignoring the accessibility requirements of federal law. This Motion should be denied for the reasons stated above and, in accord with F.R.Civ.P. 37 (a)(4)(b), award the ERC its costs and attorneys' fees in connection with the Motion.

Date: October 1, 2007                    Respectfully submitted,

*Sheila J. Carpenter*
Sheila J. Carpenter
DC Bar #935742
sjc@jordenusa.com
Jorden Burt LLP
1025 Thomas Jefferson St. N.W.

Suite 400 East
Washington, D.C.  20007
Tel:  (202) 965-8165
Fax: (202) 965-8104

*Donald L. Kahl*
Donald L. Kahl
DC Bar # 489472
*Don_Kahl@washlaw.org*

Isabelle M. Thabault
DC Bar #318931
*Isabelle_Thabault@washlaw.org*
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
11 Dupont Circle, NW, Suite 400
Washington, D.C.  20036
Tel:  (202) 319-1000
Fax:  (202) 319-1010

Attorneys for Plaintiff
Equal Rights Center

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of October, 2007, a copy of the foregoing Plaintiff Equal Rights Center's Memorandum in Opposition to Defendants' Motion to Compel, Declaration of Sheila J. Carpenter and proposed order were filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to:  Christopher Hanback at christopher.hanback@hklaw.com, Alan I. Baron at alan.baron@hklaw.com, Rafe Petersen at rafe.petersen@hklaw.com, and Elizabeth Phelps at libby.phelps@hklaw.com, counsel for Defendants.

*Sheila J. Carpenter*
Sheila J. Carpenter

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**THE EQUAL RIGHTS CENTER**,

        Plaintiff,

    v.

**POST PROPERTIES, INC.**, *et al.*,

        Defendants.

---

**Case No.: 1:06-cv-01991**
**Judge Richard Leon**
**Magistrate Judge Alan Kay**

---

**DECLARATION OF SHEILA J. CARPENTER IN SUPPORT OF**
**THE EQUAL RIGHTS CENTER'S OPPOSITION TO**
**THE POST DEFENDANTS' MOTION TO COMPEL**

I, Sheila J. Carpenter, affirm the following to be true:

    1.  I am a duly licensed attorney at law, admitted to the Bars of Maryland (1975) and the District of Columbia (1977). I am a partner in the law firm of Jorden Burt LLP in Washington, D.C. I have personal knowledge of the facts stated herein and am competent to testify thereto.

    2.  Jorden Burt represents the Equal Rights Center ("ERC") in this action against Defendants Post Properties, Inc., Post GP Holdings, Inc. and Post Apartment Homes L.P. (collectively "Post"). The case involves the alleged failure of Post to comply with the accessibility requirements of the Fair Housing Act and the Americans with Disabilities Act in designing and constructing its apartment and condominium complexes. I am one of the attorneys responsible for representing the ERC in this litigation and act as lead counsel. I offer this Declaration in support of the ERC's Opposition to Post's Motion to Compel.

    3.  The ERC filed this lawsuit on November 21, 2006. An attorney-officer of Post was served a few days later. Outside counsel for Post contacted me and asked for an extension until a

date in February 2007.  I advised that I thought that was too far away but agreed to an extension until January 29, 2007.

4.   On January 29, 2007, Post filed a Motion to Dismiss or, in the Alternative, for Partial Summary Judgment.  Also on January 29, my mother passed away.  Because she was buried at Arlington National Cemetery which is overwhelmed with the number of World War II veterans and spouses being buried, we did not have her funeral until February 14.  Counsel for Post agreed to an extension of the ERC's time to respond until March 2 so that I could attend to family matters.[1]  This is the only extension the ERC has requested in this case other than a week's extension to respond to paper discovery which was necessitated by that discovery's taking 8 days to get to my office via certified mail.

5.   While the Motion to Dismiss was pending, the parties were required to file their Meet and Confer Report.  The Court entered a scheduling order on March 15, 2007.

6.   The ERC served its first request for documents and request to inspect properties on April 5, 2007, along with a cover letter proposing a protocol for the inspections.  Post's response on April 27, 2007 was to file a Motion to Stay Discovery which was denied *sua sponte* by the Court on May 1, 2007.  It would be May 21 before counsel for Post discussed the protocol for inspections with me.  The ERC received some documents from Post on a disk on or about May 9, 2007 which were described as those "readily available" on Post's computer system.  I asked for the rest of the documents and got some additional documents on or about July 2, 2007.   On June 29, counsel for Post had in an e-mail described the May documents as "all of the documents in

---

[1] The docket is somewhat confusing because it shows the ERC's Opposition filed March 2, 2007 but also shows a Minute Order by the Court on March 3 indicating that the Opposition had not been filed.  The Opposition was filed on March 2 but had to be filed by e-mail because the electronic filing system would not accept it despite several attempts.

Post's possession" -- the production of additional documents in July and the F.R.Civ.P 30(b)(6) deposition of Post in July demonstrated that this was not so. Post did not serve a written response to the document request. I asked for one in September and received a response in late September that described what Post had done, not a response that said everything had been produced.

7.   Post's Motion to Dismiss was denied by Minute Order dated June 14, 2007. The first property inspection by the ERC's accessibility experts pursuant to the ERC's April 5, 2007 request was scheduled for June 18, 2007. It had been set for June 25 but was moved to a week earlier so that it would not conflict with the vacation schedule of inside counsel for Defendants who wished to attend. Also at the request of counsel for Post, the ERC refrained from doing inspections the week of July 11 since Mr. Petersen and Ms. Phelps, two of Defendants' outside counsel, were going to be on vacation. I asked if someone else from Holland & Knight could attend but was told that could not be done. *See* e-mail attached as Ex. A.

8.   At the inspection on Monday, June 18, I asked Chris Hanback, lead counsel for Post about taking a Fed.R.Civ.P 30(b)(6) deposition of Defendants the week of July 16, particularly July 16-17. The ERC was planning to do a property inspection in Atlanta on July 18-19 of a property that had recently been sold by Post which required coordination with the new owner. Post's home office is in Atlanta so doing it then would allow Post to bring in the right witnesses more easily. Mr. Hanback told me to check with his partner Rafe Petersen which I did. Mr. Petersen said he would "get back to [me]." He did not, so I filed and served a formal Deposition Notice on June 21. I still heard nothing from Defendants so the following week I made final travel plans for the deposition.

9.    Late the night of Wednesday, June 27, I got an email from Alan Baron, another Holland & Knight attorney, suggesting scheduling problems with the July 16 date and that "a major witness" had had surgery about a month before; he proposed no alternate dates.  I invited him to call me Thursday or Friday to discuss any problems.  *See* e-mails attached as Ex. B.  I advised that I would be leaving by 2:00 pm on Friday the 29th.  Nonetheless Mr. Baron called my office about 5:00 p.m. on Friday the 29th and left a message that the date was not good for him.  When we did talk the following week, it was revealed that the witness had returned to work and the scheduling problem was that he planned to go on vacation later in the week (not the days of the deposition).  In light of the untimely request to change the date, the fact that there was no other time to do the deposition in July and that I was scheduled to be out of town for the month of August,[2] I declined to change the date but agreed to accommodate, and did accommodate, any need the witness might have for shorter days and extra breaks.  The first day started after lunch and concluded before 6:00 p.m.; the second day started at 10:25, had over an hour lunch break, other breaks and concluded at 3:21 p.m.

10.    Post produced only one witness for the Rule 30(b)(6) deposition, a **paralegal** from Post's Legal Department who knew little about the design and construction of the properties at issue.  Much of the information sought by ERC in its 30(b)(6) Notice was unknown to this witness who basically recited a script or handed us lists written for her by Defendants' counsel.  At the deposition, Post promised to provide additional information, the first of which was mailed to counsel for ERC on September 18, the same day the instant Motion was filed.

---

[2] My 16-year old daughter and I took the trip of a lifetime, a 4-week road trip around the U.S.A. in August.  This vacation had been planned for five years and could not be cancelled or postponed.  Counsel for Post were aware of this commitment.

11.    As to Post's written discovery, counsel for Post served this on the ERC by certified mail.  The cover letter was dated July 3, 2007, but the envelope was not received by my co-counsel at the Washington Lawyers' Committee until July 9, and at Jorden Burt LLP until July 11, 2007.  Since the Rules contemplate that parties will have 30 days to respond to paper discovery, on July 13, I requested of Defendants that the responses be deemed due August 10 and counsel for Post agreed on August 1, 2007.  *See* e-mails attached as Ex. C.  The responses were in fact served on August 9, 2007.

12.    Disregarding the local custom of clearing deposition dates in advance, counsel for Post filed a notice of a Rule 30(b)(6) deposition of the ERC on August 27, 2007, and also sent a proposed protective order to me that day.  The date selected unilaterally was September 26, 2007, to be continued from day-to-day until completed.  I already had depositions set for September 27-28 in New York in another case and if counsel for Post had had the courtesy to check with me, I would have been able to tell them September 26 was not available.  September 26 was also a Jewish Holy Day.  Rabbi Bruce Kahn is the ERC's Executive Director, a fact known to Post.  He was the most knowledgeable witness for the governance and finance issues addressed by Defendants' deposition notice.  I advised counsel for Post via email on August 28 that the chosen date would not work due to my having out-of-town depositions in another case. Defendants then suggested that the depositions be on the eve of Yom Kippur.

13.    Mr. Kahl then got in touch with Rebecca Crootof, the ERC tester who first inspected a large number of Post properties for accessibility violations, and with Rabbi Kahn to find out their availability.  Ms. Crootof lives in Durham, North Carolina.  She advised that she was planning a vacation for the first two weeks of October.  After we conferred about our own schedules and the witnesses' during the first week in September, we offered Rabbi Kahn on

several dates near the original date and offered Rebecca Crootof the week of October 15. When it was confirmed that Ms. Crootof would not be available the first two weeks of October and counsel for Post complained that the week of October 15 was too late, we tried to work out dates in late September. However, there were insufficient days in late September when Ms. Crootof and the ERC's counsel [3] were all available to prepare and present Ms. Crootof for deposition. Due to the number of Post's properties tested by Ms. Crootof, it is unlikely that her deposition can be completed in one day. It is currently scheduled for October 18-19, 2007.

14. Counsel for Post advised "[y]ou will be hearing from us," in an e-mail dated September 12, 2007. *See* e-mails attached as Ex. D. We did not hear anything from Defendants until September 18 when I got phonemail message from Mr. Petersen saying that Defendants were filing a motion to compel that day; he said something about interrogatories that I did not understand and mentioned their concerns about scheduling Ms. Crootof. I did not understand why Post would be filing a motion to compel. We had answered interrogatories and had provided the documents to Post that we could without a protective order, which was awaiting entry by the Court; we had tried to accommodate Post's desired timing for the deposition but were simply unable to do so. I had not been advised of any alleged deficiencies in our written responses which had been served over a month earlier. I therefore promptly sent Mr. Petersen an e-mail asking him why they would be filing a motion to compel. *See* e-mail attached as Ex. E.

---

[3] Ironically, Holland & Knight, the firm that refused to staff inspections when its junior counsel were on vacation, complains that Jorden Burt LLP, a much smaller law firm, should have brought in someone unfamiliar with the case to defend Ms. Crootof, one of the ERC's most important fact witnesses. Even if that had been done, that would not have solved Ms. Crootof's scheduling problems.

Defendants did not respond.  To this day, counsel for Post have not discussed with any of the counsel for the ERC their specific concerns about the ERC's discovery responses.

15. As noted above, I received a draft protective order from Mr. Baron on August 27.  It was edited and sent it back for Defendants' review by e-mail dated September 4.  No one from Holland & Knight responded until Monday, September 10.  On September 12, the parties agreed on the text of the proposed protective order and the ERC filed a consent motion with the Court that same day.  The Court did not enter the order until September 24.  That day I had most of the ERC's confidential documents hand-delivered to counsel for Post; the remaining confidential documents were delivered the next day.

16. No trial date has been set in this case, and at the hearing Judge Leon held on May 8, 2007, he advised that it would likely be three years before trial could be had.

I declare under penalty of perjury that the foregoing is true and correct.

_/s/ Sheila J. Carpenter_

Date:  October 1, 2007                          Sheila J. Carpenter

## Carpenter, Sheila

**From:** rafe.petersen@hklaw.com
**Sent:** Monday, June 04, 2007 10:18 AM
**To:** Carpenter, Sheila
**Subject:** RE: ERC v. Post inspection

July 9-13, thank you.

---

**From:** Carpenter, Sheila [mailto:SJC@jordenusa.com]
**Sent:** Monday, June 04, 2007 10:18 AM
**To:** rafe.petersen@hklaw.com
**Subject:** RE: ERC v. Post inspection

OK- remind me what week that was and I'll let Peter Stratton know.
-----Original Message-----
**From:** rafe.petersen@hklaw.com [mailto:rafe.petersen@hklaw.com]
**Sent:** Monday, June 04, 2007 8:51 AM
**To:** Carpenter, Sheila
**Subject:** RE: ERC v. Post inspection

Shelia, I'm sorry but the two of us are the ones responsible for this and neither of us can make it. No one can fill in for us that week. I think that we are being more than reasonable in requesting a break during what is the peak of summer vacation.
Regards, Rafe

---

**From:** Carpenter, Sheila [mailto:SJC@jordenusa.com]
**Sent:** Wednesday, May 30, 2007 10:42 AM
**To:** rafe.petersen@hklaw.com
**Subject:** RE: ERC v. Post inspection

In response to your voicemail, it was our intent to keep going week after week until we finish. See my note to Chris below. We are going to assign several people to this project although I don't believe that we'll have someone at every inspection. Can someone fill in for you and Libby the week you are out? Maybe someone with family/friends in NC?

-----Original Message-----
**From:** rafe.petersen@hklaw.com [mailto:rafe.petersen@hklaw.com]
**Sent:** Wednesday, May 30, 2007 10:24 AM
**To:** Carpenter, Sheila; rafe.petersen@hklaw.com
**Cc:** pstratton@swinter.com; Don_Kahl@washlaw.org; Isabelle_Thabault@washlaw.org; christopher.hanback@hklaw.com; alan.baron@hklaw.com; libby.phelps@hklaw.com
**Subject:** RE: ERC v. Post inspection

Yes, that date works. Thank you.

---

**From:** Carpenter, Sheila [mailto:SJC@jordenusa.com]
**Sent:** Tuesday, May 29, 2007 2:04 PM
**To:** rafe.petersen@hklaw.com
**Cc:** Peter A. Stratton; Don Kahl; Isabelle M. Thabault; christopher.hanback@hklaw.com; alan.baron@hklaw.com; libby.phelps@hklaw.com
**Subject:** FW: ERC v. Post inspection

*Carpenter Aff. Ex. A*

10/1/2007

Hi Rafe - Peter Stratton is OK with starting the week of June 18 so please confirm that 1:00 pm on Monday, June 18 is an agreeable date and time to start with Pentagon Row.  We'll keep the same order indicated below so we'll be moving to Carlyle once Pentagon is finished.

-----Original Message-----
**From:**   Carpenter, Sheila
**Sent:**   Friday, May 25, 2007 5:12 PM
**To:**   'christopher.hanback@hklaw.com'
**Subject:**   ERC v. Post inspection

Hi Chris - We'd like to start with Pentagon Row on Monday, June 25 at 1:00 pm.  Our testing file indicates that there are 40 different floor plans.  If that is so, I expect that the inspection will take most of the week.  If we finish Pentagon Row that week, we'd like to go next to Carlyle Square.  The following week, we would like to do Carlyle Square and then Mass. Ave.  After that we'll move on to Corners, Forest and Tyson's Corner.  Let me know if this order presents any problems for your client or your firm.

FYI-once we finish DC/Virginia, we will move to North Carolina except we will probably be in Atlanta the week of July 16.

**Sheila J. Carpenter**
**sjc@jordenusa.com**
**202-965-8165**
**Jorden Burt LLP**
**1025 Thomas Jefferson Street, NW**
**Suite 400 East**
**Washington, DC  20007-5208**

**www.jordenburt.com**
**fax: 202-965-8104**

STATEMENT OF CONFIDENTIALITY AND PRIVILEGE

This e-mail transmission, which includes its attachments, if any, is intended for a particular addressee(s) and may contain confidential and/or attorney-client or work product privileged material. If you are not the named addressee, or if this e-mail transmission has been addressed to you in error, or it is otherwise not clear that you are the intended recipient (or his or her authorized agent), you are hereby notified that you have received this e-mail transmission in error and that any review, disclosure, distribution, dissemination, copying, printing, maintaining, saving, or other use of this e-mail transmission is strictly prohibited. Delivery of this e-mail transmission to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this e-mail transmission in error, please notify Jorden Burt LLP immediately by reply e-mail to the sender and permanently delete the e-mail transmission and its attachments, if any. Thank you.

This e-mail transmission and any attachments are believed to have been sent free of any virus or other defect that might affect any computer system into which it is received and opened. It is, however, the recipient's responsibility to ensure that the e-mail transmission and any attachments are virus free, and Jorden Burt LLP accepts no responsibility for any damage that may in any way arise from their use.

**Carpenter, Sheila**

| | |
|---|---|
| **From:** | Carpenter, Sheila |
| **Sent:** | Thursday, June 28, 2007 10:36 AM |
| **To:** | 'alan.baron@hklaw.com' |
| **Subject:** | RE: Post 30(b)(6) deposition |

I'll be in the office tomorrow from about 10 until 2:30 when I have to leave for a doctor's appointment.  Give me a call at your convenience.  I'm also in the office all day today if you get a break.  202-965-8165

-----Original Message-----
From: alan.baron@hklaw.com [mailto:alan.baron@hklaw.com]
Sent: Wednesday, June 27, 2007 10:08 PM
To: Carpenter, Sheila
Subject: Re: Post 30(b)(6) deposition


Sheila,

There are some serious scheduling issues which we need to discuss. A major witness had a double mastectomy about a month ago and needs to take it easy. Also, I am told that gathering some of the information iis a maor undertaking. I am in Dallas but will be back in the office Friday. I hope we can talk then.

Alan
-------------------------
Sent from my BlackBerry Wireless Handheld (www.BlackBerry.net)


----- Original Message -----
From: Carpenter, Sheila <SJC@jordenusa.com>
To: christopher.hanback@hklaw.com <christopher.hanback@hklaw.com>;
alan.baron@hklaw.com <alan.baron@hklaw.com>; rafe.petersen@hklaw.com
<rafe.petersen@hklaw.com>; libby.phelps@hklaw.com <libby.phelps@hklaw.com>
Cc: Don_Kahl@washlaw.org <Don_Kahl@washlaw.org>; Isabelle M. Thabault
<Isabelle_Thabault@washlaw.org>
Sent: Wed Jun 27 14:20:05 2007
Subject: Post 30(b)(6) deposition

I have confirmed with Sutherland Asbill & Brennan that they can accommodate us for the Post 30(b)(6) deposition on July 17 and 18.  Their offices are at 999 Peachtree St. NE in Atlanta.  We will be in the Cumming Room which is on 17 East.  We have Judy O'Brien to thank for this hospitality; her assistant is Jennifer Wagner.

PS: There is a Wyndham hotel next to the office but resist the urge to stay there.

1

*Carpenter Aff. Ex. B*

**Carpenter, Sheila**

| | |
|---|---|
| **From:** | Carpenter, Sheila |
| **Sent:** | Wednesday, June 27, 2007 10:17 PM |
| **To:** | 'alan.baron@hklaw.com' |
| **Subject:** | Re: Post 30(b)(6) deposition |

This is a little late to be talking scheduling.  I proposed these dates 10 days ago and got nothing back so I have made all my arrangements.  If there.s a piece or two missing, we can do that another time.  I'll take it easy on your convalescent.  Maybe break up her testimony?  Sheila

Sent by GoodLink (www.good.com)


-----Original Message-----
From:      alan.baron@hklaw.com [mailto:alan.baron@hklaw.com]
Sent: Wednesday, June 27, 2007 10:07 PM Eastern Standard Time
To:   Carpenter, Sheila
Subject:    Re: Post 30(b)(6) deposition

Sheila,

There are some serious scheduling issues which we need to discuss. A major witness had a double mastectomy about a month ago and needs to take it easy. Also, I am told that gathering some of the information iis a maor undertaking. I am in Dallas but will be back in the office Friday. I hope we can talk then.

Alan
-------------------------
Sent from my BlackBerry Wireless Handheld (www.BlackBerry.net)


----- Original Message -----
From: Carpenter, Sheila <SJC@jordenusa.com>
To: christopher.hanback@hklaw.com <christopher.hanback@hklaw.com>;
alan.baron@hklaw.com <alan.baron@hklaw.com>; rafe.petersen@hklaw.com
<rafe.petersen@hklaw.com>; libby.phelps@hklaw.com <libby.phelps@hklaw.com>
Cc: Don_Kahl@washlaw.org <Don_Kahl@washlaw.org>; Isabelle M. Thabault
<Isabelle_Thabault@washlaw.org>
Sent: Wed Jun 27 14:20:05 2007
Subject: Post 30(b)(6) deposition

I have confirmed with Sutherland Asbill & Brennan that they can accommodate us for the Post 30(b)(6) deposition on July 17 and 18.  Their offices are at 999 Peachtree St. NE in Atlanta.  We will be in the Cumming Room which is on 17 East.  We have Judy O'Brien to thank for this hospitality; her assistant is Jennifer Wagner.

1

*file -PB- LC- Post*
*corr*

## Carpenter, Sheila

**From:**     rafe.petersen@hklaw.com
**Sent:**     Wednesday, August 01, 2007 12:53 PM
**To:**     Carpenter, Sheila
**Subject:** RE: ERC v. Post paper discovery

Yes, that is ok

---

**From:** Carpenter, Sheila [mailto:SJC@jordenusa.com]
**Sent:** Wednesday, August 01, 2007 5:08 AM
**To:** Phelps, Elizabeth "Libby" (WAS - X77273)
**Cc:** Petersen, Rafe (WAS - X72481)
**Subject:** RE: ERC v. Post paper discovery

Did we agree that the responses are due the 10th?
-----Original Message-----
**From:** libby.phelps@hklaw.com [mailto:libby.phelps@hklaw.com]
**Sent:** Wednesday, July 25, 2007 10:49 AM
**To:** Carpenter, Sheila
**Cc:** rafe.petersen@hklaw.com
**Subject:** RE: ERC v. Post paper discovery

Sheila,
Attached is the Word version of the interrogatories.


Libby Phelps
Holland + Knight
202-663-7273

---

**From:** Carpenter, Sheila [mailto:SJC@jordenusa.com]
**Sent:** Friday, July 13, 2007 12:55 PM
**To:** Petersen, Rafe (WAS - X72481)
**Cc:** Phelps, Elizabeth "Libby" (WAS - X77273); Baron, Alan I (WAS - X75915); Hanback, Christopher (WAS - X77157); Don Kahl; Isabelle_Thabault@washlaw.org
**Subject:** ERC v. Post paper discovery

Hi Rafe - for some reason your certified letter dated July 3 with Post's interrogatories and document requests did not arrive at our office until July 11.  In light of this delay, may we agree that our responses are due Aug. 10?

Also, would you mind asking your assistant to email us the Word versions of these documents so that we don't have to retype or scan the questions?  I will do the same for you.  Thank you.

**Sheila J. Carpenter**
**sjc@jordenusa.com**
**202-965-8165**
**Jorden Burt LLP**

*Carpenter Aff. Ex C*

9/19/2007

**Carpenter, Sheila**

| | |
|---|---|
| **From:** | rafe.petersen@hklaw.com |
| **Sent:** | Wednesday, September 12, 2007 8:52 PM |
| **To:** | Carpenter, Sheila |
| **Cc:** | christopher.hanback@hklaw.com; alan.baron@hklaw.com; libby.phelps@hklaw.com; Don_Kahl@washlaw.org; Isabelle_Thabault@washlaw.org |
| **Subject:** | RE: ERC v. Post 30(b)(6) |

Ok.  We have tried to be reasonable.  You will be hearing from us.

-----Original Message-----
From: Carpenter, Sheila [mailto:SJC@jordenusa.com]
Sent: Wednesday, September 12, 2007 6:03 PM
To: Petersen, Rafe (WAS - X72481)
Cc: Hanback, Christopher (WAS - X77157); Baron, Alan I (WAS - X75915); Phelps, Elizabeth "Libby" (WAS - X77273); Don_Kahl@washlaw.org; Isabelle_Thabault@washlaw.org
Subject: RE: ERC v. Post 30(b)(6)

I am sorry but Rebecca is booked the week of Sept. 24 and there are too many conflicts in our schedules to make next week work.  So mid-October is the best we can do.  We do intend to ask the Court for a modest extension to the discovery schedule.  I have a two-week trial set for Oct. 29 that I hope is going to be put off.  I should know by the end of next week and will come back to you at that time with a proposal for how long we need.

-----Original Message-----
From: rafe.petersen@hklaw.com [mailto:rafe.petersen@hklaw.com]
Sent: Wednesday, September 12, 2007 4:35 PM
To: Carpenter, Sheila
Cc: christopher.hanback@hklaw.com; alan.baron@hklaw.com; libby.phelps@hklaw.com; Don_Kahl@washlaw.org; Isabelle_Thabault@washlaw.org; rafe.petersen@hklaw.com
Subject: Re: ERC v. Post 30(b)(6)

Shelia,

The early October dates work for us. As for Rebecca Crootof, we are unwilling to wait until discovery is almost closed to depose the ERC's witness that is going to address issues of liability etc.  Sorry, but we need to find a way to squeeze her in before the end of the month. Thanks a lot. - Rafe

Rafe Petersen
Holland + Knight
202-419-2481

*Carpenter Aff. Ex D*

1

----- Original Message -----
From: Carpenter, Sheila <SJC@jordenusa.com>
To: Petersen, Rafe (WAS - X72481)
Cc: Hanback, Christopher (WAS - X77157); Baron, Alan I (WAS - X75915); Phelps,
Elizabeth "Libby" (WAS - X77273); Don_Kahl@washlaw.org <Don_Kahl@washlaw.org>;
Isabelle_Thabault@washlaw.org <Isabelle_Thabault@washlaw.org>
Sent: Wed Sep 12 15:31:01 2007
Subject: RE: ERC v. Post 30(b)(6)

It's Rebecca Crootof who has moved to NC. There's some confusion about her dates
which we are trying to clear up. She is on vacation the first two weeks in October; I had
offered you a date the third week but you didn't want that so we are checking to see if
she has time in September. She travels so her schedule is problematic. BTW I went
ahead and changed my appt for Oct. 3rd so if you think you may need Rabbi Kahn all
day, that would be a good day. -----Original Message-----
From: rafe.petersen@hklaw.com [mailto:rafe.petersen@hklaw.com]
Sent: Wednesday, September 12, 2007 2:56 PM
To: Carpenter, Sheila
Cc: christopher.hanback@hklaw.com; alan.baron@hklaw.com; libby.phelps@hklaw.com;
Don_Kahl@washlaw.org; Isabelle_Thabault@washlaw.org
Subject: RE: ERC v. Post 30(b)(6)


Let us check with our client. Who is the person/what at are the dates for the other
areas?

_____

From: Carpenter, Sheila [mailto:SJC@jordenusa.com]
Sent: Wednesday, September 12, 2007 2:23 PM
To: Petersen, Rafe (WAS - X72481)
Cc: Hanback, Christopher (WAS - X77157); Baron, Alan I (WAS - X75915); Phelps,
Elizabeth "Libby" (WAS - X77273); Don_Kahl@washlaw.org; Isabelle M. Thabault
Subject: ERC v. Post 30(b)(6)


ERC is going to designate Rabbi Kahn for the topics relating to ERC's organization and
finances. He is available the following times, which also work for Don and me, in the
next few weeks: Sept. 24 afternoon Sept. 25 morning
Oct. 2    morning
Oct. 3    until 3:00 p.m. (when I have to leave; I might be able to
move this appt.)
Oct. 4
Let us know what works for you. Thank you. Sheila

Sheila J. Carpenter

## Carpenter, Sheila

| | |
|---|---|
| **From:** | Carpenter, Sheila |
| **Sent:** | Tuesday, September 18, 2007 3:05 PM |
| **To:** | 'rafe.petersen@hklaw.com' |
| **Cc:** | 'Don Kahl'; 'Isabelle_Thabault@washlaw.org'; Combs, Eric D.; Taylor, Evan J. |
| **Subject:** | Your phone message |

Hi Rafe - Why are you filing a motion to compel?  I've given you dates for our deponents (which you have never confirmed) and I can't give you the testing or floor plan files until we have a protective order.  What's the dispute(s)? Sheila

**Sheila J. Carpenter**
**sjc@jordenusa.com**
**202-965-8165**
**Jorden Burt LLP**
**1025 Thomas Jefferson Street, NW**
**Suite 400 East**
**Washington, DC  20007-5208**

**www.jordenburt.com**
**fax: 202-965-8104**

Carpenter Aff. Ex E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUAL RIGHTS CENTER,** ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| **POST PROPERTIES, INC.** *et al.,* ) | **Case No. 1:06CV01991** |
| ) | **Judge Richard Leon** |
| Defendants. ) | **Magistrate Judge Alan Kay** |
| ) | |

### <u>ORDER</u>

The Court has considered Defendants' Motion to Compel and Plaintiff's Opposition thereto as well as the record herein.  The Court finds that the Motion is not well taken and should be denied.  It is this ___ day of _____, 2007,

**ORDERED** that Defendants' Motion to Compel is denied.  It is further

**ORDERED** that Defendants shall comply with Local Rule 7 (m) prior to filing any future Motion to Compel and it is further **ORDERED** Plaintiff is entitled to its costs and attorneys' fees in connection with the Motion.  Counsel for ERC shall submit their bills to Defendants.  If there is a dispute after good faith discussion, the dispute shall be submitted to the Court.

_____
Alan Kay
United States Magistrate Judge

Copies to:
Sheila J. Carpenter
Jorden Burt LLP
1025 Thomas Jefferson St. N.W.
Suite 400 East
Washington, D.C.  20007

Donald L. Kahl, Esquire
Isabelle M. Thabault, Esquire
Washington Lawyers' Committee
 for Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036

Christopher B. Hanback, Esquire
Alan I. Baron, Esquire
Rafe Peterson, Esquire
Elizabeth Phelps, Esquire
Holland & Knight, LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC  20006