IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>POST PROPERTIES, INC.  )<br>POST GP HOLDINGS, INC.  )<br>POST APARTMENT HOMES, L.P.  )<br>  )<br>Defendants.  )<br>  ) | Case. No. 1:06CV01991<br>Judge Richard J. Leon |

**DEFENDANTS' REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Defendants Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P. (collectively "Post"), by undersigned counsel, hereby file this Reply in Support of Defendants' Motion to Compel Discovery. Post filed this Motion to Compel for two reasons: (1) to obtain full and complete answers and document productions in response to its interrogatories and requests for documents, and (2) to obtain for the deposition of Rebecca Crootof a reasonable date, which will allow Post enough time to review and digest the information conveyed by Ms. Crootof within the scheduled discovery period.

**I.   ARGUMENT**

   **A.   Post's Motion, in fact, complied with Local Rule 7(m) and Federal Rule of Civil Procedure 37.**

ERC argues that counsel for Post did not confer with counsel for ERC regarding this Motion to Compel. As to the fact that ERC's written discovery and document productions are insufficient, ERC erroneously states, "There has never been a conversation between counsel about the alleged deficiencies in ERC's discovery responses." ERC Opp'n at 1. In fact, Post

communicated the insufficiencies of the ERC's written discovery responses and document productions on many occasions. *See* Petersen Decl. ¶¶ 13-21. As counsel for Post Rafe Petersen attests to in the attached Declaration, multiple emails to both of ERC's counsel and at least one letter demand documents from ERC and/or discuss Post's belief that ERC's answers are insufficient and further assert that a protective order was unnecessary. *See id.*

Regarding a deposition date for Ms. Crootof, the ERC argues that there was only "limited email traffic about the deposition dates for Ms. Crootof." ERC Opp'n at 2. Although Post cannot attest to ERC's definition for the word "limited," in actuality, numerous emails were exchanged between counsel for Post and ERC, in which Post attempted to get the ERC to commit to a date for the 30(b)(6) deposition. *See* Petersen Decl. ¶¶ 4 - 12. It is unclear how many more times Post should have been rebuffed in its attempts to elicit a response from the ERC before the Plaintiff would consider it a sufficient attempt.

These communications clearly made the ERC aware of Post's demands for document production, Post's objections to ERC's refusal to produce such documents, and Post's need for a reasonable date for a deposition of Ms. Crootof. Accordingly, Post put ERC on notice multiple times that Post believed ERC had not sufficiently responded to discovery or offered a reasonable deposition date. This notice, in conjunction with Post's phone call to ERC before filing the Motion to Compel, satisfies both Rule 37 and Local Rule 7(m). *See Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005) (holding that defendant complied with Rule 37 confer requirement by notifying plaintiff on two prior occasions before filing motion to dismiss that defendant considered discovery incomplete).

**B.   Post is entitled to a deposition date, which allows Post to reasonably review the information obtained in the deposition before the discovery deadline.**

Since the filing of Post's Motion to Compel, Post reluctantly agreed to the dates of October 18 and 19, 2007 for the deposition of Rebecca Crootof. The discovery deadline in the Court's scheduling order is October 31, 2007. Accordingly, Post will only have 10 calendar days in which to review Ms. Crootof's deposition transcript and make any decisions as whether Post needs any follow-up depositions. Post, therefore reserves its right to request a <u>unilateral</u> extension of the discovery deadline by two weeks to allow Post enough time to make well-reasoned discovery decisions following Ms. Crootof's deposition. This extension should not apply to the Plaintiff. ERC has delayed Post's ability to conduct depositions and to obtain discovery under the misperception that the Court has no desire to move this case along, and therefore is not entitled to any extension. *See* Petersen Decl. ¶ 7; *see also* Exhibit 1 to Petersen Decl.

In ERC's opposition to this Motion, ERC launched groundless accusations against Post regarding case delay. ERC even argued that Post's filing of a Motion to Dismiss constituted delay. Yet, Post has done everything possible to move discovery along. ERC's baseless claims against Post are especially ironic in view counsel for ERC's request to extend discovery based on the theory that "[i]t didn't sound like Judge Leon was going to give us a trial date anytime soon." *See* Petersen Decl. ¶ 7; *see also* Exhibit 1 to Petersen Decl. Regardless of the fact that no trial date has been set, the Court's scheduled discovery deadlines serve a purpose in moving this case along, and they should be respected when possible. Here, Post's possible need for an extension is its last resort now that the deposition date for Ms. Crootof has been scheduled and virtually abuts the discovery deadline.

### C. Post was entitled to move for complete interrogatory answers and production of documents, and no sanctions are warranted.

Since the filing of Post's Motion to Compel, the Court has granted the parties Consent Motion for Protective Order, and ERC has produced documents subject to that protective order. Nevertheless, Post's Motion to Compel was proper at the time it was filed and continues to be relevant as to many of ERC's interrogatory answers. In filing this Motion to Compel, Post was protecting its rights as a defendant to full and complete discovery of the plaintiff's case. Post had no way of knowing when the Court would grant the parties protective order or whether ERC would timely produce documents upon the granting of the protective order.[1]

Even if the court denies Post's Motion, and it should not, no sanctions against Post are warranted in this case. Under Rule 37, sanctions are not appropriate when "the making of the motion [to compel] was substantially justified." In this case, Post was well within its right to pursue a judicial resolution for the discovery dispute that was ongoing between the parties. *See, generally,* Petersen Decl. Post acted in good faith and attempted on numerous occasions to negotiate with the ERC to resolve this dispute. Contrary to ERC's assertions, Post neither misstated the facts nor attempted to portray the ERC and its counsel in false light. Post filed the Motion to Compel to seek the documents and reasonable deposition date to which it was entitled.

## II. CONCLUSION

Based on the foregoing, Post respectfully requests that the Court (1) grant its Motion to Compel Discovery, and (2) under Rule 37, award to Post the costs and expenses incurred in obtaining this order, including attorneys fees.

---

[1] ERC has let the documents trickle out — the most recent production was at 5:30 the night before the 30(b)(6) deposition of Mr. Kahn.

4

Respectfully submitted,

HOLLAND & KNIGHT, LLP

/s/ Christopher B. Hanback
Christopher B. Hanback (Bar # 232579)
Alan I. Baron (Bar. # 340273)
Rafe Petersen (Bar # 465542)
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955 3000 Phone
(202) 955 5564 Fax
E-mail: christopher.hanback@hklaw.com
E-mail: alan.baron@hklaw.com
E-mail: rafe.petersen@hklaw.com
*Counsel for Post Properties, Inc., et al.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Reply in Support of Defendants' Motion to Compel Discovery was served by electronic filing, this 9th day of October, 2007, on the following:

Sheila Jane Carpenter, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007

Donald Lee Kahl, Esq.
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, DC 20036

/s/ Rafe Petersen
Rafe Petersen

# 4839327_v2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER )<br><br>Plaintiff, )<br><br>vs. )<br><br>POST PROPERTIES, INC. )<br>POST GP HOLDINGS, INC. )<br>POST APARTMENT HOMES, L.P. )<br><br>Defendants. ) | Case. No. 1:06CV01991<br>Judge Richard J. Leon |

**DECLARATION OF RAFE PETERSEN IN SUPPORT OF**
**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

I, Rafe Petersen, being over the age of 21 years, have personal knowledge and am competent to testify to the matters set forth herein. I hereby state as follows:

1. I am a partner in the law firm of Holland & Knight LLP and represent, with my colleagues, Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P., Inc. (collectively Post).

2. I have participated in numerous communications with Plaintiff's counsel regarding discovery in the above-captioned case. Specifically, I have participated in communications regarding Plaintiff's failure to produce documents in response to Post's request for document production and failure to provide a reasonable deposition date for Plaintiff's Rule 30(b)(6) deponents.

3. The purpose of this declaration is to establish that counsel for Post and counsel for ERC communicated numerous times regarding the insufficiencies in ERC's productions and

1

ERC's refusal to offer a reasonable deposition date. ERC's claim that Post failed to comply with Local Rule 7(m) and Federal Rule of Civil Procedure 37 is without merit.

**Communications Regarding Deposition Dates[1]**

4.  On August 27, 2007, Post served a Notice of Rule 30(b)(6) Deposition to the ERC setting the date of the deposition for September 26, 2007.

5.  On August 28, 2007, ERC informed Post that counsel for ERC was unavailable for a September 26, 2007 deposition due to scheduling conflicts.[2] Counsel for ERC noted that she would get back to Post with alternate dates.

6.  On September 6, 2007, ERC requested that it be able to break-up the 30(b)(6) deposition into two parts due to deponent unavailability. However, ERC did not offer any specific dates or explain why prior dates did not work, except to say that one deponent would be unavailable for the first two weeks of October due to a vacation and that her deposition would have to take place after the vacation. Post agreed to splitting the depositions but indicated that with discovery closing at the end of October, Post was not willing to wait until mid-October for the second deposition.

7.  Then, on September 7, 2007, in response to Post's answer, counsel for the ERC stated, "We don't have a problem extending discovery a little bit to accommodate schedules. Now that we finally have both days' transcripts from the 30(b)(6), we are going to want some depos too. *It didn't sound like Judge Leon was going to give us a trial date anytime soon.*" See Exhibit 1 (emphasis added).

---

[1] All communications were via email unless otherwise stated.
[2] In ERC's Opposition, ERC erroneously states that the designated deposition date, September 26, 2007, is the beginning or the High Holy Days for the Jewish Faith. This is incorrect, in 2007, Rosh Hashanah began on September 13, while Yom Kippur began on September 21.

8.  On September 12, 2007, Post requested that ERC choose an alternative date for the deposition, and even offered to travel to North Carolina given that ERC informed Post that one of its designated deponents had moved there. Counsel for Post offered to speak to counsel for ERC over the telephone in order to work out the dates. However, counsel for ERC never called.

9.  Instead, on September 12, 2007, via email, ERC first informed Post that Rabbi Bruce Kahn would be designated for the topics relating to the ERC's organization and finances and also, for the first time, offered available dates for the first of the 30(b)(6) deponents Rabbi Kahn.

10. Also on September 12, 2007, ERC informed Post that the other designated deponent would be Rebecca Crootof; however, ERC could not offer any dates as to Ms. Crootof's availability except to generally say the third week of October. Because the discovery deadline closes on October 31, 2007, Post found the third week of October to be unacceptable and on that day communicated to ERC as much. Counsel for ERC responded that Ms. Crootof was "booked the week of September 24," that there were too many schedule conflicts to make the week of September 17 work, and that mid-October was "the best" they could do. Counsel for ERC informed Post that she would get back to them by the end of the following week with a proposal for extending discovery in light of her trial schedule. On September 13, 2007, ERC again refused to allow for a deposition during the month of September or early October and requested that Post reserve October 18 and 19 for the Crootof deposition.

11. Based on these communications, ERC was aware of Post's disagreement with ERC regarding a deposition date for Ms. Crootof. ERC's claim that "there was only limited email traffic about depositions dates for Ms. Crootof" is wholly unfounded. *See* ERC Opp'n at 1-

3

2. There were enough email correspondences on September 12 alone to characterize the email traffic as beyond "limited" and to the point of extensive.

12. Post filed its motion to compel on September 18, 2007, seeking a deposition date for Ms. Crootof in the last two weeks of September 2007 or early October 2007. Because the Court has yet to rule on Post's Motion, Post reluctantly agreed to schedule Ms. Crootof's deposition for October 18 and 19, 2007. These dates, however, may not allow Post enough time before the scheduled discovery deadline to fully review and digest the deposition information or schedule other depositions that may become necessary as a result of information obtained at Ms. Crootof's deposition.

**Communications Regarding Document Production[3]**

13. Post served the ERC with written discovery, including its First Set of Interrogatories and First Request for Document Production, on July 3, 2007.

14. ERC answered Post's written discovery on August 9, 2007, though no documents were produced save two attachments to ERC's interrogatory answers. ERC's answers and document productions were insufficient, providing to Post little more than allegations from the Complaint and suggesting that certain answers and documents would be forthcoming subject to a protective order (which had yet to be entered by the Court or even discussed by the parties).

15. On August 27, 2007, Post sent the ERC a letter informing the ERC that Post believed ERC's answers to be insufficient and a protective order unnecessary. Even though the protective order was unnecessary, Post enclosed a draft protective order to further the discovery process. The August 27, 2007 letter further demanded that the ERC produce all responsive documents for which there was no mention of a protective order.

---

[3] All communications were via email unless otherwise stated.

4

16. On August 30, 2007, Post again requested the documents that ERC did not believe were subject to the protective order and that ERC stated it would provide in its answers to Post's document requests. Post noted that it had been almost a month since ERC's written response and Post had yet to see a single new document. ERC's counsel responded by informing Post that the documents had not been bates numbered and the best they could do was shoot for getting Post the documents sometime in the following week, *i.e.*, the week of September 3.

17. On August 30, 2007, ERC forwarded some documents to Post. In addition, counsel for ERC agreed to produce the testing files to Post the following day. Then, 30 minutes later, a different counsel for ERC stated that the testing files could not be produced because they were subject to the protective order. On that same date, counsel for ERC informed Post that she had not yet reviewed Post's draft protective order.

18. ERC eventually provided proposed revisions on the protective order on September 4, 2007 — two months after service of Post's document production request. Post responded with counter language on September 10, 2007.

19. On September 12, 2007, Post, in the interest of moving discovery forward, agreed to ERC's version of the protective order. In addition, given that the parties had agreed to the protective order, Post requested immediate production of all documents ERC still had in response to Post's prior requests.

20. The ERC did not produce any further documents until September 24, 2007, the date the protective order was entered. ERC subsequently produced additional documents the night before the Kahn deposition.

21. Based on these communications, ERC was aware of Post's demands for document production and was equally aware that Post was frustrated with the ERC's intransigence in the

overall way they were treating the discovery process. ERC's claim that "there has never been a conversation between counsel about the alleged deficiencies in ERC's discovery responses" is unfounded. *See* ERC Opp'n at 1.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 9, 2007                           _____/s/ Rafe Petersen_____
                                                Rafe Petersen

# 4840234_v2

**Petersen, Rafe (WAS - X72481)**

| | |
|---|---|
| From: | Carpenter, Sheila [SJC@jordenusa.com] |
| Sent: | Friday, September 07, 2007 5:56 PM |
| To: | Petersen, Rafe (WAS - X72481) |
| Cc: | Baron, Alan I (WAS - X75915); Hanback, Christopher (WAS - X77157); Don_Kahl@WashLaw.org; isabelle_thabault@washlaw.org |
| Subject: | RE: ERC v. Post (ERC 30(b)(6) depo) |

No one got in touch with me on the PO today. Can someone do that Monday? I can have additional docs for you as soon as that is entered.

We don't have a problem extending discovery a little bit to accommodate schedules. Now that we finally have both days' transcripts from the 30(b)(6), we are going to want some depos too. It didn't sound like Judge Leon was going to give us a trial date anytime soon.

-----Original Message-----
From: rafe.petersen@hklaw.com [mailto:rafe.petersen@hklaw.com]
Sent: Thursday, September 06, 2007 6:05 PM
To: Carpenter, Sheila
Cc: alan.baron@hklaw.com; christopher.hanback@hklaw.com
Subject: Re: ERC v. Post (ERC 30(b)(6) depo)

Shelia. Sorry, but that does not work. With discovery closing at the end of October we are not willing to move it that late. Please provide me dates this month. Also we will have a response on the protective order by tomorrow. Regards Rafe.

Rafe Petersen
Holland + Knight
202-419-2481


----- Original Message -----
From: Carpenter, Sheila <SJC@jordenusa.com>
To: Petersen, Rafe (WAS - X72481)
Sent: Thu Sep 06 17:37:02 2007
Subject: RE: ERC v. Post (ERC 30(b)(6) depo)

More likely after given everyone's schedule. She lives in North Carolina so it's a little complicated. However, she is planning to be in DC the week of Oct. 15 so we are trying for that time. The idea is to give you the second person (who is local) earlier.
-----Original Message-----
From: rafe.petersen@hklaw.com [mailto:rafe.petersen@hklaw.com]
Sent: Thursday, September 06, 2007 5:20 PM
To: Carpenter, Sheila
Subject: RE: ERC v. Post (ERC 30(b)(6) depo)


So that I am clear, does that mean that the person who is going away in October will be deposed before they leave?

_____

From: Carpenter, Sheila [mailto:SJC@jordenusa.com]
Sent: Thursday, September 06, 2007 3:21 PM
To: Petersen, Rafe (WAS - X72481)
Cc: Hanback, Christopher (WAS - X77157); Baron, Alan I (WAS - X75915); Phelps, Elizabeth "Libby" (WAS - X77273); Don Kahl; Isabelle M. Thabault
Subject: ERC v. Post (ERC 30(b)(6) depo)


Hi Rafe - do you have any objection to breaking up the ERC depo into two parts? One of our witnesses is going to be on vacation the first two

1

weeks in October but we believe the other witness will be more available (but he's gone until Monday).


Sheila J. Carpenter
sjc@jordenusa.com <mailto:sjc@jordenusa.com>
202-965-8165
Jorden Burt LLP
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC  20007-5208

www.jordenburt.com
fax: 202-965-8104


STATEMENT OF CONFIDENTIALITY AND PRIVILEGE

This e-mail transmission, which includes its attachments, if any, is intended for a particular addressee(s) and may contain confidential and/or attorney-client or work product privileged material. If you are not the named addressee, or if this e-mail transmission has been addressed to you in error, or it is otherwise not clear that you are the intended recipient (or his or her authorized agent), you are hereby notified that you have received this e-mail transmission in error and that any review, disclosure, distribution, dissemination, copying, printing, maintaining, saving, or other use of this e-mail transmission is strictly prohibited. Delivery of this e-mail transmission to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this e-mail transmission in error, please notify Jorden Burt LLP immediately by reply e-mail to the sender and permanently delete the e-mail transmission and its attachments, if any. Thank you.

This e-mail transmission and any attachments are believed to have been sent free of any virus or other defect that might affect any computer system into which it is received and opened. It is, however, the recipient's responsibility to ensure that the e-mail transmission and any attachments are virus free, and Jorden Burt LLP accepts no responsibility for any damage that may in any way arise from their use.