**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EQUAL RIGHTS CENTER,** | ) |
| | ) |
| Plaintiff, | ) **Case No. 1:06CV01991** |
| | ) |
| vs. | ) **Judge Richard Leon** |
| | ) |
| **POST PROPERTIES, INC.** *et al.* | ) **Magistrate Judge Alan Kay** |
| | ) |
| Defendants. | ) |

**MOTION OF PLAINTIFF EQUAL RIGHTS CENTER**
**FOR AMENDMENT OF SCHEDULING ORDER**

Plaintiff Equal Rights Center ("ERC"), by its attorneys, moves this Court for an amendment of the scheduling order to extend the time to complete discovery and to adjust the schedule for this case correspondingly. This relief is necessary to allow the ERC adequate time for additional discovery. In support of its Motion, the ERC states:

1. The ERC filed its Complaint in the above case on November 22, 2006 seeking remedies from Defendants under the Fair Housing Act and the Americans with Disabilities Act.[1] Defendants filed a Motion to Dismiss on January 29, 2007. Briefing was completed on March 9, 2007. This Court denied the Motion on June 14, 2007. Defendants filed their Answer on July 25, 2007; therefore it took eight months for the case to come to issue.

---

[1] The Fair Housing Act Amendments of 1988 required those who design and/or construct multi-family housing of four or more units to meet certain accessibility requirements for the benefit of disabled residents and visitors. To give developers appropriate lead time, the effective date of these requirements was deferred until March 1991. Unfortunately, Defendants, like many of this country's multi-family housing developers, failed to adhere to the accessibility requirements of the FHA or the Americans with Disabilities Act in their post March 1991 construction. This lawsuit seeks remedies under these statutes, in particular an order that Defendants retrofit those properties which should have been designed and constructed with required accessibility features but were not.

2. In the meantime, the parties undertook to file their Meet and Confer Report with the Court and the Court set October 31, 2007 as the fact discovery cutoff. No date was set for a pretrial conference or for trial.

3. Also while the Motion to Dismiss was pending, the ERC filed a Motion for Preliminary Injunction on April 18, 2007 which was ultimately denied by the Court on July 25, 2007.

4. The ERC also undertook to commence discovery while the Motion to Dismiss was pending, serving its First Request to Inspect Property and First Request to Produce Documents on April 5, 2007. This limited discovery was designed to assist the ERC's accessibility experts in their surveys of Defendants' properties. Documents requested included floor plans and site plans. The ERC's attempt to initiate discovery met with resistance from Defendants who filed a Motion to Stay Discovery on April 27, 2007, which was denied by the Court on May 1, 2007.

5. Defendants produced a portion of the documents requested on May 9, 2007 and additional documents on July 2, 2007. No written response to the request to produce was served until September 23, 2007; that response is unclear as to whether all responsive documents have been produced.

6. Two properties in Virginia were inspected by the ERC's experts in June 2007 and two in Georgia were inspected in July. Also in July the ERC attempted to take the Fed.R.Civ.P. 30(b)(6) deposition of Defendants. It was hoped that taking this deposition would provide enough information to allow the ERC to narrow the scope of discovery. However, the witness produced by Defendants was a paralegal from the Legal Department with very little knowledge of the design and construction of Defendants' properties, the heart of the case. At

the deposition, Defendants agreed to produce some additional information, some of which was produced on September 18, 2007.

7. On August 9, 2007, the ERC served its responses to Defendants' written discovery and produced a few documents. Most of the balance of the documents was produced on September 24 and 25, after the Court granted the ERC's Motion for a Protective Order which was filed September 12, 2007.[2]

8. The ERC was served with a Fed.R.Civ.P. 30(b)(6) Deposition Notice by Defendants at the end of August. The ERC designated its Executive Director, Rabbi Bruce Kahn, and its National Project Manager, Rebecca Crootof, as the witnesses. Rabbi Kahn was deposed on October 3, 2007 and Ms. Crootof will be deposed October 18-19. During the preparation for this deposition, counsel learned of additional responsive documents and supplied these to Defendants on October 2, 2007.

9. On September 14, 2007, the ERC served written discovery on Defendants, responses to which will be due on October 15. During the meet and confer discussion of this Motion, counsel for Defendants advised that hundreds of boxes of documents will be produced in response to these discovery requests. Counsel for the ERC will enlist additional resources to review Defendants' documents. Even with a reasonable amount of additional resources, however, review and analysis of that quantity of documents will take months.

10. Once relevant documents from Defendants are reviewed, copied and analyzed, the ERC will need to take several depositions of current and former employees of Defendants, Defendants' architects and Defendants' construction firms. The ERC has recently

---

[2] Lead counsel for the ERC was on a road trip for the month of August and did not return to the office until August 31, a working day cut short by a child with a 104º fever. Thus it was early September before lead counsel could give this case her full attention again.

subpoenaed documents from three of Defendants' architects. One of them has contacted the undersigned and requested an extension to respond until the first week in November.

11. The ERC also needs additional property inspections to be performed by its accessibility experts. These inspections are time-consuming for all involved and counsel for the ERC have been considering ways to cut the number of properties to be inspected. However, this is difficult to do without the cooperation of the Defendants. If all remaining properties designed or constructed by Defendants for first occupancy after March 1991 must be inspected, that will encompass more than 50 properties. The inspections this past summer took almost three weeks for four inspections.

12. As is apparent from the above, the ERC has diligently prosecuted this action but it has much more work to do. It does not want to have to come back to the Court again for an extension of time for discovery so it has proposed a schedule that it believes to be realistic for its attorneys and its experts, extending the fact discovery deadline to May 31, 2008, the expert discovery deadline to September 19, 2008, and completing briefing on dispositive motions before the December 2008 holidays. It is expected that all parties will file dispositive motions.

13. Counsel for the ERC sought consent from Defendants but they have not consented to the extension requested. Defendants' counsel indicated that they were willing to consent to an extension of one month but, given the quantity of documents to be reviewed and analyzed before further depositions can be taken, such an extension would not provide the ERC with the opportunity for discovery contemplated by the Federal Rules of Civil Procedure.

14. This is a major case. Defendants' potential liability for retrofitting all the properties they designed and/or constructed after March 1991 likely runs to the tens of millions of

dollars. It is understandable that they wish to cut off discovery at this point when the ERC has produced its small amount of documents and is producing its few key witnesses. However, Defendants are a large organization with many documents to produce and many witnesses to be deposed. The ERC is entitled to discovery commensurate with the scope of the case.

A proposed Order is attached hereto.

Dated: October 11, 2007                                    Respectfully Submitted,

*Sheila J. Carpenter*
Sheila J. Carpenter
DC Bar #935742
sjc@jordenusa.com
Jorden Burt LLP
1025 Thomas Jefferson St. N.W.
Suite 400 East
Washington, D.C. 20007
Tel: (202) 965-8165
Fax: (202) 965-8104

Donald L. Kahl
Don_Kahl@washlaw.org
Isabelle M. Thabault
Isabelle_Thabault@washlaw.org
Washington Lawyers' Committee
for Civil Rights and Urban Affairs
11 Dupont Circle
Suite 400
Washington D.C. 20036
Tel: (202) 319-1000
Fax :(202) 319-1010

Attorneys for Plaintiff
Equal Rights Center

**Points and Authorities**

Fed. R. Civ. P. 6(b)
Fed. R. Civ. P. 26(b)

**Certification of Counsel**

      I, Sheila J. Carpenter, certify pursuant to Local Rule 7(m) that I discussed the above Motion by telephone with Rafe Petersen, one of the counsel for Defendants, on October 10, 2007 and requested Defendants' consent to the Motion.  We attempted to narrow the issues but he advised that Defendants would not be willing to agree to an extension of discovery longer than one month.  We did agree on a plan to sequence Defendants' document production in the hope of cutting back on the number of boxes of documents that will need to be reviewed by counsel for the ERC.

                                                *Sheila J. Carpenter*
                                                Sheila J. Carpenter


**Certificate of Service**


I HEREBY CERTIFY that on this 11th day of October, 2007, a copy of the foregoing Motion and proposed order was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to:  Christopher Hanback at christopher.hanback@hklaw.com, Alan I. Baron at alan.baron@hklaw.com, Rafe Petersen at rafe.petersen@hklaw.com, and Elizabeth Phelps at libby.phelps@hklaw.com, counsel for Defendants.

                                                *Sheila J. Carpenter*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            *
**EQUAL RIGHTS CENTER,**
                                            *
      Plaintiff,
                                            *       **Civil Action No. 06-1991**
  vs.
                                            *       **Judge Richard J. Leon**
**POST PROPERTIES, INC.**, *et al.*,
                                            *       **Magistrate Judge Alan Kay**
      Defendants.
                                            *
_____

**AMENDED SCHEDULING ORDER**

It is this ___ day of _____, 2007 **ORDERED** that the following schedule shall apply to this case:

1. Plaintiff shall have until March 31, 2008 to amend its Complaint. Any other parties shall also be joined by that date.

2. The cutoff for fact discovery is May 31, 2008.

3. Expert reports are due June 27, 2008 with rebuttal reports due July 25, 2008.

4. Expert depositions may be taken and the expert discovery cutoff is September 19, 2008.

5. The parties have leave to conduct more than 10 depositions and the Rule 30(b)(6) depositions of the parties may last more than one day.

- 2 -

6. Dispositive motions shall be due October 24, 2008, the oppositions due November 21, 2008, and the replies due December 12, 2008.

_____
Richard J. Leon
United States District Judge

Copies to:

Sheila J. Carpenter, Esquire
Jorden Burt LLP
1025 Thomas Jefferson St. N.W.
Suite 400 East
Washington, D.C.  20007

Donald L. Kahl, Esquire
Isabelle M. Thabault, Esquire
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 Dupont Circle, NW
Suite 400
Washington, D.C.  20036

Christopher B. Hanback, Esquire
Alan I. Baron, Esquire
Rafe Petersen, Esquire
Elizabeth Phelps, Esquire
Holland & Knight
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington DC 20006