## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER<br><br>Plaintiff,<br><br>vs.<br><br>POST PROPERTIES, INC.<br>POST GP HOLDINGS, INC.<br>POST APARTMENT HOMES, L.P.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case. No. 1:06CV01991
Judge Richard J. Leon

## DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION TO TAKE THE DEPOSITION OF RTKL ASSOCIATES, INC. OUTSIDE OF THE DISCOVERY PERIOD

Defendants Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, L.P. (collectively "Post") hereby respond to and oppose Plaintiff's Motion to Take the Deposition of RTKL Associates, Inc. ("RTKL") Outside of the Discovery Period. Post has attempted to resolve the issues posed by Plaintiff's Motion but Plaintiff has been unwilling to withdraw this Motion while the parties confer properly as required by Local Rule 7(m). As a result, in support of this Response and Opposition, Post states the following:

### FACTUAL BACKGROUND

Post identified RTKL as a third party architecture firm involved in the design of at least 10 Post properties subject to this suit at Post's first 30(b)(6) deposition on July 16, 2007. Post then supplied additional information regarding RTKL's involvement on September 18, 2007.

Recognizing the possibility that RTKL may be relevant to this case, Plaintiff the Equal Rights Center ("ERC") served RTKL with a subpoena for production of documents on September 27, 2007. This subpoena required RTKL to produce documents by October 23, 2007.

Although ERC notified Post on October 30, 2007, of its contact with counsel for RTKL regarding the subpoena, ERC did not send a copy of the subpoena to Post until January 2008.

Pursuant to the subpoena, RTKL agreed to produce documents on a rolling basis, property by property. RTKL initially produced documents related to Post's Pentagon Row community. To date, RTKL has produced no other documents, and until now ERC never pursued the production of additional RTKL documents.

ERC did review the RTKL documents produced during fact discovery, and Post requested multiple times that ERC produce the documents it pulled from RTKL's production. ERC refuses to produce those documents citing work produce privilege, and Post has been unable to get these specific documents from any other source. Thus, at its own cost, Post also reviewed the documents produced by RTKL, which fill over 50 double-wide boxes. Even with its own review, Post has no way of knowing the actual documents that were pulled by ERC and may be used at the deposition of RTKL if granted by this Court.

Seven months after serving its subpoena for document production on RTKL and just two weeks before the close of discovery, on April 15, 2008, ERC served a subpoena on RTKL for a Rule 30(b)(6) deposition. The date noticed for the deposition was April 30, 2008, the last day of discovery in this case.

As ERC's Motion explains, counsel for RTKL notified counsel for ERC on April 28, 2008 that RTKL would not be prepared for a deposition on April 30, 2008. The following day, one day before the close of fact discovery, counsel for RTKL sent an email to counsels for ERC and Post proposing to develop a schedule for the production of project files and multiple designee depositions. RTKL's counsel has stated that he would designate an architect project manager for each property and produce documents that correspond with each of the other nine or

more Post communities. In light of the extensive scope of the ERC's request at the end of fact

discovery with no coordination in advance, Post did not consent to allowing depositions of

multiple third party depositions and the production of extensive documents to occur after the

close of fact discovery.

The ERC filed its Motion without telling Post it was filing such a pleading and without

conferring regarding the extent of the relief it seek, *i.e.*, whether ERC wishes to take only a

deposition related to Pentagon Row (the community for which it has reviewed documents) or go

forward with multiple depositions relating to the other nine or more properties.

Despite the ERC's failure to communicate regarding its pleading, Post attempted to

resolve this matter with ERC without Court intervention. On May 5, 2008, Post sent a letter to

ERC explaining that Post would be willing to consent to the deposition going forward with

respect to Pentagon Row and the documents that have already been produced by RTKL (which

all relate to Pentagon Row) as long as the parties can come with a mutually agreeable date, time,

and location discussed in advance. *See* Exhibit 1, Letter dated May 5, 2008 to A. Lareau from

L. Calkins.

Two days later, ERC responded stating that ERC was still working with counsel for

RTKL to get a more definite idea of who RTKL would be designating and on what timeline they

would be ready to testify. *See* Exhibit 2, Email dated May 7, 2008 to L. Calkins from A. Lareau.

After a follow up question from Post, ERC again responded that ERC still needed to speak with

counsel for RTKL before the ERC could provide any further specifics about what relief it sought

from this Court. *Id.*

As of the date of this filing, ERC has yet to explain the exact relief it seeks from this

Court, and the parties have been unable to come to a resolution. ERC may be asking for one

deposition out of time based on documents already produced or multiple depositions along with extensive document production on over 10 properties. Either way, this situation is the result of ERC's failures and does not justify a reopening of fact discovery.

**ARGUMENT**

I.    **ERC Has Not Established Good Cause For Taking The Deposition Of RTKL Outside The Discovery Period.**

To take RTKL's deposition outside the discovery period, ERC must seek a modification of the Court's discovery deadline by demonstrating "good cause" under Federal Rule of Civil Procedure 16(b). *DAG Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* In other words, the discovery deadline may only be modified if the deadline "cannot reasonably be met despite the diligence of the party seeking extension." *Id.* When relevant evidence "is reasonably obvious and important, a diligent party would conduct discovery to flesh out the issue and bolster its case within the binding timeframe" of the discovery deadline. *Id.* at 106; *see also Washburn v. Lavioe*, 437 F.3d 84, 93 (D.C. Cir. 2006) (upholding denial of motion to extend discovery deadline when movant "could have sought his deposition and investigated any information he learned from the deposition well before discovery was set to close").

In this case, ERC has not been diligent in its pursuit of discovery related to RTKL and fails to demonstrate any good cause that would justify the extension sought. ERC had plenty of time to take the deposition of RTKL and instead waited until the end of the discovery period to unilaterally notice the deposition for the last day of discovery. ERC could have coordinated with Post and RTKL's counsel well in advance and chose not to.

4

ERC contends that it seeks discovery from third party architecture firms, such as RTKL, because Post witnesses have asserted that Post relies on third party architects to design its multi-family housing developments in a manner that complies with the Fair Housing Act and Americans with Disabilities Act. (Motion at 3.)   This fact does not obviate ERC's responsibility to pursue discovery in a timely fashion.   ERC has been aware of Post's reliance on third party architects since it was first testified to in Post's 30(b)(6) deposition on July 16, 2007.   Indeed, ERC pursued documents from RTKL in October 2007 and should have pursued any deficiencies with the RTKL's production at that time.

Good cause does not exist where it was ERC's own choice to wait until the last day of the Court-ordered discovery period to schedule a deposition of a third party that would require multiple designees and additional documents.

**II.    Taking The Deposition Of RTKL Outside The Discovery Period Prejudices Post.**

Although the moving party's exercise of diligence in establishing good cause is the primary factor considered by the Court in extending a discovery deadline, "the existence or degree or prejudice to the party opposing modification may supply an additional reason to deny a motion to modify a scheduling order."   *DAR Enterprises, Inc.*, 225 F.R.D. at 110.   In this case, Post will be prejudiced by the taking of this deposition outside the discovery period.   Discovery deadlines serve the purpose of "mov[ing] the case expeditiously forward from the end of discovery, through dispositive motions, to pre-trial and trial."   *Coles v. Perry*, 217 F.R.D. 1, 5 (D.D.C. 2003).   Any discovery occurring after the deadline disrupts the Court's schedule, *id.*, and rewards "the indolent and the cavalier," *DAR Enterprises, Inc.*, 226 F.R.D. at 104.   The fact discovery schedule has already been extended several times at ERC's request; any further extensions to fact discovery are unwarranted and prejudicial.

As explained above, it is possible that ERC is seeking not only the re-scheduling of a single deposition but the possibility of multiple depositions, including one for each Post community designed by RTKL, and an accompanying production of project files for each. Additional document production and multiple depositions following the April 30, 2008, discovery deadline clearly prejudice Post.   Post, as the defendant, is entitled to a timely resolution of this case.  The potential for expanded document production and additional depositions will only continue to delay this case's ultimate resolution and should not be permitted.  The fact that document production may continue after the close of fact discovery is especially prejudicial to Post considering that RTKL produced over 50 double-wide boxes of documents for one property—Pentagon Row.  The review of these documents took Post about 5 full days with two reviewers each day.  If RTKL is to produce documents at the same rate for 9 or more additional properties, it would require Post to devote at least 45 more days to discovery outside of the discovery period.[1]

ERC argues that Post will not suffer prejudice if ERC is permitted to depose RTKL after the discovery period because Post has had equal access to the documents produced by RTKL in response to RTKL's earlier subpoena for production of documents.  (Motion at 3-4.)  This argument is without merit.  As described above, Post has not seen the documents that ERC actually pulled from RTKL's document production, and Post does not know the actual documents that will be used at the deposition of RTKL.

ERC also argues that Post will not be prejudiced because Post has already agreed to take two other depositions outside of the discovery period, mainly Rebecca Crootof, ERC's primary

---

[1] Even if the RTKL deposition is limited to the documents that have already been produced and one designee, Post may still be prejudiced.  Post does not know what documents the ERC seeks to question the witness about as the ERC refused to produce that subset of the production, and the questioning may generate additional names and information that should be pursued.

fact witness, and ERC's 30(b)(6) witness Donald Kahl. (Motion at 2, 4.) This assertion is disingenuous and unfounded. Both of those depositions are being taken outside of the discovery period at ERC's request and inability to produce ERC witnesses for depositions during the discovery period.

As to the deposition of Rebecca Crootof which Post noticed several months ago, ERC represented that, because the ERC decided to involve Ms. Crootof extensively in its expert discovery, Ms. Crootof was unavailable for a deposition within the fact discovery period. ERC represented that Post would be permitted to ask Ms. Crootof questions about both her pre-filing work and expert-related work during that deposition and, accordingly, deposing her after completion of her expert related work would make the most sense and would better suit her schedule for the expert-related work. Post agreed to ERC's request and asked for multiple days in May 2008 as a result, which is now the subject of another Motion before this Court (Dkt. 82).[2]

Similarly, as to ERC's 30(b)(6) witness -- Donald Kahl, ERC informed Post that it needed Mr. Kahl to testify as the 30(b)(6) witness but that he would not be prepared as a 30(b)(6) witness until after the fact discovery period closed.[3] ERC provided no other witnesses for the 30(b)(6) deposition during the discovery period and stated that, if Post wanted a deposition on the 30(b)(6) topics noticed, the deposition would have to take place after April 30, 2008. Given these options, Post agreed to ERC's request.

The circumstances surrounding the Crootof and 30(b)(6) depositions are distinguishable from those related to RTKL and do not reflect upon the prejudice that will be suffered by Post if the RTKL deposition is to go forward. In fact, the depositions of Ms. Crootof and Mr. Kahl are

---

[2] The ERC still has failed to provide even one day for Ms. Crootof in May 2008 despite Post's multiple requests for her availability now that her expert related work is completed.

[3] Mr. Kahl became the Chief Operating Office for the ERC in February 2008 and was previously ERC's outside counsel.

incomparable and irrelevant to ERC's latest request to extend the discovery period for the RTKL deposition. Post noted its intention to take these depositions well in advance of the discovery cut off and coordinated with ERC in a timely and professional manner when the ERC either could not or would not produce these deponents within the discovery period.

**III.    Depriving ERC of The Untimely Discovery From RTKL Does Not Prejudice ERC.**

A final, albeit non-traditional factor, that the Court may consider in deciding this motion is the "potential prejudice faced by the movant." *DAR Enterprises, Inc.*, 226 F.R.D. at 111. ERC argues that ERC would suffer prejudice "if it were deprived of this discovery from a willing third party witness." (Motion at 4.)

Although ERC is quick to claim prejudice, it does not specify who it needs to speak with or why a single document needs to be explored. Even when Post sought to resolve this issue and agree to a deposition limited to Pentagon Row and the documents already produced, ERC refused. ERC does not have an isolated line of questioning for RTKL. ERC has failed to specify what it wants is because it does not know. Instead, at the end of fact discovery with little if any support for its assertions, ERC seeks to engage in a fishing expedition with a third party to see if anything RTKL says can support ERC's allegations of a pattern and practice of discrimination.

Had ERC truly believed that this discovery was critical, ERC would have acted in a more timely fashion. ERC obviously did not act in a prompt manner because the documents already produced by RTKL relating to Pentagon Row do not support the ERC's allegations. ERC could have learned what any RTKL witnesses may testify to at trial in a timely fashion and chose not to. At this point, the only real prejudice here would be to Post who will be forced to go through

multiple additional depositions and document productions all after the close of discovery because of the ERC's failure to pursue discovery in a prompt, organized fashion.

## CONCLUSION

Based on the foregoing, Post respectfully requests that the Court deny ERC's Motion to take the deposition of RTKL outside the discovery period.

Respectfully submitted,

HOLLAND & KNIGHT LLP

   /s/ Lynn E. Calkins
Christopher B. Hanback (Bar # 232579)
Lynn E. Calkins (Bar # 445854)
Rafe Petersen (Bar # 465542)
Elizabeth Phelps (Bar # 502026)
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006
(202) 955 3000 Phone
(202) 955 5564 Fax
E-mail: christopher.hanback@hklaw.com
E-mail: lynn.calkins@hklaw.com
E-mail: rafe.petersen@hklaw.com
E-mail: libby.phelps@hklaw.com

*Counsel for Post Properties, Inc., et al.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system, this 9th day of May, 2008, on the following:

Alyssa C. Lareau, Esq.
Fried, Frank, Harris, Shriver & Jacobson, LLP
1001 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20004

                                             /s/ Lynn E. Calkins
                                             Lynn E. Calkins

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| EQUAL RIGHTS CENTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case. No. 1:06CV01991 |
| | ) | Judge Richard J. Leon |
| POST PROPERTIES, INC. | ) | |
| POST GP HOLDINGS, INC. | ) | |
| POST APARTMENT HOMES, L.P. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

UPON CONSIDERATION OF Plaintiff's Motion to Take the Deposition of RTKL

Associates, Inc. Outside of the Discovery Period, and any opposition thereto, it is by the United

States District Court for the District of Columbia, this _____ day of _____ 2008, hereby

ORDERED that Defendants' Motion to Take the Deposition of RTKL Associates, Inc.

Outside of the Discovery Period is DENIED.


_____
**JUDGE RICHARD J. LEON**


Copies provided to:

Alyssa Lareau, Esq.
Christopher B. Hanback, Esq.


# 5309014_v3

Exhibit 1

# Holland+Knight

Tel  202 955 3000
Fax  202 955 5564

Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C.  20006-6801
www.hklaw.com

Lynn E. Calkins
202 457-7041
lynn.calkins@hklaw.com

May 5, 2008

**VIA E-MAIL AND FIRST CLASS MAIL**

Alyssa Lareau, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

> Re:  *Equal Rights Center v. Post Properties, Inc., et al.*
> Case No. 1:06CV01991

Dear Alyssa:

This letter relates to ERC's Motion to Take the Deposition of RTKL Outside the Discovery Period filed on April 30, 2008.  We are unsure as to the exact remedy you are seeking given that you did not confer with us in advance the details of your filing and the Motion itself is unclear.  However, we would like to work with you and come to a resolution together if possible.

When we declined to consent to the taking of RTKL's deposition outside the discovery period, it was our understanding that this deposition would include multiple designees and additional document production.  This understanding comes from Mr. Attridge's email, which you attached as Exhibit C to your Motion and we also received directly on April 29.

In your Motion, though, you refer to the documents that have already been produced by RTKL as a basis for the deposition.  As you are aware, these documents only relate to the Pentagon Row property.  We understand that Mr. Attridge is prepared and willing to go forward with the deposition as it relates to the documents already produced and Pentagon Row only.  In contrast, if the deposition is to go forward on all properties designed by RTKL for Post, then Mr. Attridge expects that there will likely be numerous deponents and possibly additional document production.

As I noted above, we would like to work with you on this deposition.  We are willing to consent to the deposition going forward with respect to Pentagon Row and on the documents that have already been produced by RTKL (which all relate to Pentagon Row) as long as we can come up with a mutually agreeable date, time and location that are discussed in advance.  Please let us know by Wednesday, May 7, 2008  if you are agreeable to our proposed resolution of this issue.

Alyssa Lareau
May 5, 2008
Page 2


    If you do not agree to limit the RTKL deposition and subpoena as discussed above,
please inform me immediately of the full scope of the relief you are requesting in your Motion,
including the number of anticipated designees from RTKL, the scope of whatever additional
documents would be produced, the location of the depositions and document production, and the
timing within which these depositions would be completed.

                                    Sincerely,

                                    HOLLAND & KNIGHT LLP

                                    Lynn E. Calkins

# 5315349_v1

Exhibit 2

## Phelps, Elizabeth "Libby" (WAS - X77273)

**From:**     Calkins, Lynn E (WAS - X77041)
**Sent:**     Thursday, May 08, 2008 8:49 AM
**To:**       'Lareau, Alyssa'
**Cc:**       Phelps, Elizabeth "Libby" (WAS - X77273)
**Subject:**  RE: RTKL

Alyssa:  Given our limited time remaining to respond to your motion, please let me know by 5:00 today whether you agree to narrow the deposition as outlined in my May 5th letter or specify the details of the relief you seek as specified in my letter (how many people will be presented, the location of the depositions, what additional documents would be produced, and within what time frame).  RTKL's attorney has relayed to us that there would be multiple witnesses and documents based on the scope of the subpoena.  If you are modifying the scope of the subpoena in order to enable him to determine otherwise, I need to know that as well.  If you cannot specify the relief you are requesting from the Court by 5:00 today, please confirm that you will withdraw your motion so you can determine what relief you are requesting and we can properly confer per the local rules.  Thanks.  Lynn

Holland + Knight

Lynn E. Calkins
Partner
Direct 202 457 7041
Email  lynn.calkins@hklaw.com


-----Original Message-----
From: Lareau, Alyssa [mailto:Alyssa.Lareau@friedfrank.com]
Sent: Thursday, May 08, 2008 1:08 AM
To: Calkins, Lynn E (WAS - X77041)
Subject: Re: RTKL

Lynn:

I simply cannot answer that at this time until I talk to Pat more after he confers with his client. It may be that he can designate a person who can cover Pentagon Row as well as the other topics we outlined in the subpoena.

Alyssa




----- Original Message -----
From: lynn.calkins@hklaw.com <lynn.calkins@hklaw.com>
To: Lareau, Alyssa
Cc: libby.phelps@hklaw.com <libby.phelps@hklaw.com>
Sent: Wed May 07 18:41:21 2008
Subject: Re: RTKL

Does this mean that you do not agree to limit the deposition to Pentagon Row and the documents already produced by RTKL?  Please advise on that point. Thanks.

--------------------------
Sent from my BlackBerry Wireless Handheld (www.BlackBerry.net)


----- Original Message -----
From: Lareau, Alyssa <Alyssa.Lareau@friedfrank.com>
To: Calkins, Lynn E (WAS - X77041)
Cc: Phelps, Elizabeth "Libby" (WAS - X77273)

1

Sent: Wed May 07 18:21:13 2008
Subject: RTKL

Lynn:

I just wanted to let you know that I am in the process of working with Pat Attridge to get
a more definite idea of exactly whom he would be designating to respond to our 30(b)(6)
topics and the timeline in which they would be ready to testify.  When I get an answer
from him, I will let you know what our position is with regard to your May 5, 2008 letter.
He expects to be able to get a response from his client in the next few days.

Alyssa

_____

Alyssa C. Lareau | Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Avenue NW, Suite 800 | Washington, DC 20004-2505
Phone: 202-639-7306 | Fax: 202-639-7003

alyssa.lareau@friedfrank.com <mailto:alyssa.lareau@friedfrank.com>   |   www.friedfrank.com
<http://www.friedfrank.com/>

_____

Confidentiality Notice: The information contained in this e-mail and any attachments may
be legally privileged and confidential. If you are not an intended recipient, you are
hereby notified that any dissemination, distribution or copying of this e-mail is strictly
prohibited. If you have received this e-mail in error, please notify the sender and
permanently delete the e-mail and any attachments immediately. You should not retain, copy
or use this e-mail or any attachment for any purpose, nor disclose all or any part of the
contents to any other person. Thank you .