UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:06CV01991 |
| | ) Judge Richard J. Leon |
| POST PROPERTIES, INC., *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION
TO TAKE THE DEPOSITION OF NON-PARTY RTKL
ASSOCIATES, INC. OUTSIDE OF THE DISCOVERY PERIOD**

Plaintiff Equal Rights Center ("ERC"), by its attorneys, hereby files this Reply in Support of Its Motion to Take the Deposition of Non-Party RTKL Associates, Inc. Outside of the Discovery Period.

The relief sought in this Motion is simple and compelling. The ERC served timely subpoenas on non-party RTKL compelling that entity's deposition within the discovery deadline. RTKL, represented by counsel, responded by saying that RTKL did not object to the subpoena but that it needed a short continuance of the deposition for scheduling reasons. The ERC agreed to the continuance, which would have meant that the deposition would be rescheduled for the first available day after the close of discovery, but Post refused to consent, notwithstanding the fact that Post was already scheduled to take certain depositions well after the same discovery deadline. Post's Opposition does nothing to rationalize or justify their refusal to consent to this third-party counsel's request for an accommodation. Instead, without pointing to any real

1

prejudice Post would suffer, Post launches a diatribe against the ERC and its counsel that is both unfair and inapposite. Defendants' Opposition is teeming with false assertions about counsel for the ERC's actions, as well as counsel for RTKL's proposals, notably unsupported by any declaration from Post's counsel. The ERC requests that the Motion be granted.

In addition, the ERC states in reply:

1.      Post contends that counsel for the ERC did not adequately confer with them prior to this motion as required by Local Rule 7(m). (Def.'s Resp. & Opp'n to Pl.'s Mot. to Take the Dep. of RTKL Associates, Inc. Outside of the Discovery Period at 1.) Not so. As certified in its initial motion, the ERC did attempt to confer with counsel for Post regarding the relief requested in this Motion. In fact, counsel for the ERC conferred with Ms. Calkins and Ms. Phelps in person on April 29, 2008 to discuss RTKL's request for a later deposition date, and made clear that the ERC was attempting to obtain Post's consent to avoid the need for seeking judicial intervention. (*See* Declaration of Alyssa C. Lareau ¶ 2.) Without providing an explanation, Ms. Calkins informed counsel for the ERC that it could not consent to <u>any</u> request for an extension. (*See* Apr. 30, 2008 Lareau Declaration.) Nonetheless, to clarify that Post indeed opposed even the modest relief articulated by Patrick Attridge, counsel for RTKL, in his April 29 email to counsel for both parties, counsel for the ERC sent a follow-up email to counsel for Post, confirming that Post opposed scheduling a deposition for a mutually agreeable date during the week of May 5 or May 12. (*See* Ex. E to Apr. 30, 2008 Lareau Declaration.) The record shows that the ERC clearly discharged its obligations to resolve this dispute prior to bringing this Motion.

2.      Post's argument that the ERC did not diligently pursue documents or a deposition from RTKL is unfounded. (*See* Def.'s Opp'n at 4.) Counsel for the ERC subpoenaed documents

from RTKL on September 27, 2007. Counsel for the ERC communicated repeatedly with RTKL's counsel, Mr. Attridge, from October 2007 through January 2008 in an attempt to arrange a review of RTKL documents. (*See* Lareau Declaration ¶ 3 & Exs. A & B.) Having not received a response from Mr. Attridge by January 10, 2008, the ERC wrote to Mr. Attridge and discussed the possibility of filing a contempt motion against RTKL. (*See* Lareau Declaration ¶ 4 & Ex. A.) Subsequent to this communication, Mr. Attridge contacted counsel for the ERC and requested that the production be made on a rolling basis, beginning with the property that had the most documents. (*See* Lareau Declaration ¶ 5.) On January 25, the ERC began review of this initial production, and this review continued into February. (*Id.* at ¶ 6.) In March and April 2008, counsel for the ERC attempted to contact Mr. Attridge by telephone and email to discuss the additional production of documents as well as the scheduling of a deposition. (*Id.* at ¶ 7; Ex. E to Apr. 30, 2008 Lareau Declaration.) Receiving no response from counsel for RTKL, on April 15, 2008, the ERC subpoenaed RTKL to appear for deposition on April 30, 2008. (*See* Lareau Declaration ¶ 8.) On April 29, 2008, Mr. Attridge finally responded to counsel for the ERC and indicated RTKL's willingness to provide the remainder of the requested documents and a deponent in short order, but asked for a small extension past the last day of fact discovery. The ERC agreed to this request – despite being ready to proceed on April 30 – knowing that the largest group of documents had already been produced, and believing that it could adequately obtain the information it needed from one deponent. (*Id.* at ¶ 9.) As RTKL is ready and willing to provide this discovery, the Court should not prevent this simply because Post would prefer it not to happen.

   3.  In an attempt to articulate prejudice it would suffer if the final production is made, Post complains that the ERC has not provided it with the documents it selected from the first

production made by RTKL, despite the fact that the documents provided by RTKL relating to Post are likely in Post's possession and despite the fact that Post was given equal access to RTKL's production and has in fact reviewed this production. (*See* Def.'s Opp'n at 6.) Post is not entitled to know which documents the ERC culled from a larger production as this is important to the strategy of its case. *See Miller v. Holzmann*, 238 F.R.D. 30, 31 (D.D.C.2006) ("Because identification of the documents as a group will reveal . . . counsel's selection process, and thus his mental impressions, . . . the identification of the documents as a group must be prevented to protect . . . counsel's work product." (quoting *Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir.1985))).

   4. Post also complains that the ERC has not provided Post with detailed information regarding whom RTKL intends to produce in response to the ERC's subpoena and thus the relief that the ERC seeks is unclear. (Def.'s Opp'n at 3.) Who RTKL chooses to designate in response to the ERC's subpoena is something outside of the ERC's control. However, in response to Mr. Attridge's statement that RTKL "*may* have to produce different designees for the projects," counsel for the ERC – believing that its subpoena topics were clear and did not require a designee for each property – contacted Mr. Attridge in an attempt to convey this sentiment. (*See* Lareau Declaration ¶ 10.) (emphasis added). After counsel for the ERC explained to Mr. Attridge that it was seeking one designee to address the topics outlined in its subpoena, Mr. Attridge stated that he would confer with his client to determine if such a person existed. (*Id.* at ¶ 11.) It was to these discussions that counsel for the ERC referred in its emails attached to Post's Opposition as Exhibit 2. In those emails, counsel for the ERC explained to counsel for Post that the ERC hoped that RTKL could "designate a person who can cover Pentagon Row as well as the other topics [the ERC] outlined in the subpoena," and was awaiting confirmation of

the identity of a designee from Mr. Attridge. (*See* Ex. 2 to Def.'s Opp'n.) Despite this, Post unreasonably demanded that the ERC either withdraw its motion or agree to limit its deposition to the Pentagon Row property. The ERC properly rejected Post's demand.

5. Post also claims that the ERC will suffer no prejudice by the denial of this motion, primarily because "ERC does not have an isolated line of questioning for RTKL" and because "ERC has failed to specify what it wants because it does not know." (Def's Opp'n at 8.) Again, not so. The deposition topics are set forth with the subpoena, as required. RTKL has not objected that the topics are improper or unfocused. Only Post claims not to understand what the discovery seeks. That claim provides no basis to deny this Motion.

6. Because the ERC has demonstrated diligence in seeking the discovery from RTKL, because the ERC noticed and was prepared to depose RTKL within the discovery period, and because the request for an extension originates from a third-party to this litigation, the ERC has established good cause for the extension.

7. Because Post is not entitled to the ERC's selection of documents from RTKL and has been provided and has reviewed the exact same documents provided to the ERC thus far, and because other depositions continue to be held throughout the month of May,[1] Post would not be prejudiced by an extension.

8. For the reasons set forth in its opening papers, the ERC would be prejudiced by the denial of this relief.

---

[1] Post claims that the ERC's argument regarding occurrence of depositions outside of the discovery period is "disingenuous and unfounded." One of these depositions is scheduled in response to Post's Amended 30(b)(6) notice that was issued on April 14, 2008. Three depositions have already been taken in response to Post's first 30(b)(6) notice. In addition, Post is taking the deposition of Rebecca Crootof on May 21. Given that these fact depositions are still occurring, and that the ERC has agreed that Post reserves the right to file motions based on these depositions, conducting a deposition of RTKL during the next few weeks certainly does not set back the schedule in any meaningful way.

   Therefore, this Court should grant the ERC's Motion to allow the ERC to depose RTKL on the first mutually agreeable date after April 30, 2008.

Dated: May 21, 2008         Respectfully submitted,

                 /s/ Alyssa C. Lareau
                Alyssa C. Lareau (DC Bar No. 494881)
                Douglas W. Baruch (DC Bar No. 414354)
                Fried, Frank, Harris, Shriver & Jacobson LLP
                1001 Pennsylvania Avenue, N.W.
                Suite 800
                Washington, D.C. 20004-2505
                Telephone No.: 202-639-7052
                E-mail address: Alyssa.Lareau@friedfrank.com
                E-mail address: Douglas.Baruch@friedfrank.com

                Isabelle M. Thabault (DC Bar No. 18931)
                Washington Lawyers' Committee
                for Civil Rights and Urban Affairs
                11 Dupont Circle
                Suite 400
                Washington, DC 20036
                Telephone No.: 202-319-1000
                E-mail address: Isabelle_Thabault@washlaw.org

                *Attorneys for Plaintiff*
                *Equal Rights Center*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 21st day of May 2008, a copy of the foregoing Plaintiff the Equal Rights Center's Reply in Support of its Motion to Take the Deposition of Non-Party RTKL Associates, Inc. Outside of the Discovery Period was served via the Court's electronic case filing system on:

>Rafe Petersen
>HOLLAND & KNIGHT LLP
>2099 Pennsylvania Ave., N.W.
>Suite 100
>Washington, D.C. 20006
>*Attorney for Defendants*

>          /s/ Alyssa C. Lareau          
>                Alyssa C. Lareau

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EQUAL RIGHTS CENTER, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No. 1:06CV01991<br>Judge Richard J. Leon |
| POST PROPERTIES, INC., *et al.*, | ) ) |  |
| Defendants. | ) ) ) |  |

**DECLARATION OF ALYSSA C. LAREAU IN SUPPORT OF
PLAINTIFF THE EQUAL RIGHTS CENTER'S REPLY IN SUPPORT
OF ITS MOTION TO TAKE THE DEPOSITION OF NON-PARTY
RTKL ASSOCIATES, INC. OUTSIDE OF THE DISCOVERY PERIOD**

I, Alyssa C. Lareau, have personal knowledge and am competent to testify to the facts set forth herein. I affirm the following to be true:

1. I am an associate at the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"). Fried Frank represents the Equal Rights Center ("ERC") in this action against Defendants Post Properties, Inc., Post GP Holdings, Inc., and Post Apartment Homes, LP (collectively "Post"). I offer this Declaration in support of Plaintiff's Reply in Support of Its Motion to Take the Deposition of Non-Party RTKL Associates, Inc. Outside of the Discovery Period.

2. On April 29, 2008 I conferred with counsel for Post, specifically Lynn Calkins and Libby Phelps to discuss RTKL's request for a later deposition date, and made clear that I was attempting to obtain Post's consent to avoid the need for seeking judicial intervention. I

1

followed up this discussion with an email to Rafe Petersen, counsel for Post, the following day to confirm Post's opposition to the relief proposed by Patrick Attridge, counsel for RTKL.

3. After the subpoena to RTKL was issued on September 27, 2007, Sheila Carpenter (former counsel for the ERC) and I communicated repeatedly with Mr. Attridge via telephone and email throughout October, November, and December 2007 and January 2008, in an attempt to arrange a review of RTKL documents. I have attached some of these emails to this declaration. *See* Exhibits A and B to Lareau Declaration.

4. Having not received a response from Mr. Attridge regarding the subpoena to RTKL by January 10, 2008, I wrote to Mr. Attridge and discussed the possibility of filing a contempt motion against RTKL. *See* Exhibit A to Lareau Declaration

5. Subsequent to this communication, Mr. Attridge contacted counsel for the ERC and requested that the production be made on a rolling basis, beginning with Post Pentagon Row, the property that had the most documents.

6. On January 25, 2008 the ERC began review of the Post Pentagon Row production, and this review continued into February 2008.

7. In March and April 2008, Katie Raimondo (counsel for the ERC) and I attempted to contact Mr. Attridge by telephone and email to discuss the additional production of documents as well as the scheduling of a deposition.

8. Because we did not receive a response from Mr. Attridge, on April 15, 2008, I subpoenaed RTKL to appear for deposition on April 30, 2008.

9. On April 29, 2008, Mr. Attridge responded to me and indicated RTKL's willingness to provide the remainder of the requested documents and a deponent in short order, but asked for a small extension past the last day of fact discovery. I agreed to this request,

despite being ready to proceed with the deposition on April 30, knowing that the largest group of documents had already been produced, and believing I could adequately obtain the information the ERC was seeking from one deponent.

10.     Through his communications with me and counsel for Post, Mr. Attridge had expressed that RTKL may have to produce different designees for the projects.  I contacted Mr. Attridge in an attempt to convey my belief that the subpoena topics set out by the ERC did not require a designee for each property.

11.     After I explained to Mr. Attridge that the ERC was seeking only one designee to address the topics outlined in its subpoena, Mr. Attridge stated that he would confer with his client to determine if such a person existed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 21, 2008

                                              /s/ Alyssa C. Lareau
                                                Alyssa C. Lareau

**Exhibit A**

**Lareau, Alyssa**

---

**From:** Lareau, Alyssa
**Sent:** Thursday, January 10, 2008 4:08 PM
**To:** pjattridge@kingattridge.com
**Cc:** SJC@jordenusa.com; Raimondo, Katherine
**Subject:** FW: ERC v Post properties - subpoena to SK&I and RTKL

Pat:

I just left you a voicemail regarding this issue, left a voicemail earlier this week, and I know Sheila Carpenter has tried to contact you several times. We really need to resolve the issue of RTKL's response to our subpoena. As you know, pursuant to Fed. R. Civ. P. 45, RTKL can be held in contempt for failing to respond to the subpoena. I had hoped it would not come to the point where this was an issue, but I really need you to call me back so we can discuss how to get these documents to us immediately. In addition to the properties Sheila lists below, we have recently learned that RTKL also designed Post Abbey in TX. And as Sheila noted, RTKL may have done more Post properties.

I look forward to hearing from you.

Alyssa

---

ALYSSA C. LAREAU | FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
1001 Pennsylvania Avenue NW, Suite 800 | Washington, DC 20004-2505
Phone: 202-639-7306 | Fax: 202-639-7003
alyssa.lareau@friedfrank.com | www.friedfrank.com

---

**From:** Carpenter, Sheila [mailto:SJC@jordenusa.com]
**Sent:** Tuesday, November 06, 2007 6:20 PM
**To:** pjattridge@kingattridge.com
**Cc:** Lareau, Alyssa; Raimondo, Katherine; Don Kahl
**Subject:** RE: ERC v Post properties - subpoena to SK&I and RTKL

Hi Pat - I left a message for you yesterday as to whether SK&I would have docs for us this Thursday and Friday. Would you please let us know so we can plan our schedules?

As to RTKL, now that I look at the list Post initially gave us, it is incomplete in that they did not name an architect for many of the projects. They later supplemented the list but still did not fill in all the blanks. With the caveat that your client may have done more than this, here's what they list for RTKL:

**Florida**
Harbour Place - Phase II

**Georgia**
Biltmore

**Texas**
Addison Circle* - Phases I, II and III (note Addison Circle had some ADA litigation so your client may have some files related to that)

5/21/2008

Cole's Corner*
Gallery
Heights
Legacy
Midtown Square
Midtown Tower
Uptown Village**
Wilson Bldg - Phase I - no need to produce these records
*Post acquired by merger with Columbus
**Phase I acquired by merger with Columbus

### Virginia

Pentagon Row

For SK&I, Post lists only Carlyle Square and Condominiums at Carlyle.

**Sheila J. Carpenter**
**sjc@jordenusa.com**
**direct: 202-965-8165**
**fax: 202-965-8104**

-----Original Message-----
**From:** Patrick James Attridge [mailto:pjattridge@kingattridge.com]
**Sent:** Tuesday, October 30, 2007 2:45 PM
**To:** Carpenter, Sheila
**Subject:** Re: ERC v Post properties - subpoena to SK&I and RTKL

The Post list of RTKL projects would be helpful. Several different RTKL offices are involved and I am not sure which will be able to produce the files first.

Patrick James Attridge
King & Attridge
39 W. Montgomery Ave
Rockville, Md. 20850
Tel: 301-279-0780
Fax: 301-279-2988


On 10/30/2007 1:09 PM, Carpenter, Sheila wrote:

> Sounds good; as to RTKL, in general we would like to look at newer properties first but we'll take whatever you have as it comes in. Post gave us a list of properties they said RTKL had done. Would you like a copy?
>
> **Sheila J. Carpenter**
> **sjc@jordenusa.com**
> **direct: 202-965-8165**

5/21/2008

fax: 202-965-8104

-----Original Message-----
**From:** Patrick James Attridge [mailto:pjattridge@kingattridge.com]
**Sent:** Tuesday, October 30, 2007 1:01 PM
**To:** Carpenter, Sheila
**Subject:** Re: ERC v Post properties - subpoena to SK&I

I will follow up on Friday to let you know whether Nov 8 / 9 will work (if you don't hear from me Friday am, please feel free to send me a reminder). Pat

Patrick James Attridge
King & Attridge
39 W. Montgomery Ave
Rockville, Md. 20850
Tel: 301-279-0780
Fax: 301-279-2988


On 10/30/2007 12:25 PM, Carpenter, Sheila wrote:

> That would be great-we can put a good size team together those days. Thank you for your efforts.
>
>
> **Sheila J. Carpenter**
> sjc@jordenusa.com
> direct: 202-965-8165
> fax: 202-965-8104
>
> -----Original Message-----
> **From:** Patrick James Attridge [mailto:pjattridge@kingattridge.com]
> **Sent:** Tuesday, October 30, 2007 11:24 AM
> **To:** Carpenter, Sheila
> **Subject:** Re: ERC v Post properties - subpoena to SK&I
>
> I will try.
>
> Patrick James Attridge
> King & Attridge
> 39 W. Montgomery Ave
> Rockville, Md. 20850
> Tel: 301-279-0780
> Fax: 301-279-2988
>
>
> On 10/30/2007 11:12 AM, Carpenter, Sheila wrote:

Could they be available Nov. 8 & 9? That would be better for me than the week of the 12th.


**Sheila J. Carpenter**
**sjc@jordenusa.com**
**direct: 202-965-8165**
**fax: 202-965-8104**

-----Original Message-----
**From:** Patrick James Attridge [mailto:pjattridge@kingattridge.com]
**Sent:** Tuesday, October 30, 2007 10:59 AM
**To:** Carpenter, Sheila
**Subject:** Re: ERC v Post properties - subpoena to SK&I

Sheila: Thanks for your response. I am having the SK&I boxes brought to my office. They should arrive in about a week. Do you want to schedule a date for a review? Perhaps the week of Nov 12? Pat

Patrick James Attridge
King & Attridge
39 W. Montgomery Ave
Rockville, Md. 20850
Tel: 301-279-0780
Fax: 301-279-2988


************************************************************
The information contained in this communication is confidential, may be attorney-client privileged, and is intended only for the use of the addressee. It is the property of King & Attridge. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately by return e-mail or by e-mail to pjattridge@kingattridge.com, and destroy this communication and all copies thereof, including all attachments. Thank you.
************************************************************


On 10/30/2007 10:30 AM, Carpenter, Sheila wrote:

> Thank you for both your messages. It might be easiest if a small team looked at the 30 boxes to see what needs to be copied. I think we could probably eliminate many of the boxes quickly assuming the files are in reasonable shape. Does that work for you? If so, where would you like this to be done - at SK&I, your office or mine? Sheila

5/21/2008

**Sheila J. Carpenter**
sjc@jordenusa.com
direct: 202-965-8165
fax: 202-965-8104

-----Original Message-----
**From:** Patrick James Attridge [mailto:pjattridge@kingattridge.com]
**Sent:** Tuesday, October 30, 2007 10:25 AM
**To:** Carpenter, Sheila
**Subject:** ERC v Post properties - subpoena to SK&I

Dear Ms. Carpenter:

Per my voicemail message, I have been asked to assist with SK&I Architectural Design Group, LLC's response to the subpoena that you served. SK&I was involved in one Post Property project, the Carlyle. SK&I project file consists of approximately thirty boxes an drawings. Please contact me to discuss ways to proceed with the production of documents sought in your subpoena.
--
Patrick James Attridge
King & Attridge
39 W. Montgomery Ave
Rockville, Md. 20850
Tel: 301-279-0780
Fax: 301-279-2988


************************************************************
The information contained in this communication is confidential, may be attorney-client privileged, and is intended only for the use of the addressee. It is the property of King & Attridge. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately by return e-mail or by e-mail to pjattridge@kingattridge.com, and destroy this communication and all copies thereof, including all attachments. Thank you.
************************************************************

STATEMENT OF CONFIDENTIALITY AND PRIVILEGE

This e-mail transmission, which includes its attachments, if any, is intend

hments, if any. Thank you.

This e-mail transmission and any attachments are believed to have been sent

**Exhibit B**

# Lareau, Alyssa

**From:** Carpenter, Sheila [SJC@jordenusa.com]
**Sent:** Thursday, December 06, 2007 5:57 PM
**To:** pjattridge@kingattridge.com; Cowdery, Joshua
**Cc:** Lareau, Alyssa; Raimondo, Katherine; Combs, Eric D.; Taylor, Evan J.
**Subject:** RE: Post Documents

Thank you.
How are we coming on the RTKL documents??


**Sheila J. Carpenter**
sjc@jordenusa.com
**direct: 202-965-8165**
**fax: 202-965-8104**

-----Original Message-----
**From:** Patrick James Attridge [mailto:pjattridge@kingattridge.com]
**Sent:** Thursday, December 06, 2007 4:56 PM
**To:** Cowdery, Joshua
**Cc:** Carpenter, Sheila
**Subject:** Re: Post Documents

Joshua: They can contact me directly or ask for Karen Juarez.
As I mentioned in a phone call with Sheila Carpenter after your review, there are additional responsive documents that should be added to scanned documents. I will have them scanned and forwarded to your group.

Patrick James Attridge
King & Attridge
39 W. Montgomery Ave
Rockville, Md. 20850
Tel: 301-279-0780
Fax: 301-279-2988

*********************************************************
The information contained in this communication is confidential, may be attorney-client privileged, and is intended only for the use of the addressee. It is the property of King & Attridge. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify me immediately by return e-mail or by e-mail to pjattridge@kingattridge.com, and destroy this communication and all copies thereof, including all attachments. Thank you.
*********************************************************

On 12/3/2007 9:53 AM, Cowdery, Joshua wrote:

> Hello Patrick

5/21/2008

I am working with Alyssa Lareau on the Post matter. We recently had our vendor pick up 14 boxes from your law firm. The vendor has completed scanning the documents and would like to return the originals. Should the vendor contact you directly or is there another person at your firm that the vendor should contact? Please let me know. Thanks.

Joshua Cowdery
Litigation Case Coordinator
Fried, Frank, Harris, Shriver & Jacobson LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Work: 202-639-7368   Cell: 240-505-9103

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

STATEMENT OF CONFIDENTIALITY AND PRIVILEGE

This e-mail transmission, which includes its attachments, if any, is intended for a particular confidential and/or attorney-client or work product privileged material. If you are not the nam transmission has been addressed to you in error, or it is otherwise not clear that you are the authorized agent), you are hereby notified that you have received this e-mail transmission in e disclosure, distribution, dissemination, copying, printing, maintaining, saving, or other use c strictly prohibited. Delivery of this e-mail transmission to any person other than the intended way to waive privilege or confidentiality. If you have received this e-mail transmission in err immediately by reply e-mail to the sender and permanently delete the e-mail transmission and it

This e-mail transmission and any attachments are believed to have been sent free of any virus c computer system into which it is received and opened. It is, however, the recipient's responsib transmission and any attachments are virus free, and Jorden Burt LLP accepts no responsibility arise from their use.

5/21/2008