UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUAL RIGHTS CENTER**, <br><br> Plaintiff, <br><br> v. <br><br> **POST PROPERTIES, INC.**, *et al*, <br><br> Defendants. | Civil Action No. 06-1991(RJL)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court are Plaintiff Equal Rights Center's ("ERC") Motion to Take the Deposition of RTKL Associates, Inc. Outside of the Discovery Period [84], Defendants' Response and Opposition [87], and Plaintiff's Reply [91].

I.   **Background**

This case involves allegations that Defendants engaged in "ongoing and systematic violations" of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*. (Compl. ¶ 2.)  Specifically, ERC alleges that Post violated these civil rights statutes in the "design, construction and/or operation of covered multifamily dwellings, including residential complexes" in various states and the District of Columbia. (*Id*.)  ERC, a non-profit organization focusing on civil rights issues, asserts that it "tested" twenty-seven Post properties and discovered FHA and ADA violations in the properties'

---

[1] United States District Judge Richard J. Leon referred this matter to the undersigned Magistrate Judge for non-dispositive motions, pursuant to Local Civil Rule 72.2(a).  (*See* Minute Order dated 10/29/07.)

construction and design. (Compl.¶¶ 7, 18, 21.)

On September 27, 2007, Plaintiff issued a subpoena for documents to RTKL Associates, Inc. ("RTKL"), an architectural firm that designed multiple Post properties. (Pl.'s Mot. [84] ¶ 6-7; Pl.'s Reply [91] ¶ 2.) RTKL began producing documents on a rolling basis in January 2008. (Pl.'s Reply ¶ 2.) On April 15, Plaintiff's issued a subpoena to RTKL for a 30(b)(6) deposition on April 30. (Pl.'s Mot. ¶ 1.) Two days before the deposition, counsel for RTKL notified Plaintiff's counsel that RTKL was not prepared to provide a designee to testify on April 30. (*Id.* ¶ 2.) Defendants would not consent to Plaintiff taking this deposition after April 30, which was the deadline for fact discovery. (*Id.* ¶ 4.) Accordingly, Plaintiff filed the instant motion, asking the Court to allow it to depose RTKL's 30(b)(6) designee outside of the fact discovery period.

**II.     Discussion**

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order, including one setting the date for the completion of discovery, "may be modified only for good cause."[2] FED. R. CIV. P. 16(b)(4). The primary consideration in the "good cause" analysis is whether the party seeking the amendment was diligent in obtaining the discovery sought during the discovery period. *Dag Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005). An additional, yet secondary, consideration is "the existence or degree of prejudice to the party opposing the modification." *Id.* (*quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

---

[2] Because Plaintiff merely seeks to depose RTKL after the close of fact discovery when the deposition was properly noticed before the discovery deadline, Plaintiff is not technically seeking a modification of the scheduling order. Nonetheless, Rule 16 provides a sound framework for evaluating Plaintiff's request.

The Court finds that Plaintiff has established good cause to take RTKL's deposition outside of the discovery period because Plaintiff was diligent in pursuing discovery from RTKL. On April 15, 2008, Plaintiff issued a subpoena to RTKL to appear for a deposition on April 30, 2008. Although the subpoena was served near the end of the fact discovery period, it is clear that Plaintiff intended to depose RTKL within the discovery deadlines set by the trial court. Moreover, it was counsel for RTKL - rather than Plaintiff - who caused the deposition to be postponed. Based on these facts, the Court concludes that Plaintiff was diligent in pursuing discovery from RTKL and accordingly has established the requisite good cause for a modification of the scheduling order.[3]

Additionally, the Court finds that any prejudice to Defendants would be minimal. Defendants assert that they would be prejudiced because "[d]iscovery deadlines serve the purpose of 'mov[ing] the case expeditiously forward from the end of discovery, through dispositive motions, to pre-trial and trial.'" (Def.'s Opp'n [87] at 5 (*quoting Coles v. Perry*, 217 F.R.D. 1, 5 (D.D.C. 2003).) This argument is unpersuasive because this case is still months away from dispositive motions or trial. In fact, the trial court recently extended the deadline for expert discovery until October 28 and the deadline for dispositive motions until December 5. (Minute Order dated 5/7/08.) Defendants further assert that they would be prejudiced by the "potential for expanded document production" by RTKL outside of the fact discovery period. (Def.'s Opp'n at 6.) While RTKL's failure to comply with Plaintiff's documents requests in a timely

---

[3] Defendants argue that "ERC has not been diligent in its pursuit of discovery related to RTKL" because "ERC had plenty of time to take the deposition of RTKL and instead waited until the end of the discovery period to unilaterally notice a deposition for the last day of discovery." (Def.'s Opp'n at 4.) The Court recognizes that, in some circumstances, the decision to delay a deposition until the last day of discovery may evidence a lack of diligence. In this case, however, it is possible that the delay can be attributed to RTKL's failure to produce documents in a timely manner and not to Plaintiff's lack of diligence.

fashion is troubling, it should not be imputed to Plaintiff.  Accordingly, the Court finds that prejudice to Defendants is not an adequate basis for denying Plaintiff's motion.

### III.   Conclusion

For the foregoing reasons, it is this   27th   day of May, 2008, hereby

**ORDERED** that Plaintiff's Motion to Take the Deposition of RTKL Associates, Inc. Outside of the Discovery Period [84] is granted; and it is further

**ORDERED** that the deposition of RTKL's 30(b)(6) designee shall take place at a mutually agreeable date and time on or before June 20, 2008.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE