UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUAL RIGHTS CENTER**, <br><br> Plaintiff, <br><br> v. <br><br> **POST PROPERTIES, INC.**, *et al*, <br><br> Defendants. | Civil Action No. 06-1991(RJL)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court are Defendants' Motion to Compel Production of Documents and Deposition Testimony (filed under seal), Plaintiff's Opposition (filed under seal) and Defendants' Reply [90].  For the reasons set forth below, Defendants' Motion to Compel is granted-in-part and denied-in-part.

**I.      Background**

This case involves allegations that Defendants engaged in "ongoing and systematic violations" of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*.  (Compl. ¶ 2.)  Specifically, Plaintiff Equal Rights Center ("ERC" or "Plaintiff") alleges that Defendants violated these civil rights statutes in the "design, construction and/or operation of covered multifamily dwellings, including

---

[1] United States District Judge Richard J. Leon referred this matter to the undersigned Magistrate Judge for non-dispositive motions, pursuant to Local Civil Rule 72.2(a).  (*See* Minute Order dated 10/29/07.)

residential complexes" in various states and the District of Columbia. (*Id*.) Plaintiff, a non-profit organization focusing on civil rights issues, asserts that it "tested" twenty-seven Post properties and discovered FHA and ADA violations in the properties' construction and design. (Compl.¶¶ 7, 18, 21.)

In advance of the April 30, 2008 fact discovery deadline, Defendants filed the instant Motion to Compel, highlighting alleged deficiencies in Plaintiff's Supplemental Responses to Defendants' First Set of Interrogatories, Plaintiff's Responses to Defendants' First Document Requests, and the deposition testimony of Plaintiff's 30(b)(6) designees. Defendants assert that Plaintiff failed to provide relevant information and documents regarding Plaintiff's testing methodologies and grant funding. (Def.'s Mem. Supp. Mot. Compel ("Def's Mem.") at 4, 8.) Specifically, Defendants argue that Plaintiff improperly instructed its 30(b)(6) designees not to answer deposition questions regarding tests that Plaintiff conducted. (*Id*. at 2.) Defendants also object to Plaintiff's production of redacted internal e-mails and memoranda relating to Plaintiff's budgeting and expenses for Post inspections and testing, arguing that they are entitled to non-redacted copies. (*Id*. at 13.)

As a remedy for these alleged deficiencies, Defendants ask this Court to order Plaintiff to produce the following:

    1.    All of ERC's applications in non-redacted forms for grant funding from HUD or private entities;

    2.    All communications in non-redacted form between Plaintiff and HUD or Plaintiff and any other entity regarding ERC's performance under a grant;

    3.    All communications in non-redacted form between Plaintiff and HUD or Plaintiff and any other entity regarding a decision whether to award or deny a grant to Plaintiff;

2

    4.    Non-redacted quarterly and monthly grand funding reports to HUD; and

    5.    Non-redacted e-mails and internal memoranda related to Plaintiff's inspections and testing of Post properties.

(Def.'s Proposed Order at 1-2.) Defendants also ask this Court to order Plaintiff to "produce for re-deposition, at Plaintiff's cost and expense, within 15 days all witnesses previously precluded from testifying regarding Plaintiff's investigations and testing methodologies." (*Id*. at 2.) Finally, Defendants seek the costs and expenses they incurred in bringing this Motion to Compel. (*Id*.)

## II. Discussion

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The scope of discovery under Rule 26 is broad; "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. If a deponent fails to answer a deposition question or a party fails to produce documents for inspection in response to a document request, the "party seeking discovery may move for an order compelling an answer . . . or inspection." FED. R. CIV. P. 37(a)(3)(B)(i), (iv).

### A. Testing Methodologies

During the depositions of Plaintiff's 30(b)(6) designees, Defendants asked questions about ERC's investigation and testing methodologies, and, on several occasions, Plaintiff instructed the witnesses not to answer on the grounds that the information sought was not

relevant and/or the questions sought confidential information. (Def.'s Mem. at 4.) For example, in response to a question about testing methodologies, Plaintiff's counsel indicated that Plaintiff would not allow the witness "to testify as to testing methodology in general." (Def.'s Mot., Ex. 5, Hawkins Dep. Tr. at 51.) Plaintiff does not dispute that information about testing that ERC performed at Post properties, including the methodology for accessible design and construction ("ADC") tests, is relevant to this litigation. (*See* Pl.'s Opp'n at 2, 5.) In fact, after Plaintiff's counsel indicated that the witness would not answer general questions about testing methodologies, she stated that Plaintiff would allow the witness "to testify what she knows about the testing with respect to Post." (Def.'s Mot., Ex. 5, Hawkins Dep. Tr. at 51.) Plaintiff only seeks to prevent Defendants from obtaining discovery about non-ADC testing methodologies[2] and information relating to ongoing investigations. (*Id*. at 5.)

      The Court finds that Defendants have not met their burden of establishing that information about non-ADC testing methodologies or tests conducted at properties not owned by Post is reasonably calculated to lead to the discovery of admissible evidence. While Plaintiff's ADC testing methodologies and tests that Plaintiff performed at Post properties are discoverable, Plaintiff asserts that it has "already has provided full and complete information about its standard methodology for ADC testing, as well as the specific testing performed on Post properties in 2004 and 2006." (Pl.'s Opp'n at 6.) Because this is the only testing information relevant to Plaintiff's claims, the Court will not order Plaintiff to produce its 30(b)(6) witnesses for a second

---

[2] ADC testing, in which "testers pos[e] as potential renters with a disabled relative who take certain physical measurements and photographs," is only one type of testing that Plaintiff performs. (Pl.'s Opp'n at 7.) Others types of testing include race based lending tests and tests that seek to uncover discrimination against families with children. (*Id*.)

deposition.[3]

### B.     Grant Funding

Defendants claim that "ERC has refused to produce documents related to ERC's grant funding and attempts to secure grant funding unsuccessfully" in response to Interrogatories Nos. 16 and 17 and Request for Production No. 12.[4]  (Def.'s Mem. at 8.)  Plaintiff represents that through document productions that occurred as recently as May 7, 2008, "ERC has provided information relating to grants received from 2006 to the present" from the Department of Housing and Urban Development ("HUD") and other agencies.  (Pl.'s Opp'n at 10.)  Defendants do not contest the adequacy of this production, but rather argue that they are entitled to receive information about grants that Plaintiff received before 2006.  (Def.'s Reply at 8.)  Plaintiff responds that "[i]nformation for funding applied for or received prior to 2006 is irrelevant" because Plaintiff "is only seeking damages from the time period beginning March 1, 2006 and continuing through the present."  (Pl.'s Opp'n at 10.)

ERC's grant funding is relevant to Plaintiff's claim that Plaintiff has been forced "to divert significant and scarce resources to identify, investigate, and counteract Post's

---

[3] Plaintiff also seeks to prevent discovery of this information on the grounds that it constitutes confidential proprietary information.  (Pl.'s Opp'n at 8-9.)  Because the Court has found that the information is not discoverable because it is not relevant, the Court need not express an opinion on whether this information may be withheld on this alternate basis.

[4] Interrogatory No. 16 seeks "any application for funding of ERC activities or reports or documents filed with, or funding determinations received from, the United States Department of Housing and Urban Development ('HUD') or any other federal, state, or local government agency or official relating to fair housing or disabilities issues." (Def.'s Mot. at 8.)  Interrogatory No. 17 asks Plaintiff to identify "each and every source of revenue the ERC has received (and the dollar amount) since November 21, 2002, from federal, state and local government grants and donations in excess of $100.00 in case or 'in kind' donations or services and identify all documents to support such statements."  (*Id*.)  Request for Production No. 12 seeks all documents that are "referred to, identified in, or that are otherwise responsive to" Defendants' Interrogatories.  (Def.'s Mot. Ex. 2 at 6.)

discriminatory practices." (Compl. ¶ 44.) The only remaining question is whether pre-2006 grant information is discoverable. Plaintiff began testing Post properties in 2004 as "part of a systematic industry wide survey," but the tests that form the basis for Plaintiff's Complaint in the instant case took place in 2006.[5] (Pl.'s Opp'n at 6 n.2.) Because Plaintiff was directing resources toward the investigation of Post properties as early as 2004, the Court will order Plaintiff to provide information about grant funding that is responsive to Interrogatories Nos. 16 and 17 and Request for Production No. 12 from January 1, 2004 until the present.

### C. Redacted Documents

Because the HUD documents that Plaintiff has already produced to Defendants contain what Defendants consider to be "significant redactions," Defendants are seeking non-redacted versions of these documents. (Def.'s Mem. at 12.) Plaintiff responds that the redacted material is irrelevant to its claims because "it bears no relation to Post or the type of testing undertaken at Post properties." (Pl.'s Opp'n at 12.) Defendants also seek non-redacted copies of e-mails and memoranda that Defendants believe contain information about budgeting and expenses for Post inspections and testing. (Def.'s Mem. at 13.) Plaintiff responds that "the majority of the information redacted relates to information about ongoing investigations or other developers tested by the ERC." (Pl.'s Opp'n at 13.)

The Court will not conduct a document-by-document review of the HUD reports and internal correspondence in a search for potentially relevant material. However, to the extent that

---

[5] Paragraph 18 of Plaintiff's Complaint states that ERC tested twenty-seven Post properties during 2005 and 2006. (Compl. ¶ 18.) Plaintiff now admits that this was a mistake, and that all twenty-seven tests occurred in 2006. (Pl.'s Opp'n at 11 n.5.)

any of the redacted material relate to Plaintiff's ADC testing methodologies, Plaintiff's testing of Post properties, or Plaintiff's budgeting and expenses for January 1, 2004 to the present, Plaintiff shall produce non-redacted copies. Plaintiff need not produce information about its finances before 2004 or information about testing that occurred at non-Post properties.

### III.   Conclusion

For the foregoing reasons, it is this 30th day of May, 2008, hereby

**ORDERED** that Defendants' Motion to Compel Production of Documents and Deposition Testimony is **granted-in-part and denied-in-part**; and it is further

**ORDERED** that Plaintiff supplement its responses to Interrogatories Nos. 16 and 17 and Request for Production No. 12 within ten days of this Memorandum Order; and it is further

**ORDERED** that Plaintiff produce non-redacted versions of (1) all HUD reports that have already been produced or that will be produced consistent with this Memorandum Order, and (2) all internal ERC e-mails and memoranda that have already been produced, to the extent that any of the redacted material relates to Plaintiff's ADC testing methodologies, testing of Post properties, or Plaintiff's budgeting and expenses for January 1, 2004 to the present; and it is further

**ORDERED** that Defendants' request for costs and expenses is **denied**.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE