UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EQUAL RIGHTS CENTER**,<br><br>    Plaintiff,<br><br>    v.<br><br>**POST PROPERTIES, INC.**, *et al*,<br><br>    Defendants. | Civil Action No. 06-1991(RJL)(AK) |

**MEMORANDUM ORDER**

Pending before the Court are Defendants' Motion for Leave to Exceed Duration for Deposition of Rebecca Crootof [82], Plaintiff's Opposition (filed under seal), and Defendants' Reply (filed under seal). For the reasons set forth below, Defendants' Motion is granted-in-part.

**I.    Background**

This case involves allegations that Defendants engaged in "ongoing and systematic violations" of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*. (Compl. ¶ 2.) Specifically, Plaintiff Equal Rights Center ("Plaintiff") alleges that Defendants violated these civil rights statutes in the "design, construction and/or operation of covered multifamily dwellings, including residential complexes" in various states and the District of Columbia. (*Id*.) Plaintiff, a non-profit organization focusing on civil rights issues, asserts that it "tested" twenty-seven Post properties and discovered FHA and ADA violations in the properties' construction and design. (Compl.¶¶

1

7, 18, 21.)

Rebecca Crootof is a Senior Project Coordinator at the Equal Rights Center and, in that capacity, "was primarily responsible for the investigation and testing conducted by the ERC with respect to Post Properties, Inc.'s [ ] apartment and condominium complexes" in 2006. (Crootof Decl. [82-6] ¶ 1.) In addition to testing twenty-seven Post properties prior to Plaintiff filing its Complaint, Ms. Crootof has assisted Plaintiff's expert in collecting data during on-site inspections of these properties in 2008. (Def.'s Mem. Supp. Mot [82] ("Def.'s Mem.") at 3.) Ms. Crootof testified as Plaintiff's 30(b)(6) designee during a deposition on October 18, 2007 and Defendants recently deposed her for one day in her individual capacity. (Def.'s Mem. at 4 n.3; Def.'s Reply at 1.)

II.     **Discussion**

Federal Rule of Civil Procedure 30 sets seven hours as the presumptive maximum length for a deposition. FED. R. CIV. P. 30(d)(1). The Rule further provides that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." *Id*. However, the Court need not allow additional time if "the discovery sought is unreasonably cumulative or duplicative" or if "the burden or expense [of the additional time] outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(C)(i), (iii).

In this case, Defendants have already deposed Ms. Crootof once as Plaintiff's 30(b)(6) designee and once in her individual capacity. They now seek to depose her for two additional seven-hour days in her individual capacity on the grounds that such additional time is necessary

for them "[t]o fairly and adequately examine [her]."[1] (Def.'s Mem. at 4.) Specifically, Defendants seek to depose Ms. Crootof for one day on the pre-filing testing that she conducted and one day on her personal knowledge of tests and inspections that occurred after Plaintiff filed its Complaint. (Def.'s Reply at 3, 5.) Plaintiff has offered to make Ms. Crootof available for one additional day of deposition in her personal capacity, but Defendants have rejected this proposal. (Pl.'s Opp'n at 2.)

Defendants have not established that two additional days of deposition are necessary to fairly examine Ms. Crootof. They have already deposed the witness for two full days - once as a 30(b)(6) designee and once in her personal capacity - and questioned her about Plaintiff's pre-Complaint testing of Post properties. (Def.'s Reply at 3-4.) This leads the Court to conclude that Defendants have already had a reasonable opportunity to explore the issue of pre-Complaint testing. The only remaining topic of questioning is Plaintiff's post-Complaint testing, which Defendants estimate will take seven hours. Defendants have not persuaded the Court that, if they use their time effectively and efficiently, it will be impossible to cover the remaining areas of inquiry - including any remaining questions about pre-Complaint testing - during this seven hour period. For these reasons, and in light of Plaintiff's proposal, the Court will allow Defendants to depose Ms. Crootof for one additional seven-hour day.

### III. Conclusion

For the foregoing reasons, it is this  2nd  day of June, 2008, hereby

---

[1] When Defendants initially filed their Motion, they asked this Court to allow them to depose Ms. Crootof for three days. (Def.'s Mem. at 5.) Because Defendants subsequently deposed Ms. Crootof for one day, Defendants are now asking this Court to allow them to depose Ms. Crootof for two additional days. (Def.'s Reply at 3, 5.)

**ORDERED** that Defendants' Motion for Leave to Exceed Duration for Deposition of Rebecca Crootof [82] is **granted-in-part**.  Defendants shall have one additional seven-hour day in which to depose Ms. Crootof in her individual capacity.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE