UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| EQUAL RIGHTS CENTER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Case No. 06cv1991 (RJL) |
| POST PROPERTIES, INC. and POST GP HOLDINGS, INC. and POST APARTMENTS HOMES, L.P., | ) ) ) ) ) | |
| Defendants, | ) ) | |

MEMORANDUM ORDER
(July 28, 2011)

FILED
JUL 2 8 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

On June 16, 2010, while on appeal, the Equal Rights Center ("ERC") moved the United States Court of Appeals for the D.C. Circuit to unseal portions of the record previously sealed by this Court. Appellant's Motion to Unseal Portions of the Record, *Equal Rights Center v. Post Properties, Inc.*, No. 09-5359 (D.C. Cir., June 16, 2010), ECF No. 1250364. In response, the Post Properties defendants ("Post"), who did not object to ERC's motion, further moved the Court to unseal various additional documents in the record. Appellees' Response and Motion to Unseal Additional Portions of the Record, *Equal Rights Center*, No. 09-5359 (D.C. Cir., June 25, 2010), ECF No. 1251923 ("Post's Mot. Unseal"). ERC opposed Post's motion to unseal these additional documents claiming that the documents contained confidential and proprietary information. Appellant's Reply and Response to Post's Mot. Unseal, *Equal Rights*

1

*Center*, No. 09-5359 (July 8, 2010), ECF No. 1253895 ("ERC's Opp'n"). On September 2, 2010, our Circuit Court issued an order in which it referred the question of whether the documents should be unsealed to this Court. Order, *Equal Rights Center*, No. 09-5359 (D.C. Cir., Sept. 2, 2010), ECF No. 1263954 ("Order"). In particular, the Circuit Court specified that the documents in question include: (1) Post's Memorandum in Support of Motion to Strike (Mar. 20, 2009), ECF No. 163 ("Memorandum"); (2) exhibits N through R attached thereto ("Exhibits N through R"); and (3) pages 72-73 of exhibit 37 to Post's Motion for Summary Judgment (Dec. 17, 2008), ECF No. 121-37. *See id.*

As an initial matter, Post *only* moves to unseal pages 72-73 of exhibit 37 to defendants' motion for summary judgment *if* those pages were included in the record submitted to this Court. Post's Mot. Unseal at 5. Having reviewed the record, this Court finds that those pages were *not* included in exhibit 37 to defendants' motion for summary judgment.[1] Post's Mot. Summ. J., Ex. 37 (Dec. 17, 2008), ECF. No. 121-37. Thus, as those pages are not in the record, this Court need not, and indeed cannot, address whether they are appropriately sealed.

The determination of whether to unseal the remaining documents must be assessed in accordance with the factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). In *Hubbard*, our Circuit Court outlined six factors that this Court

---

[1] Exhibit 37 consists of excerpts from the May 30, 2008 deposition of Donald L. Kahl. These excerpts do not include pages 72-73. The Courts notes, however, that exhibit 36 to defendants' motion for summary judgment, which consists of excerpts from the April 23, 2008 deposition of Donald L. Kahl, does contain pages numbered 72-73.

must weigh against the "strong presumption in favor of public access to judicial proceedings." *Johnson v. Greater SE Comm. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991) (citing *Hubard*, 650 F.2d at 317). Those factors are: (1) the need for public access to the documents at issue; (2) public use of the documents; (3) the fact of objection and identity of those objecting to disclosure; (4) the strength of the generalized property and privacy interests asserted; (5) the possibility of prejudice; and (6) the purpose for which the documents were introduced. *Hubbard*, 650 F.2d at 317-22.

Applying the *Hubbard* factors, I fail to see any reason to unseal both the Memorandum and Exhibits N through R at this time. On March 8, 2011 our Circuit affirmed this Court's ruling granting final judgment in favor of defendants, Judgment, *Equal Rights Center*, No. 09-5359 (D.C. Cir., Mar. 8, 2011), ECF No. 1296849. The need for public access is, therefore, highly diminished. *See Hubbard*, 650 F.2d at 317-18. Furthermore, ERC's strong objection weighs in favor of keeping the memorandum and exhibits under seal. *See id.* at 319-20. Nevertheless, Post argues, and this Court agrees, that there are no apparent property or privacy interests in the memorandum or exhibits themselves.[2] *See id.* at 320. That said, however, privacy interests are but one of many

---

[2] For instance, ERC cites to a reference to "Exhibit C" on page 3 of the memorandum, arguing that Exhibit C contains confidential identifying information relating to ERC's members. ERC's Opp'n at 4. But the reference to Exhibit 3 is a "see also" cite that contains no substantive information. Post's Mot. Strike at 3. The fact that Exhibit C exists is not alone confidential or proprietary. Indeed, ERC's discussion of Exhibit C in its unsealed response to Post's motion to unseal contains more information about Exhibit C than the memorandum itself. *See* ERC's Opp'n at 4. ERC also cites to the discussion of Kahn's deposition testimony. ERC's Opp'n at 4. But the discussion and quoted

3

factors that may weigh in favor of keeping the documents sealed. *See id.* at 317-22. Simply put, Post did not identify, and this Court does not find, any reason to unseal the documents at this time. *See id.* at 320-24.

Accordingly, it is hereby

**ORDERED** that Post's motion to unseal its memorandum in support of its motion to strike and exhibits N through R thereto is **DENIED;** and it is hereby

**ORDERED** that Post's motion to unseal pages 72-73 to its motion for summary judgment is **DENIED** as moot.

**SO ORDERED.**

[signature]
RICHARD J. LEON
United States District Judge

---

excerpts do not seem to contain any proprietary or confidential information. *See* Post's Mot. Strike at 3. Indeed, the information in the quoted excerpts pertains to the number of ERC members, information that is available online in ERC's public annual reports. Finally, ERC argues that the memorandum contains a discussion of various exhibits to the Declaration of Alyssa Lareau that were filed under seal. ERC's Opp'n at 4-5. Again, nothing in the discussion appears to this Court to be confidential or proprietary. *See* Post's Mot. Strike at 8-19.